BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: CASH SWEEP PROGRAMS
CONTRACT LITIGATION

MDL: 3136

MEMORANDUM OF UBS FINANCIAL SERVICES INC.
IN OPPOSITION TO MDL PLAINTIFFS' MOTION FOR TRANSFER
AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407

UBS Financial Services Inc. ("UBS") respectfully submits this memorandum in opposition to a motion (the "Motion") of Safron Capital Corp. and Brickman Investments Inc. (the "MDL Plaintiffs"), under purported authority of 28 U.S.C. § 1407, to transfer and consolidate at least 31 factually distinct actions (the "Pending Actions") against 12 separate and unrelated financial service firms ("Defendants") that are already being litigated in their respective jurisdictions. Each Pending Action involves *unique* contractual agreements and disclosures between Defendants and the plaintiffs in the various Pending Actions related to *unique* "cash sweep" programs separately and independently promulgated, disclosed, and administered by each Defendant exclusively for their respective advisory and brokerage clients.

As set forth below, there are few, if any, "common questions of fact" among the Pending Actions, and the transfer and consolidation of the Pending Actions will not further "the convenience of the parties" or the "just and efficient conduct" of the actions. Accordingly, the Motion fails to meet any of the three requirements set forth in Section 1407(a) and should be denied.

## PROCEDURAL HISTORY

UBS is named as a defendant in two Pending Actions in the United States District Court for the Southern District of New York (*Goldsmith* and *Davitt*) that are being actively litigated before U.S. District Judge Gregory H. Woods and U.S. Magistrate Judge Gabriel W. Gorenstein,

and which are already consolidated under Rule 42(a) of the Federal Rules of Civil Procedure. *Goldsmith* was filed on August 22, 2024. *See Goldsmith v. UBS Financial Servs. Inc.,* 24-CV-6354 (S.D.N.Y.) ("*Goldsmith*") at Dkt. 1. *Davitt* was filed on September 3, 2024. *See Davitt v. UBS Financial Servs. Inc.,* 24-CV-6692 (S.D.N.Y.) ("*Davitt*") at Dkt. 1. By order dated November 1, 2024, the Court appointed three law firms as Interim Class Counsel, *see Goldsmith* at Dkt. 30, and thereafter endorsed the parties' joint stipulation for filing of a consolidated amended complaint and threshold motion briefing. *Id.* at Dkt. 30, 31. An initial case management conference is set for **Thursday, January 9, 2025**. *Id.* at Dkt. 32.[1]

According to the Motion, the MDL Plaintiffs have brought putative class action claims against three unrelated financial services companies (Bank of America, Morgan Stanley, and Wells Fargo), each of which post-dates the filing of the *Goldsmith* and *Davitt* actions. *See* Motion at Dkt. 1-2. The Motion does not allege that the MDL Plaintiffs have any relevant relationship, adverse or otherwise, with UBS.

## **LEGAL STANDARD**

Section 1407 authorizes the coordination or consolidation of cases based on "common questions of fact," whereas "transfer is inappropriate in cases involving common legal questions and disparate factual issues." *Multidistrict Litig. Manual*, § 5:4 (where common issues are "primarily legal in nature . . . the Panel is nearly certain to conclude that transfer is not appropriate") (citing cases); *In re Supplemental Nutrition Assistance Program Litig.*, 619 F. Supp. 3d 1348, 1348 (J.P.M.L. 2022) (denying centralization where the principal common questions were "legal rather than factual" and where factual questions were "largely [case]-

---

[1] UBS also notes that it has been named in one putative class action regarding its "sweeps" program filed after the MDL motion. *See DM Cohen, Inc. v. UBS Financial Servs. Inc.*, No. 1:24-cv-5226-SDG (N.D. Ga.).

specific"); *In re: Bank of America Home Affordable Modification Program (HAMP) Cont. Litig.*, 746 F.Supp.2d 1359, 1361 (J.P.M.L. 2010) (transfer unwarranted where "individual issues of fact" predominate); *In re Asbestos School Products Liability Litig.*, 606 F. Supp. 713, 714 (J.P.M.L. 1985) (same).

## ARGUMENT

### I. The Pending Actions Do Not Share Common Questions of Fact.

Defendants each promulgated, disclosed, and administered unique "cash sweep" programs governed by unique customer agreements and disclosures, exclusively for their respective banking and brokerage clients. Accordingly, there are no meaningful "common questions of fact" warranting consolidation under Section 1407(a).

For example, plaintiff in *Goldsmith* allegedly opened retail brokerage accounts with UBS from which cash balances were allegedly swept into UBS's "Insured Sweep Program" since 2021. *Goldsmith*, Dkt. 1 at ¶¶ 5–6. 30. UBS allegedly paid a specific tiered interest rate dependent upon the specific balance maintained in the relevant UBS accounts. *Id.* at ¶ 19. Plaintiff in *Davitt* likewise allegedly maintained retail brokerage accounts with UBS from which cash balances were allegedly swept into one or more affiliated banks. *Davitt*, Dkt. 1 at ¶ 11. Plaintiffs in *Goldsmith* and *Davitt* allege that UBS's "cash sweep" program violated fiduciary duties allegedly owed to UBS's customers, and assert other common law and statutory claims, *see Goldsmith,* Dkt. 1 at ¶¶ 75–87; *Davitt*, Dkt. 1 at ¶¶ 54–89, based on (among other things) the specific contractual agreements and disclosures made by UBS to its customers. *See, e.g.*, *Davitt*, Dkt. 1 at ¶¶ 21–41.

Adjudication of the claims made in *Goldsmith* and *Davitt* will involve consideration of, among other things, the language of the relevant contracts and disclosures between UBS and its customers. This inquiry simply does not raise any meaningful "common questions of fact"

3

warranting consolidation of these cases with the other Pending Actions against other unrelated Defendants under Section 1407(a).

The Motion does not seriously contend otherwise. While the MDL Plaintiffs assert, in conclusory form, that the Pending Actions raise seven "common factual and legal questions," *see* Motion at 4, the cursory nature of this list, and disjunctive use of "legal," fall far short of the showing required under Section 1407(a). Contrary to the *ipse dixit* in the Motion, if the Pending Actions survive threshold motion practice based on individualized issues raised by the unique contractual agreements and disclosures applicable to each Defendants' relationship with its own customers, individualized discovery would then be needed on each of the seven "factual and legal" issues proposed by the MDL Plaintiffs. This need for individualized discovery "tilts the balance against centralization." *In re CVS Caremark Corp. Wage and Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377 (J.P.M.L. 2010) (citing *In re: Rite Aid Corp. Wage and Hour Emp't Practices Litig.*, 655 F. Supp. 2d 1376, 1377); *In re Baby Food Mktg., Sales Practices & Prod. Liab. Litig.*, 544 F. Supp. 3d 1375 (J.P.M.L. 2021).

While the MDL Plaintiffs rely on a slew of inapplicable antitrust cases, *see, e.g.*, Motion at 3, the Pending Actions involves "no allegations of conspiracy and no defendant is named in an action alongside a [bank] competitor." *In re Secondary Ticket Market Refund Litigation*, 844 F. Supp. 2d 1377 (J.P.M.L. 2012) (citation omitted). "Nor is this a situation where all parties support centralization." *See In re Benzoyl Peroxide Marketing, Sales Practices and Prods. Liab. Litig.*, 2024 WL 3629067 (Mem), at *2 (JPML Aug. 1, 2024). Rather, each plaintiff's alleged injury is traceable to each Defendants' individually-designed sweep program. *Id.*[2]

---

[2] Transfer is particularly unwarranted for "requests to centralize claims filed against multiple defendants who are competitors in a single MDL because it often will not promote judicial

4

Absent common questions of fact, the Motion should be denied.

## II. Considerable Consolidation Efforts Already Promote Just and Efficient Conduct.

Centralization under Section 1407 "should be the last solution after considered review of all other options." *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) (quoting *In re Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011)). "[W]here a reasonable prospect exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 characterization." *Id.*; *In re ATM Interchange Fee Antitrust Litig.*, 350 F. Supp. 2d 1361 (JPML 2004). Moreover, for cases involving competing defendants and without overlapping factual claims, such as this one, the Panel recently endorsed "defendant-specific 'hubs'" as likely the most efficient means of moving litigation toward resolution. *See In re Benzoyl Peroxide*, 2024 WL 3629067, at *2.

Here, the underlying parties have already taken significant steps to consolidate proceedings outside of the MDL process, with the majority of cases already collected by the parties into a single district, typically proximate to Defendants' headquarters. *See* Dkt. 1-2 (three of four actions against Ameriprise in District of Minnesota; three of four actions against Schwab in Central District of California; four actions against LPL Financial in Southern District of California; four of six actions against Wells Fargo in Northern District of California). Several scheduled Pending Actions, including those against Wells Fargo and UBS, have been further consolidated under Rule 42(a) of the Federal Rules of Civil Procedure, for "just and efficient" conduct and the convenience of the parties, and further transfer and consolidation proceedings are pending. *See, e.g.*, *Lourenco*

---

efficiency or serve the convenience of the parties and witnesses." *In re Secondary Ticket*, 844 F. Supp. 2d at 1346; *In re Benzoyl Peroxide*, 2024 WL 3629067, at *2.

*v. Ameriprise Fin., Inc.*, No. 2:24-cv-08825-MRA-KS (C.D. Cal.) at Dkt. 26; *Chakravarthy v. Wells Fargo & Co.*, No. 2:24-cv-08831-FMO-BFM (C.D. Cal.) at Dkt. 19; *Brickman Investments Inc. v. Wells Fargo & Co.*, No. 1:24-cv-07751-AS (S.D.N.Y.) at Dkt. 17. There is simply no need for consolidation under Section 1407(a) in these circumstances.

WHEREFORE, Defendant UBS Financial Services respectfully requests that the Panel deny Plaintiff's motion for transfer and consolidation.

Dated: November 27, 2024

Respectfully submitted,

By: */s/ David L. Goldberg*

David L. Goldberg
**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza
New York, New York 10020
Tel.: (212) 940-6787
Fax: (212) 940-8776
david.goldberg@katten.com

Attorney for Defendant,
UBS Financial Services Inc.

**PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that a copy of the forgoing Memorandum of UBS Financial Services Inc. in Opposition to MDL Plaintiffs' Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 and this Proof of Service were electronically filed with the Court's Office using the Court's CM/ECF system and served upon all counsel of record by this Court's CM/ECF system.

Dated: November 27, 2024

Respectfully submitted,

By: */s/ David L. Goldberg*

David L. Goldberg
**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza
New York, New York 10020
Tel.: (212) 940-6787
Fax: (212) 940-8776
david.goldberg@katten.com

Attorney for Defendant,
UBS Financial Services Inc.