# **Exhibit 7**

| | |
|---|---|
| 1 | MEAGHAN VERGOW* |
| | mvergow@omm.com |
| 2 | BRIAN BOYLE (126576) |
| | bboyle@omm.com |
| 3 | SHANNON BARRETT** |
| | sbarrett@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| | 1625 Eye Street, NW |
| 5 | Washington, DC 20006-4061 |
| | Telephone: +1 202 383 5300 |
| 6 | Facsimile: +1 202 383 5414 |
| 7 | JORGE DENEVE (198855) |
| | jdeneve@omm.com |
| 8 | O'MELVENY & MYERS LLP |
| | 400 South Hope Street, 19th Floor |
| 9 | Los Angeles, CA |
| | Telephone: +1 213 430 6000 |
| 10 | Facsimile: +1 213 430 6407 |
| 11 | LAUREN WAGNER* |
| | lwagner@omm.com |
| 12 | O'MELVENY & MYERS LLP |
| | 1301 Avenue of the America, Suite 1700 |
| 13 | New York, NY 10019 |
| | Telephone: +1 212 326 2000 |
| 14 | Facsimile: +1 212 326 2061 |
| 15 | *Attorneys for Defendants* |
| 16 | *Pro Hac Vice application pending |
| 17 | **Pro Hac Vice application forthcoming |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TED LOURENCO, *Individually and On Behalf of all Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, LLC, AMERIPRISE FINANCIAL SERVICES, INC., and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,<br><br>Defendants. | Case No. 2:24-cv-08825-MRA-KS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: February 10, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Mónica Ramírez Almadani<br>Courtroom: 10B |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 10, 2025 at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Mónica Ramírez Almadani in Courtroom 10B of the above-entitled Court, located at 350 W. First Street, Los Angeles, California, Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, LLC and its corporate predecessor Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise" or "Defendants") will and hereby do move the Court to transfer the Complaint filed by Plaintiff Ted Lourenco, individually and behalf of all others similarly situated, to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a). Defendants base their motion to transfer on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities, Declaration of Lauren Wagner, and Declaration of Nickolas G. LaPlante; the pleadings in this action; and such other materials and evidence as may be presented to the Court. This motion is made following the L.R. 7-3 conference of counsel, which took place on November 1, 2024.

For the reasons explained in detail in the accompanying Memorandum of Points and Authorities, Defendants request that the Court grant their motion to transfer this case to the United States District Court for the District of Minnesota.

Dated: November 8, 2024

O'MELVENY & MYERS LLP
MEAGHAN VERGOW
BRIAN BOYLE
SHANNON BARRETT
JORGE DENEVE
LAUREN WAGNER

By: /s/ BRIAN BOYLE

*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

INTRODUCTION ..........................................................................................................1
FACTUAL BACKGROUND........................................................................................2
      A.    The Pending Consolidated Minnesota Case ........................................2
      B.    Plaintiff's Complaint...............................................................................3
      C.    The Parties' Meet and Confer Discussions............................................4
ARGUMENT..................................................................................................................5
I.    A TRANSFER UNDER 28 U.S.C. § 1404 IS MERITED UNDER THE FIRST-TO-FILE RULE ......................................................................5
II.    THE CONVENIENCE OF THE PARTIES AND WITNESSES INDEPENDENTLY FAVORS TRANSFER ...................................................8
III.    THE PENDING MDL MOTION SHOULD NOT DELAY A DECISION ON TRANSFER ..................................................................... 10
CONCLUSION........................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Alexander v. Franklin Res., Inc.*,
  2007 WL 518859 (N.D. Cal. Feb. 14, 2007) ............................................................ 10

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
  946 F.2d 622 (9th Cir. 1991) ..................................................................................... 5

*Bazraganian v. Mercedes-Benz USA, LLC*,
  2017 WL 4990517 (C.D. Cal. Oct. 31, 2017) ........................................................... 8

*Callaway Golf Co. v. Corp. Trade Inc.*,
  2010 WL 743829 (S.D. Cal. Mar. 1, 2010) ............................................................. 10

*Cedars–Sinai Med. Ctr. v. Shalala*,
  125 F.3d 765 (9th Cir. 1997) ..................................................................................... 6

*Cont'l Grain Co. v. The FBL585*,
  364 U.S. 19 (1960) ..................................................................................................... 9

*EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*,
  2017 WL 5635022 (C.D. Cal. June 8, 2017) ........................................................ 6, 9

*Fodor v. Berglas*,
  1994 WL 822477 (C.D. Cal. Dec. 27, 1994) ............................................................ 8

*Gray v. Gerber Prod. Co.*,
  2012 WL 4051186 (N.D. Cal. Sept. 12, 2012) ....................................................... 11

*Hatch v. Reliance Ins. Co.*,
  758 F.2d 409 (9th Cir. 1985) ..................................................................................... 8

*In re Regina Bozic*,
  888 F.3d 1048 (9th Cir. 2018) ............................................................................... 5, 6

*Inherent.com v. Martindale-Hubbell*,
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) ................................................................ 6, 8

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
  787 F.3d 1237 (9th Cir. 2015) ............................................................................... 5, 7

*Las Vegas 26 Holdings, LLC v. Churchill MRA Funding I, LLC*,
  2024 WL 3915151 (C.D. Cal. Aug. 14, 2024) .......................................................... 6

*Mehr v. Cap. One Bank USA N.A.*,
  2019 WL 2428768 (C.D. Cal. Jan. 4, 2019) .............................................................. 8

*Mussetter Distrib., Inc. v. DBI Beverage Inc.*,
  2009 WL 1992356 (E.D. Cal. July 8, 2009) ............................................................. 9

*Puri v. Heartside Food Sols. LLC*,
  2011 WL 6257182 (C.D. Cal. Dec. 13, 2011) .......................................................... 9

*Red v. Unilever U.S., Inc.*,
  2010 WL 11515197 (C.D. Cal. Jan. 25, 2010) ......................................................... 8

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed. Cir. 1997) ................................................................................. 9

*Ross v. U.S. Bank Nat'l Ass'n*,
  542 F. Supp. 2d 1014 (N.D. Cal. 2008) ..................................................................... 6

*Tortola Rests. LP v. Kimberly-Clark Corp.*,
   987 F. Supp. 1186 (N.D. Cal. 1997) .................................................................. 10

*Weisman v. Sw. Hotel Prop. Ltd. P'ship*,
   1992 WL 131080 (S.D.N.Y. June 1, 1992) ......................................................... 11

*Winningham v. Biomet Orthopedics, LLC*,
   2012 WL 3860806 (N.D. Cal. Aug. 31, 2012) .................................................... 12

*Young v. L'Oreal USA, Inc.*,
   526 F. Supp. 3d 700 (N.D. Cal. 2021) .................................................................. 7

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................................................ 6

28 U.S.C. § 1407(a) ...................................................................................................... 12

**RULES**

J.P.M.L. Rule 18 ............................................................................................................ 11

## INTRODUCTION

In this purported class action complaint against Ameriprise Financial, Inc., Ameriprise Financial Services, LLC and its corporate predecessor Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise" or "Defendants"), Plaintiff challenges two of Ameriprise's cash sweep programs (the "Sweep Programs") as unfair because they allegedly offer sweep interest rates that Plaintiff claims are below market. The gravamen of Plaintiff's claims is that (i) Ameriprise allegedly provides unreasonably low interest rates on swept cash, and (ii) the Sweep Programs are allegedly designed to enrich Ameriprise and its affiliated bank where cash is sometimes swept, at customers' expense. Plaintiff's claims have no merit. The terms of Ameriprise's Sweep Programs are fully disclosed in customers' account applications, agreements, and related disclosures, and Ameriprise's customers, like Plaintiff, choose Ameriprise's brokerage services among numerous other options in a highly competitive market that continuously affords customers like Plaintiff a broad range of alternatives.

But the Court need not, and should not, reach the merits of Plaintiff's class action claims. Plaintiff's claims are nearly identical to those made in two prior complaints filed months ago in Minnesota, which have since been consolidated for judicial efficiency in that forum. Moreover, the putative class that Plaintiff here purports to represent—a nationwide class of Ameriprise customers whose cash was swept into the Sweep Programs—is fully subsumed within the purported class of plaintiffs in the Minnesota case. Under these circumstances, Plaintiff's action should be transferred without delay to the District of Minnesota for further proceedings.

Transfer is warranted both under the judicially-created first-to-file rule and pursuant to the more general authority of 28 U.S.C. § 1404(a). This case and its earlier counterparts in the District of Minnesota allege the same supposed

wrongdoings, target the same defendants, and seek to represent the same putative class of Ameriprise customers. If this case were permitted to proceed separately in California (even to dismissal on Ameriprise's Rule 12 motion), it would unnecessarily tax judicial resources and could potentially lead to inconsistent rulings for the same purported classes of customers. And if the case proceeds to discovery here, it would impose needless expense and burden on Ameriprise, as the majority of likely witnesses are located in Minnesota. For these reasons, and as explained below, Ameriprise respectfully requests that the Court transfer this case to the District of Minnesota so that it can be addressed in coordination with the already-consolidated Minnesota litigation.

## FACTUAL BACKGROUND

### A. The Pending Consolidated Minnesota Case

On July 29, 2024, plaintiffs Susanne Mehlman and Joy Hultman filed a putative class action complaint (the "*Mehlman* Compl.") challenging Defendants' Sweep Programs in the District of Minnesota. *See* Declaration of Lauren Wagner ("Wagner Decl.") Ex. 1. On August 21, 2024, a second complaint (the "*Bender* Compl.") challenging the Sweep Programs was filed against Defendants in the District of Minnesota by plaintiff Mindy Bender (together with Mehlman and Hultman, the "Minnesota Plaintiffs"). *See* Wagner Decl. Ex. 2. On October 3, 2024, the two Minnesota complaints were consolidated before the Honorable Judge John R. Tunheim, who found that the two cases "involve a common question of law and fact and are brought on behalf of the same proposed class against the same defendants." Wagner Decl. Ex. 3, at 2.

On November 4, 2024, the Minnesota Plaintiffs filed a consolidated complaint against Defendants (the "Minnesota Consolidated Complaint"), superseding the allegations in the prior complaints. *See* Wagner Decl. Ex. 4. The Minnesota Consolidated Complaint combines the majority of the allegations in the prior Minnesota complaints, alleging that Ameriprise's sweep rates are below

market and unreasonable, and allegedly conflict with Defendants' supposed fiduciary and contractual duties. *See, e.g.*, *id.* ¶¶ 1–10.

### B. Plaintiff's Complaint

Nearly three months after the first sweep complaint against Ameriprise was filed, Plaintiff filed the instant case against Ameriprise challenging the same conduct that was the focus of the initial complaints in the original Minnesota cases and remains at the center of the now-consolidated Minnesota case. Like the Minnesota Plaintiffs, Plaintiff alleges that:

- The interest rate provided through Ameriprise's Sweep Programs is allegedly below market rates of interest. *See, e.g.*, Compl. ¶ 2; Minnesota Consol. Compl. ¶¶ 110–32; *Mehlman* Compl. ¶ 6.
- Defendants act as customers' agents and fiduciaries, and allegedly breached contractual and fiduciary duties to pay a reasonable rate of interest. *See, e.g.*, Compl. ¶ 2; Minnesota Consol. Compl. ¶¶ 76–84; *Mehlman* Compl. ¶¶ 108–14; 122–27; *Bender* Compl. ¶¶ 55–63; 77–85.
- Defendants allegedly placed customers' cash in their affiliated bank to enrich themselves and affiliates, at customers' expense. *See* Compl. ¶¶ 60–62; Minnesota Consol. Compl. ¶¶ 43–51; *Bender* Compl. ¶¶ 23, 29, 33.
- The alleged unreasonableness of Ameriprise's rates is demonstrated by rates offered by other sweep providers such as Vanguard and Fidelity. *See* Compl. ¶¶ 70–73; Minnesota Consol. Compl. ¶¶ 120, 121; *Mehlman* Compl. ¶ 67.

The Defendants in Plaintiff's suit are the same Ameriprise entities named in the Minnesota Consolidated Complaint.[1] And the majority of the causes of action

---

[1] While Plaintiff's Complaint includes one additional Ameriprise entity not included in the Minnesota Consolidated Complaint, Ameriprise Financial Services, Inc., that entity no longer exists and, as noted earlier, was merely the corporate predecessor of Defendant Ameriprise Financial Services, LLC.

in the Complaint overlap with those in the Minnesota Consolidated Complaint, which likewise asserts claims for breach of fiduciary duty, unjust enrichment, breach of contract, and breach of the implied covenant of good faith and fair dealing. Plaintiff's single additional claim is for violation of California's Unfair Competition Law ("UCL"). Compl. ¶¶ 120–31. Plaintiff purports to represent (i) a nationwide class of customers whose cash was swept in the Sweep Programs, and (ii) a sub-class limited to California resident customers. *Id.* ¶ 80. Both of these classes are subsumed within the class of plaintiffs in the Minnesota case. Minnesota Consol. Compl. ¶¶ 133–34.[2]

### C. The Parties' Meet and Confer Discussions

Defendants' counsel had a meet and confer call with Plaintiff's counsel on November 1, 2024, and corresponded by email with Plaintiff's counsel on November 5, 2024, in an effort to resolve this transfer motion consensually, to no avail. Wagner Decl. ¶¶ 3–6.

During the November 1, 2024 call, Plaintiff's counsel proposed to stay the case pending a determination of a separate motion for transfer and consolidation filed before the United States Judicial Panel on Multidistrict Litigation on October 30, 2024 (the "MDL Motion") pursuant to 28 U.S.C. § 1407. Wagner Decl. ¶ 4. That motion, brought by plaintiffs in pending actions challenging sweep programs offered by Merrill Lynch, Pierce, Fenner & Smith Incorporated and Wells Fargo & Company, seeks to coordinate pre-trial proceedings across twenty-one separate class action lawsuits (including this one and the earlier-filed Minnesota litigation

---

[2] Plaintiff's Complaint copies nearly verbatim certain allegations made in the *Bender* Complaint. Specifically, the allegations in the Complaint's First Cause of Action for Breach of Fiduciary Duty mirror almost exactly the allegations from the *Bender* Complaint's First Cause of Action for Breach of Fiduciary Duty. *Compare* Compl. ¶¶ 91–99, *with Bender* Compl. ¶¶ 56–63. Similarly, the allegations in the Complaint's Second Cause of Action for Breach of Contract are, in all material aspects, the same as the allegations from the *Bender* Complaint's Fourth Cause of Action for Breach of Contract. *Compare* Compl. ¶¶ 101–05, *with Bender* Compl. ¶¶ 79–85.

against Ameriprise) in the Southern District of New York.  Wagner Decl. Ex. 5.  The MDL Motion argues that the cases are purportedly related because they all allege that "defendants used customer cash to generate revenue while paying unreasonably low, below-market interest rates to customers." *Id.* at 1.  Defendants' counsel agreed to discuss Plaintiff's proposal with Defendants, and in the meantime, the parties agreed to a 30-day extension of Defendants' response deadline, to December 9, 2024.  ECF No. 19.

On November 5, 2024, Defendants' counsel informed Plaintiff's counsel by e-mail of Defendants' position that given the significant overlap in the subject matter of this case with the existing Minnesota case, Defendants plan to move forward with their motion to transfer the case to Minnesota.  Wagner Decl. ¶ 5.  Plaintiff's counsel responded on November 6, 2024 by e-mail, explaining that Plaintiff plans to oppose the transfer.  *Id.* ¶ 6.

## ARGUMENT

### I. A TRANSFER UNDER 28 U.S.C. § 1404 IS MERITED UNDER THE FIRST-TO-FILE RULE.

The Court should exercise its power under 28 U.S.C. § 1404 to transfer this case to the District of Minnesota under the first-to-file rule to avoid duplicative litigation and inconsistent rulings and promote judicial efficiency.  The rule applies when, as here, "two cases involving 'substantially similar issues and parties' have been filed in different districts." *In re Regina Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (quoting *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015)); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (holding the first-to-file rule may be applied "when a complaint involving the same parties and issues has already been filed in another district" (internal citation omitted)).  Under the rule, "the second district court has discretion to transfer . . . the second case in the interest of efficiency and judicial economy." *In re Bozic*, 888 F.3d at 1053 (quoting *Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d

765, 769 (9th Cir. 1997)). The purposes of the rule are to prevent "the risk of inconsistent decisions," *Las Vegas 26 Holdings, LLC v. Churchill MRA Funding I, LLC*, 2024 WL 3915151, at *1 (C.D. Cal. Aug. 14, 2024) (citation omitted), and to "promote efficiency and to avoid duplicative litigation." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). In considering whether the rule applies, courts examine three factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*, 2017 WL 5635022, at *2 (C.D. Cal. June 8, 2017).[3]

All three considerations favor transfer here.

Plaintiff cannot dispute that the first factor is satisfied because both of the original pleadings challenging the Sweep Programs that have since been consolidated in the Minnesota Consolidated Complaint were first filed in July and August of 2024, several months before Plaintiff filed his Complaint on October 2024. *See* Wagner Decl. Exs. 1, 2.

The second and third factors likewise support transfer because there is substantial overlap of the parties in this case and the Minnesota case. Defendants in both cases are the same. And the class Plaintiff purports to represent is nearly identical to the Minnesota Plaintiffs' proposed class. *See Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (explaining that, in assessing the relationship between purported class actions, the court compares the putative classes and not the class representatives). Both Plaintiff's proposed nationwide class of Sweep Program customers and the proposed sub-class of California residents are included within the Minnesota Consolidated Complaint's class of

---

[3] Where the first-to-file rule applies, a court may transfer the duplicative action to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see In re Bozic*, 888 F.3d at 1054 ("Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of § 1404(a) cabin the exercise of that discretion."). As developed hereafter, *see infra* 8–9, this action could "have been brought" in the District of Minnesota.

6     MOTION TO TRANSFER
2:24-CV-08825-MRA-KS

"Clients of Ameriprise who had cash deposits or balances in Ameriprise's Bank Sweep Programs." Wagner Decl. Ex. 5 ¶ 133; *see Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 705 (N.D. Cal. 2021) (finding a class of plaintiffs substantially similar to class in an earlier complaint where the second class was "included as members" in the first class).

The issues in the cases are likewise substantially similar because they concern the same subject matter and the claims rest on nearly identical allegations. "To determine whether two suits involve substantially similar issues, [the court] look[s] at whether there is 'substantial overlap' between the two suits." *Kohn Law Grp., Inc.*, 787 F.3d at 1241 (citation omitted). There is almost perfect overlap here. The Complaint challenges the exact same Sweep Programs that are at issue in the Minnesota Consolidated Complaint, and alleges the same species of misconduct. Both Plaintiff's Complaint here and the first-filed Minnesota litigation boil down to a dissatisfaction with the interest rates provided through the Sweep Programs. *Compare*, *e.g.*, Compl. ¶ 2 (alleging that the Sweep Programs pay "below market rates of interest"), *with* Minnesota Consol. Compl. ¶ 5 (alleging that Ameriprise "underpaid interest to sweep account clients").

It follows that both cases—to the extent they survive pleading challenges—will likely involve the same discovery into the Sweep Programs. Both cases will involve analysis of the contracts governing Ameriprise's relationships with customers. And both cases will involve assessing the Sweep Programs' interest rates under the governing contracts and applicable law. Moreover, the Complaint here and the Minnesota Consolidated Complaint pursue overlapping causes of action for breach of fiduciary duty, breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing.

That Plaintiff's Complaint here includes a unique claim for breach of the UCL, in addition to the overlapping claims, is of no moment. If two cases present similar issues, "it is not necessary that exactly parallel causes of action be alleged,"

*see Red v. Unilever U.S., Inc.*, 2010 WL 11515197, at *5 (C.D. Cal. Jan. 25, 2010), and thus courts routinely defer to a first-filed case even where the second case includes unique claims. *See, e.g.*, *Bazraganian v. Mercedes-Benz USA, LLC*, 2017 WL 4990517, at *2–3 (C.D. Cal. Oct. 31, 2017); *see also Mehr v. Cap. One Bank USA N.A.*, 2019 WL 2428768, at *5 (C.D. Cal. Jan. 4, 2019).

In short, the Court should order transfer because permitting this Complaint to proceed in California poses the exact risk of inconsistent rulings on similar issues, and duplicative, piecemeal, and wasteful litigation that the first-to-file rule is designed to avoid.

## II. THE CONVENIENCE OF THE PARTIES AND WITNESSES INDEPENDENTLY FAVORS TRANSFER.

Transfer is similarly warranted under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. "Section 1404(a) requires two findings—that the district court is one where the action might have been brought and that the convenience of the parties and witnesses in the interest of justice favor transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). The Court can and should make each of those findings here.

This action could have been brought in the District of Minnesota because the Minnesota court has jurisdiction over the matter. *See Inherent.com*, 420 F. Supp. 2d at 1098 ("The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought."); *Fodor v. Berglas*, 1994 WL 822477, *2 (C.D. Cal. Dec. 27, 1994) ("It is clear from the statutory language of § 1404(a) that, as a threshold issue, the district to which the case is to be transferred must be one in which the action 'might have been brought.'" (quoting § 1404(a))). In particular, diversity jurisdiction exists because, as Plaintiff alleges, the "action is brought as a class action . . . , one or more members of the class are citizens of a state different than the Defendants, and the amount in controversy exceeds five million dollars."

Compl. ¶¶ 9, 12, 13–16.  Moreover, venue is proper in Minnesota given that Defendants are based in Minnesota.  *Id.* ¶¶ 13–16.

To the extent that factfinding is required, the convenience of the parties and witnesses, as well as the more general interests of justice and judicial economy, would also strongly be served by transfer to Minnesota.  *Puri v. Heartside Food Sols. LLC*, 2011 WL 6257182, at *3 (C.D. Cal. Dec. 13, 2011) ("The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor."); *see also EFG Bank AG*, 2017 WL 5635022, at *3 ("Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997))).  Given the overlap of the claims and parties, allowing this case to proceed in California could result in piecemeal and duplicative litigation because the parties' discovery, briefing, and trial efforts will necessarily have to be duplicated, and similar if not identical legal and factual issues will have to be addressed by two separate courts on differing tracks.  *Mussetter Distrib., Inc. v. DBI Beverage Inc.*, 2009 WL 1992356, *4–5 (E.D. Cal. July 8, 2009) ("Indeed, the Supreme Court and the Ninth Circuit have long recognized that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" (quoting *Cont'l Grain Co. v. The FBL585*, 364 U.S. 19, 26 (1960))); *see also Puri*, 2011 WL 6257182, at *4 (reasoning that the substantial overlap in issues, witnesses, and documents meant interest of justice required that actions be litigated together).

The convenience of the parties and witnesses in having this case litigated in the District of Minnesota merits particular weight here.  Defendants are based in Minnesota, and so the majority of relevant documentary evidence is likely to be

located there.  *See* Declaration of Nickolas G. LaPlante ("LaPlante Decl.") ¶ 2. Moreover, the Ameriprise employees with the most significant knowledge about the operation of the Sweep Programs, including the determination of interest rates on swept cash, are all located in Minnesota.  *See* LaPlante Decl. ¶¶ 4, 6, 7; *Callaway Golf Co. v. Corp. Trade Inc.*, 2010 WL 743829, at *8 (S.D. Cal. Mar. 1, 2010) (transferring California action to federal court in New York where first-filed action was pending because it would be more convenient for parties and witnesses). The parties and witnesses will be inconvenienced if witnesses in the Minnesota case are required to provide testimony twice, and travel across the country to do so.  *See Alexander v. Franklin Res., Inc.*, 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007) (granting motion to transfer second-filed action to the District of New Jersey where first-filed action was pending, and noting that "appearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country").  By contrast, a transfer to Minnesota will benefit the parties because consolidation of the cases will allow singular determinations on whether any of the plaintiffs in the related cases can state lawful claims, and allow any discovery—if required at all—to be completed in a coordinated and convenient fashion.

In sum, all of the relevant factors support the transfer of this action to the District of Minnesota.

### III. THE PENDING MDL MOTION SHOULD NOT DELAY A DECISION ON TRANSFER.

There is no reason to delay the threshold determination of venue and the prompt transfer of this case to the District of Minnesota while the MDL Motion is pending.  *See, e.g.*, *Tortola Rests. LP v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) ("The appropriate forum . . . is a threshold issue . . . and defendant's petition to the Panel does not affect scheduled pretrial proceedings."). This Court has jurisdiction to transfer the case to Minnesota for all purposes (including trial) regardless of the MDL Motion, and the Court's determination on

where to venue this action for trial will not impact the MDL Panel's ability to evaluate whether the cases against Ameriprise, and the separate cases against other major brokerage services firms, would benefit from coordinated pre-trial proceedings before a single judge, as the pending MDL Motion advocates. *See* J.P.M.L. Rule 18 ("[T]he pendency of a [section 1407] motion does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."); *Gray v. Gerber Prod. Co.*, 2012 WL 4051186, at *2 (N.D. Cal. Sept. 12, 2012) (emphasizing that an MDL Panel could consolidate and transfer an action "[r]egardless of this Court's ruling on Defendants' Motion to Transfer"). And because a district court "can resolve preliminary matters while the Panel deliberates," delays are "'rarely advisable.'" *Weisman v. Sw. Hotel Prop. Ltd. P'ship*, 1992 WL 131080 (S.D.N.Y. June 1, 1992) (citation omitted). This is especially so since there are strong grounds on which to oppose the MDL Motion's suggestion that an industry-wide proceeding would create efficiencies, and Defendants intend to do so. While the MDL Motion describes the pending sweep cases as "overlapping" and resting on similar fact patterns, the various financial services firms named in the suits are distinct entities, with distinct customer bases, financial products, and sweep services, and the putative classes that the plaintiffs in the various cases purport to represent are separate and distinct. For these reasons, Ameriprise is skeptical that the MDL Panel will find coordinated pre-trial proceedings across these distinct class actions to be appropriate. But even if the Panel decides to create an industry-wide MDL in response to the MDL Motion, the selected court will only address *pre-trial* proceedings, and the cases that remain following the conclusion of such proceedings will need to be remanded for trial in the appropriate venue. *See* 28 U.S.C. § 1407(a) (cases may be transferred to an MDL for "coordinated and consolidated *pretrial* proceedings (emphasis added)); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34,

118 S. Ct. 956, 962, 140 L. Ed. 2d 62 (1998) (explaining that § 1407 "obligates the Panel to remand any pending case to its originating court when . . . pretrial proceedings have run their course").

For the reasons developed above, Ameriprise submits both that the motion to transfer should be decided now, and not deferred until after the MDL Motion is resolved, and that the appropriate venue is the District of Minnesota.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court transfer this case to the District of Minnesota so that it may be consolidated with the pending action in the District of Minnesota.

Dated: November 8, 2024

O'MELVENY & MYERS LLP
MEAGHAN VERGOW
BRIAN BOYLE
SHANNON BARRETT
JORGE DENEVE
LAUREN WAGNER

By: /s/ BRIAN BOYLE

*Attorneys for Defendants*