# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

*In re JP Morgan Chase
Cash Sweep Program*

Case No. 24-cv-06404-LGS

**MEMORANDUM IN SUPPORT OF
PLAINTIFF DAN BODEA'S MOTION FOR
<u>APPOINTMENT OF INTERIM CLASS COUNSEL</u>**

# TABLE OF CONTENTS

I.     INTRODUCTION AND FACTUAL BACKGROUND .......................................................... 1

II.    PROCEDURAL HISTORY ........................................................................................ 4

III.   LEGAL STANDARD .............................................................................................. 5

IV.   ARGUMENT ........................................................................................................ 6

       A.    Proposed Interim Class Counsel Has Expended Significant Time and Resources to Investigate the Class's Claims ...................................................... 7

       B.    Proposed Interim Class Counsel Has Extensive Experience in Litigating Class Actions, the Types of Claims Asserted, and Knowledge of the Applicable Law ........................................................ 9

       C.    Proposed Interim Class Counsel Is Willing and Able to Commit the Necessary Resources Required to Adequately Represent the Class ........................................................................................ 14

V.    CONCLUSION .................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                           **PAGE(S)**

*Buonasera v. Honest Co., Inc.*,
    318 F.R.D. 17 (S.D.N.Y 2016) ...................................................................................5

*In re Bystolic Antitrust Litig.*,
    2020 WL 6700830 (S.D.N.Y. Nov. 12, 2020) ..........................................................8

*Deangelis v. Corzine*,
    286 F.R.D. 220 (S.D.N.Y. 2012) .........................................................................6, 18

*In re Foreign Exchange Benchmark Rates Antitrust Litigation*,
    No. 13-cv-07789 (S.D.N.Y. Feb. 13, 2014), ECF No. 96 .......................................5

*Fraga v. Premium Retail Services*,
    61 F.4th 228 (1st Cir. 2023)...................................................................................17

*Harrow v. Department of Defense*,
    601 U.S. 480 (2024)...............................................................................................16

*Hevesi v. Citigroup, Inc.*,
    366 F.3d 70 (2d Cir. 2004).....................................................................................17

*Innovative Health, LLC v. Biosense Webster, Inc.*,
    2024 WL 62948 (9th Cir. Jan. 5, 2024) .................................................................16

*Merck Co. v. Reynolds*,
    559 U.S. 633 (2010)...............................................................................................17

*Moab Partners, LP v. Macquarie Infrastructure Corp.*,
    2024 WL 4356386 (2d Cir. Oct. 1, 2024)..............................................................17

*In re Synchrony Sec. Litig.*,
    988 F.3d 157 (2d Cir. 2021)...................................................................................17

*In re Treasury Sec. Auction Antitrust Litig.*,
    2017 WL 10991411 (S.D.N.Y. Aug. 23, 2017)......................................................9

*Vallely v. Merrill Lynch*,
    2023 WL 4239073 (S.D.N.Y. June 28, 2023) ........................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(g)(1)(A) ...............................................................................................6

Fed. R. Civ. P. 23(g)(3)......................................................................................................5

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) ........................................................................18

Plaintiff Dan Bodea ("Plaintiff") respectfully submits this memorandum of law in support of his Motion to appoint Berger Montague PC ("BMPC") as Interim Class Counsel pursuant to Fed. R. Civ P. 23(g) and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Local Counsel in the above-captioned consolidated action (the "Action") against JPMorgan Chase & Co. and J.P. Morgan Securities LLC (together, "JPMorgan").[1]  In support of the Motion, Plaintiff states as follows:

## I.    INTRODUCTION AND FACTUAL BACKGROUND

The Action seeks redress for a longstanding practice whereby JPMorgan, while purportedly acting as its clients' agent, improperly uses its clients' cash balances to reap hundreds of millions of dollars at the expense of those clients. The *Bodea* complaint, filed on August 23, 2024, alleges that JPMorgan automatically sweeps clients' uninvested cash balances into one of JPMorgan's cash sweep bank programs (the "Cash Sweep Programs" or the "Programs") but—in violation of its duties—only pays those clients minimal interest while using those funds to generate enormous returns for itself. Although JPMorgan established, maintains, and operates the Cash Sweep Programs as its clients' agent and fiduciary, it deprives them of the returns on their cash deposits they were entitled to receive, enriching itself instead.

Plaintiff held both a JPMorgan general brokerage account and an IRA account and is seeking to represent a class of JPMorgan clients that held both managed and non-managed accounts, as well as retirement accounts. Joint Decl. at ¶2; *Bodea*, ECF No. 1 (Complaint) at ¶53.

---

[1] Unless otherwise indicated, all internal citations are omitted and emphasis is added. As set forth in the accompanying Joint Declaration of Michael Dell'Angelo and John Rizio-Hamilton (the "Joint Declaration" or "Joint Decl."), in addition to the firms seeking appointment here, this motion is jointly supported by the law firms Simmons Hanley Conroy LLP, Williams Dirks Dameron LLC, Rosca Scarlato LLC, and Oakes & Fosher, LLC ("Sweeps Counsel") as well as counsel for Kenneth Lopez, Nussbaum Law Group, P.C. ("Nussbaum"). References to "Ex. __" are to the exhibits to the Joint Declaration.

The Action asserts claims for, among others, breach of fiduciary duty, breach of contract, and unjust enrichment. *Id.* at ¶¶64-107. Plaintiff seeks to recover for the harm suffered by Plaintiff and the class of JPMorgan clients Plaintiff seeks to represent.

Plaintiff's motion seeks appointment of BMPC as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g). As set forth below, appointing BMPC as Interim Class Counsel and BLB&G as Local Counsel will ensure the effective prosecution of this action and protect the interests of the proposed class.

BMPC and BLB&G are ideally suited to represent the proposed class. They have recovered billions of dollars on behalf of injured investors and consumers and have had unparalleled success and experience in prosecuting the same kinds of claims asserted here, in large complex class actions against sophisticated financial institutions like (and including) JPMorgan. Joint Decl. at ¶¶2-3. Moreover, the firms have the resources, experience, and commitment required to vigorously prosecute these claims as Interim Class Counsel and Local Counsel.

BMPC has demonstrated its qualifications to perform the role of Interim Class Counsel by filing the first complaint against JPMorgan, which contained detailed allegations supporting the class's claims; investigating those claims for months prior to filing the complaint; and developing the facts demonstrating the unreasonableness of the returns paid to Program clients. *See generally Bodea*, ECF No. 1; *see also* Joint Decl. at ¶5. BMPC has also worked closely with the most prominent experts in the field—including former U.S. Securities and Exchange Commission ("SEC") Commissioner Robert J. Jackson, Jr., who was responsible for the governing SEC rule concerning broker-dealers' obligations to act in the best interests of their retail customers. Joint Decl. at ¶6. Indeed, former Commissioner Jackson and his former SEC colleague, Professor Edwin Hu of the University of Virginia School of Law, are part of the unparalleled team counsel has

assembled to prosecute these claims. *Id.* Together with these experts, BMPC has demonstrated its commitment to aggressively prosecuting this Action by acquiring and analyzing an extensive proprietary dataset of historic interest rates, which demonstrates that the rates JPMorgan paid to Program clients were unreasonable—a key factual underpinning of the claims here, which other courts have highlighted as critical to their success.

BMPC also has considerable resources, expertise, and wherewithal to prosecute this action efficiently and effectively. BMPC has over 100 attorneys in eight offices in the US and Canada. *See* Ex. A. In addition, it has a well-earned reputation as an aggressive advocate for plaintiffs, extensive experience prosecuting class actions in this courthouse, and a proven track record of achieving victories in complex financial litigation—including helping to secure a settlement valued at $546 million from JPMorgan in connection with its prosecution of claims arising from the bankruptcy of MF Global. *See generally In re MF Global Holdings Ltd. Investment Litigation*, No. 11-cv-07866 (S.D.N.Y.). For its part, BLB&G's 130 attorneys, the vast majority of whom are based in New York, have an unparalleled track record of success in prosecuting claims against financial institutions in this District, including over $2 billion in recoveries against JPMorgan and its affiliates. Those recoveries from JPMorgan are among the BLB&G successes that include several of the largest securities class action recoveries ever achieved.

Moreover, BMPC is currently working together with BLB&G and Sweeps Counsel to prosecute similar claims across the country, and has gained valuable insights into brokerages' operations of similar cash sweep programs in those cases. For example, BMPC and BLB&G recently filed a detailed amended complaint in an action against Morgan Stanley in this District concerning its cash sweep program, and the two firms are working together to prosecute additional cash sweep-related cases against UBS, Wells Fargo, and other financial institutions. Ex. F; Joint

Decl. at ¶10. In connection with these efforts, BMPC has developed protocols with the firms joining this Motion to ensure the cost-effective and efficient prosecution of this case. Joint Decl. at ¶9. In fact, in recognition of their qualifications to prosecute claims just like those asserted against JPMorgan here, BMPC, BLB&G and Sweeps Counsel supporting this Motion were recently appointed as interim class counsel in a class action alleging similar misconduct at Ameriprise Financial, Inc. *See Mehlman v. Ameriprise Financial, Inc.*, No. 24-cv-3018 (D. Minn.), ECF No. 50 (Ex. E).

In sum, BMPC will provide the proposed class with the highest caliber of representation. For these reasons and those set forth below, Plaintiff respectfully requests that the Court appoint BMPC as Interim Class Counsel and BLBG as Local Counsel.

## II.    PROCEDURAL HISTORY

Plaintiff, represented by BMPC, filed the first complaint against JPMorgan in this action on August 23, 2024, bringing claims against JPMorgan on behalf of all persons who held cash positions in accounts custodied by JPMorgan and were subject to JPMorgan's Cash Sweep Programs. *Bodea*, ECF No. 1 (Complaint) at ¶53. Five days later, on August 28, 2024, Kenneth Lopez, represented by Nussbaum, filed a complaint in this District. *See Lopez v. JPMorgan Chase & Co., et al.*, No. 24-cv-06489-LGS (S.D.N.Y.). On October 8, 2024, the Court consolidated *Lopez* into *Bodea*. *Lopez*, ECF No. 22 at 2.

BMPC has been working collaboratively with BLB&G and Sweeps Counsel to bring cash sweep-related claims against JPMorgan and other financial firms for several months. For example, as noted above, BMPC and BLB&G recently filed a thorough amended complaint in an action against Morgan Stanley that reflects extensive analysis of proprietary data to bolster keystone allegations concerning the lack of reasonableness of interest rates paid to Morgan Stanley customers through their cash sweep program; the two firms have been appointed interim class

counsel in a similar case against Ameriprise; and the firms, together with Sweeps Counsel joining this motion, are working together to prosecute similar claims against Wells Fargo, UBS, and other financial institutions. Ex. F; Joint Decl. at ¶10.

Meanwhile, on September 19, 2024, another plaintiff, Jamie Canales, filed an additional class action against JPMorgan in the Central District of California. *Canales v. JPMorgan Chase and Co., et al.*, No. 5:24-cv-02018-JFW-SHK (C.D. Cal.). *Canales* brings very similar allegations as *Bodea* on behalf of a nationwide class limited to retirement accounts, and, as such, is fully subsumed by *Bodea*. *See generally Canales*, ECF No. 1 (Complaint); *see also Canales*, ECF No. 18 (Joint Statement) at ¶10 (counsel for Canales "acknowledged" that the proposed classes in *Bodea* and *Lopez* "are intended to, and do, in fact, capture the class he seeks to represent"); Joint Decl. at ¶11. JPMorgan has stated that it intends to seek to transfer *Canales* to this District. *See Canales*, ECF No. 18 at ¶15. BMPC has been in contact with Canales's counsel to explore whether and how *Canales* might be accommodated within the structure of this consolidated case.[2]

## III.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 23(g)(3), the Court "may designate interim counsel to act on behalf of a proposed class before determining whether to certify the action as a class action." *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y 2016) (quoting Fed. R. Civ. P. 23(g)(3)). Courts regularly appoint interim co-lead counsel in the early stages of complex proceedings like this one. *See, e.g.*, *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-07789, ECF No. 96 (S.D.N.Y. Feb. 13, 2014) (Schofield, J.) (appointing interim lead counsel).

---

[2] As set forth in the Joint Declaration, all other counsel in *Bodea*, as well as counsel for *Lopez*, support the appointment of BMPC as Interim Class Counsel and BLB&G as Local Counsel. Joint Decl. at ¶10.

"Candidates for interim class counsel are evaluated under the same rubric as potential counsel for certified classes." *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) (collecting cases). The factors courts consider are:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

*Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)).

## IV.   ARGUMENT

All relevant factors demonstrate the propriety of appointing BMPC as Interim Class Counsel and BLB&G as Local Counsel. In recent months, brokerage firm clients across the country have been filing claims against those firms, alleging that their cash sweep programs paid unreasonably low interest rates, and BMPC has been at the forefront of those efforts. BMPC was the first firm representing JPMorgan clients to file claims in this District, and BMPC, BLB&G, and Sweeps Counsel supporting this Motion have taken a leadership role in developing those claims on behalf of injured brokerage clients and protecting their interests. Indeed, the firms have been working together to investigate, file, and prosecute such claims against JPMorgan and other financial firms for nearly a year.[3]

---

[3] *See, e.g.*, *Estate of Bernard J. Sherlip v. Morgan Stanley*, No. 24-cv-4571 (S.D.N.Y. June 14, 2024); *Peters v. LPL Fin. Holdings, Inc.*, No. 24-cv-1228 (S.D. Cal. July 17, 2024); *Mehlman v. Ameriprise Fin., Inc.*, No. 24-cv-3018 (D. Minn. July 29, 2024); *Bujold v. Wells Fargo & Co.*, No. 24-cv-4616 (N.D. Cal. July 30, 2024); *Conran v. Raymond James Fin., Inc.*, No. 24-cv-780 (M.D. Fla. Aug. 26, 2024); *Loughran, et al. v. Charles Schwab Corp.*, No. 24-cv-7344 (C.D. Cal. Aug. 28, 2024); *Davitt v. UBS Fin. Servs., Inc.*, No. 24-cv-6692 (S.D.N.Y. Sept. 3, 2024).

A.     **Proposed Interim Class Counsel Has Expended Significant Time and Resources to Investigate the Class's Claims**

BMPC, BLB&G, and Sweeps Counsel supporting this Motion have undertaken an extensive (and ongoing) investigation into JPMorgan's alleged misconduct, the facts surrounding its Cash Sweep Programs, and the applicable law that provides the strongest basis for recovery for the proposed class. To start, BMPC's investigation has already resulted in highly detailed pleadings that demonstrate a thorough analysis and understanding of the facts and relevant documents.

Moreover, that pre-suit investigation has continued and deepened over time. This pre-suit investigation has included:

- Acquiring proprietary historical interest rate data and performing, with expert assistance, comparative analyses of cash sweep and other interest rates across the financial services industry over time;

- Partnering with Professors Jackson and Hu, and analyzing statutes and common law in all potentially relevant jurisdictions to determine the best claims to bring on behalf of cash sweep customers;

- Consulting other banking and financial industry experts, including potential experts for the litigation;

- Interviewing former employees at numerous financial institutions with similar cash sweep programs;

- Canvassing jurisprudence relating to legal challenges brought against cash sweep programs;

- Reviewing client documents and publicly available JPMorgan account agreements and disclosures, including current versions and prior iterations going back several years; and

- Reviewing financial data reported by JPMorgan and its various subsidiaries, including investor presentations and SEC filings, as well as media reports and other publicly available information relating to regulatory inquiries or actions involving cash sweep programs (with respect to JPMorgan and also other financial services companies).

Joint Decl. at ¶5.

BMPC's investigation into the claims against JPMorgan has also been informed by its

ongoing work with former SEC Commissioner Robert J. Jackson, Jr., whose unique and unparalleled expertise, experience and knowledge of the industry and regulatory background underlying JPMorgan's alleged misconduct will greatly benefit the proposed class. *See* Ex. C.[4] BMPC's research has also included significant data analysis, which required the firm to obtain, at significant expense, proprietary data concerning interest and other market rates over time. To perform this analysis, BMPC has partnered with several experts, including Professor Jackson's former SEC colleague, University of Virginia School of Law Professor Edwin Hu, who conducted similar analyses as an academic, as a senior economic policymaker at the White House's National Economic Council, and at the SEC. Joint Decl. at ¶6; Ex. D. The development of such evidence is critical to the prosecution of these claims, including ensuring class certification and establishing liability. *See, e.g.*, *Vallely v. Merrill Lynch*, 2023 WL 4239073, at *3 (S.D.N.Y. June 28, 2023).

If appointed as Interim Class Counsel, BMPC intends to file an amended complaint that includes additional detailed allegations derived from the firm's extensive ongoing expert work and data analysis that demonstrates the unreasonableness of JPMorgan's sweep rates—just as BMPC, BLB&G, and Sweeps Counsel supporting this Motion have done in a similar cash sweep case against Morgan Stanley pending in this District. *See, e.g.*, Ex. F at ¶¶97-107. Allegations backed by such evidence will not only maximize the class's likelihood of overcoming JPMorgan's anticipated motion to dismiss, but also will provide the class with an extraordinary head start in discovery, class certification, summary judgment, and proving liability at trial. *See, e.g.*, *In re Bystolic Antitrust Litig.*, 2020 WL 6700830, at *1 (S.D.N.Y. Nov. 12, 2020) (appointing firms that "were the first to identify the claims in these actions and to investigate them and have expended

---

[4] *See also* SEC Commissioner Robert J. Jackson, Jr., "Statement on Final Rules Governing Investment Advice," June 5, 2019, *available at* https://www.sec.gov/news/public-statement/statement-jackson-060519-iabd.

substantial resources to do so"); *In re Treasury Sec. Auction Antitrust Litig.*, 2017 WL 10991411, at *2-3 (S.D.N.Y. Aug. 23, 2017) (appointing interim counsel that were first to file the claims and had "demonstrated a commitment to investing the resources and hours necessary to effectively litigate this matter" including because they "interviewed confidential witnesses and industry insiders [and] worked with leading experts to parse the data").

BMPC's extensive previous and continuing work, including with leading experts in this area, to develop strong evidence to support the claims in this case confirms they are particularly well-suited to represent the interests of the proposed class.

### B.     Proposed Interim Class Counsel Has Extensive Experience in Litigating Class Actions, the Types of Claims Asserted, and Knowledge of the Applicable Law

BMPC has extensive experience and qualifications that demonstrate it will vigorously and effectively prosecute this case, through and including trial and any appeals. BMPC has vast experience litigating complex class actions on behalf of those who have suffered harm at the hands of brokerage firms, banks, and other financial institutions. Indeed, BMPC and BLB&G have recovered billions of dollars in class actions against JPMorgan itself, demonstrating their unique and unparalleled expertise and knowledge of the defendants in this case and ability to achieve success for the class here.

*Berger Montague*. As set forth in its firm resume (Ex. A), BMPC, founded in 1970, is a full-spectrum class action and complex civil litigation firm that courts throughout the country have recognized for its ability and experience in handling major complex litigation in the fields of antitrust, securities, commodities and financial instruments, whistleblower cases, consumer litigation, as well as others. Of particular relevance here, BMPC's Commodities and Financial Instruments and Securities Fraud and Investor Protection practice groups rank among the country's

preeminent firms in these fields of complex class action litigation. Its successes in these areas include record recoveries achieved across the country and in this Court, including:

- ***In re MF Global Holdings Ltd. Investment Litigation*, No. 11-cv-07866 (S.D.N.Y.) (Marrero, J.)**: BMPC served as lead counsel representing thousands of commodities account holders who fell victim to the alleged massive theft and misappropriation of client funds at the former major global commodities brokerage firm MF Global. Berger Montague reached numerous settlements with the MF Global SIPA Trustee, and the CME Group, including a settlement valued at $546 million from JPMorgan Chase Bank, that collectively returned approximately $1.6 billion to the class. Ultimately, class members received more than 100% of the funds allegedly misappropriated by MF Global even after all fees and expenses.

- ***Contant, et al. v. Bank of America Corp., et al.* No. 1:17-cv-03139 (S.D.N.Y.) (Schofield, J.)**: BMPC served as lead class counsel in the multistate indirect purchaser antitrust class action against 16 of the world's largest dealer banks, including JPMorgan Chase Bank, N.A. Plaintiffs alleged that the defendants colluded to manipulate prices on foreign currency ("FX") instruments, using a number of methods to carry out their conspiracies, including sharing confidential price and order information through electronic chat rooms, thereby enabling the defendants to coordinate pricing and eliminate price competition. As with prior bank rigging scandals involving conspiracies to manipulate prices on other financial instruments, the defendants' alleged conspiracy to manipulate FX prices was the subject of numerous governmental investigations as well as direct purchaser class actions brought under antitrust federal law. However, the *Contant* action was the first to seek classwide relief, under applicable state indirect purchaser antitrust laws, on behalf of retail investors of FX instruments whose claims were not addressed by the governmental actions or other lawsuits. BMPC successfully resolved the litigation by reaching settlements with all defendants for a combined total of $23.6 million. On November 19, 2020, the Court granted final approval of these settlements, and Judge Schofield remarked "I'm not sure I've ever seen a case without a single objection or opt-out."

- ***Clements v. JPMorgan Chase Bank, N.A.*, No. 12-cv-02179 (N.D. Cal.) (Spero, J.)**: BMPC, as Co-Lead Counsel, prosecuted this national class action against JPMorgan Chase Bank and its affiliates in the United States District Court for the Northern District of California concerning alleged kickbacks received in connection with its force-placed flood insurance program. The firm obtained a settlement of $22.125 million on behalf of a class of thousands of borrowers.

- ***In re Platinum and Palladium Antitrust Litig.*, No. 14-cv-09391 (S.D.N.Y.) (Woods, J.).** BMPC is co-lead counsel in these consolidated class actions on behalf of traders of platinum and palladium-based derivative contracts, physical platinum and palladium, and platinum and palladium-based securities against BASF, Goldman Sachs, HSBC, and ICBC Standard Bank. A $20 million recovery was preliminarily approved by Judge Woods in August 2024.

- ***Alaska Electrical Pension Fund v. Bank of America Corporation,* No. 14-cv-07126 (S.D.N.Y.) (Furman, J.)**: As class counsel, BMPC represented investors who alleged a scheme to manipulate U.S. Dollar ISDAfix, a benchmark interest rate incorporated into a broad range of financial derivatives, by fourteen banks that set ISDAfix. $504.5 million in recoveries was reached on behalf of the class.

- ***In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-md-02548 (S.D.N.Y.) (Caproni, J.)**: BMPC was one of two co-lead counsel that represented traders of traders of gold-based derivative contracts, physical gold, and gold-based securities against The Bank of Nova Scotia, Barclays Bank plc, Deutsche Bank AG, HSBC Bank plc, Société Générale and the London Gold Market Fixing Limited, recovering $152 million on behalf of the class.

- ***In re Libor-Based Financial Instruments Antitrust Litigation*, No. 11-md-02262-NRB (S.D.N.Y.) (Buchwald, J.)**: BMPC represented exchange-based investors in this sprawling litigation alleging a conspiracy among many of the world's largest banks to manipulate the key LIBOR benchmark rate. The case, filed in 2011, alleged that the banks colluded to misreport and manipulate LIBOR rates for their own benefit. Following hotly contested litigation, Berger Montague and its co-counsel achieved recoveries from seven banks totaling $187 million.

- ***In re Peregrine Financial Group Customer Litigation*, No. 12-cv-5546 (N.D. Ill.) (Ellis, J.)**: BMPC served as co-lead counsel in a class action which helped deliver more than $75 million in recoveries on behalf of former commodity account customers of Peregrine Financial Group, Inc., in litigation against U.S. Bank, N.A., and JPMorgan Chase Bank, N.A., arising from Peregrine's collapse. The lawsuit alleged that both banks breached legal duties by allowing Peregrine's owner to withdraw and put millions of dollars in customer funds to non-customer use.

As noted above, BMPC's recoveries include four <u>against JPMorgan</u>— *In re MF Global Holdings*, *Contant*, *Clements*, and *In re Peregrine Financial*—underscoring its suitability to represent the proposed class here. Also detailed in BMPC's firm resume (Ex. A) are the numerous successes it has achieved on behalf of its clients in the areas of investor protection, securities, antitrust, and consumer protection, which encompasses false or misleading advertising, defective products, data privacy breaches, and various other unfair trade practices.

**Bernstein Litowitz Berger & Grossmann.** Proposed Local Counsel BLB&G is widely recognized as one of the foremost investor rights law firms in the nation and has recovered over $40 billion on behalf of defrauded investors. As detailed in the firm's resume (Ex. B), BLB&G's

extensive experience includes its unparalleled success in securing multi-billion recoveries in complex class actions against major banks and financial firms like JPMorgan. The firm's track record includes, for example:

- ***In re WorldCom, Inc. Securities Litigation***, **No. 02-cv-03288 (S.D.N.Y.) (Cote, J.)**: In a case arising out of WorldCom's accounting fraud and subsequent bankruptcy, BLB&G served as co-Lead Counsel and recovered $6.15 billion from defendants, including $2 billion from JPMorgan. Judge Cote commented frequently on the quality of BLB&G's representation of the class in the *WorldCom* case, including by stating that "[t]he quality of the representation given by Lead Counsel . . . has been superb . . . and is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation" and "[t]he magnitude of this settlement is attributable in significant part to Lead Counsel's advocacy and energy."

- ***Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust and Plumbers' 7 Pipefitters' Local #562 Pension Fund v. J.P. Morgan Acceptance Corp., et al.***, **No. 08-cv-01713 (E.D.N.Y.) (Chen, J.)**: In a case alleging violation of the Securities Act of 1933 arising from JPMorgan's sale of mortgage pass-through certificates using false and misleading offering documents, BLB&G served as court-appointed Lead Counsel and secured a $280 million recovery for JPMorgan investors.

- ***In re JPMorgan Chase & Co. Securities Litigation***, **No. 12-cv-03852 (S.D.N.Y.) (Daniels, J.)**: BLB&G recovered $150 million in an action alleging misrepresentations about JPMorgan's risk management practices in connection with enormous losses incurred by the "London Whale," JPMorgan trader Bruno Iksil.

- ***In re Wells Fargo & Company Securities Litigation***, **No. 20-cv-04494 (S.D.N.Y) (Woods, J.)**: BLB&G recovered a landmark $1 billion for investors in a case concerning Wells Fargo's deceit of investors about its compliance and risk management practices litigated before Judge Woods—the largest recovery ever in a securities class action not involving a restatement, an SEC action, or DOJ criminal charges.

- ***Allianz Structured Alpha Funds***, **No. 20-cv-5615 (S.D.N.Y.) (Failla, J.)**: BLB&G served as one of two court-appointed Liaison Counsel and recovered more than $2 billion for investors in a series of funds managed by Allianz Global Investors U.S. LLC. These actions alleged that Allianz Global Investors and related defendants acted negligently and breached their fiduciary and contractual duties by deviating from the investment strategy Allianz was required to follow, causing investors to incur significant losses.

- ***In re Bank of America Securities Litigation***, **No. 09-md-2058 (S.D.N.Y.) (Castel, J.)**: BLB&G recovered $2.425 billion on behalf of investors arising out of Bank of

America's acquisition of Merrill Lynch. The action alleged that Bank of America's executives made a series of highly material false statements and omissions concerning tens of billions of dollars of losses which Merrill had suffered before the shareholder vote on the acquisition and bonuses paid to Merrill employees before the acquisition closed.

- ***In re Citigroup, Inc. Bond Litigation***, **No. 08-cv-9522 (S.D.N.Y.) (Stein, J.)**: BLB&G recovered $730 million on behalf of Citigroup bondholders in an action alleging that Citigroup misrepresented its exposure to toxic assets backed by residential mortgage-backed securities—the second largest recovery in a securities class action brought on behalf of purchasers of debt securities, and the second largest settlement arising out of the financial crisis.

- ***In re MF Global Holdings Limited Securities Litigation***, **No. 11-cv-07866 (S.D.N.Y.) (Marrero, J.)**: Alongside BMPC, which represented commodities account holders in companion litigation arising out of the MF Global collapse, BLB&G recovered an aggregate total recovery of $234.3 million for investors in this leading brokerage firm.

As noted above, BLB&G has achieved numerous substantial recoveries in cases <u>against JPMorgan</u>—including a $2 billion recovery from JPMorgan in *WorldCom*, as well as more than a combined $400 million in the mortgage pass-through and "London Whale" cases. BLB&G has also successfully prosecuted investor claims against banks alleging breaches of fiduciary and contractual duties that mirror the claims alleged in this case. For example, BLB&G recovered over $28 million in an action alleging that a custodial bank breached its contractual and fiduciary duties in connection with a securities lending program, *see Board of Trustees of the City of Pontiac General Employees Retirement System v. Northern Trust Investments, N.A.*, No. 09-cv-7203 (N.D. Ill.), and secured an $8.5 million recovery (comprising approximately 60% of the maximum estimated damages) in a case alleging that Merrill Lynch breached its fiduciary duties by placing its own interests ahead of those of its retirement plan clients. *Board of Trustees of the City of Lake Worth Employees' Retirement System, v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 10-cv-845 (M.D. Fla.). These experiences underscore its suitability to serve as Local Counsel to the proposed class here.

## C.   Proposed Interim Class Counsel Is Willing and Able to Commit the Necessary Resources Required to Adequately Represent the Class

Given that this Action will be litigated on a contingent basis, it will be particularly important that counsel have the deepest and broadest possible resources, especially because the class will be litigating against one of the largest, well-funded companies in the world, represented by top-flight law firms. BMPC has ample resources, both financial and intellectual, to successfully prosecute these claims against JPMorgan, as it has against numerous other financial services companies over the course of their histories.

*Financial resources*: The financial and other resources that BMPC brings to the prosecution of these claims is exemplary, and BMPC stands ready, willing, and able to commit the resources necessary to litigate this case vigorously to its conclusion. BMPC has committed the attorneys necessary to prosecute this case successfully and will continue to do so. BMPC Executive Shareholder and General Counsel Michael Dell'Angelo has devoted substantial time and effort to investigating and prosecuting claims against financial institutions for misconduct arising out of their operation of cash sweep programs like those at JPMorgan, and he and the team of attorneys from BMPC and BLB&G assigned to this matter are similarly focused on prosecuting the claims against JPMorgan here.  Joint Decl. ¶8.  BMPC is also well capitalized and more than capable of meeting the financial needs of complex litigation such as this. *See* Ex. A.[5]

*Geographic resources*: This case involves a financial services company whose headquarters is in New York City, where proposed Local Counsel BLB&G maintain its primary office, and with operations throughout the U.S. Because the relevant conduct took place in New

---

[5] While BMPC has the resources to independently fund the prosecution of this case, the class will also benefit from the involvement of BLB&G as Local Counsel and the support of the additional firms that are coordinating with BMPC in the prosecution of the cash sweep cases.

York and in JPMorgan's locations in other parts of the U.S., attorneys and offices throughout the country may well be needed for depositions of JPMorgan's current and former employees. BMPC's over 100 lawyers in eight offices throughout the U.S. and Canada (Philadelphia, Chicago, Minneapolis, San Diego, San Francisco, Toronto, Washington, D.C., and Wilmington) and BLB&G's 130 attorneys and 70 professional staff members in five offices (New York, Chicago, Los Angeles, Wilmington, and New Orleans) provide a truly broad geographic reach, which will serve the class well here.

*Trial resources*: BMPC and BLB&G offers the proposed class a vast wealth of trial experience. BMPC has extensive trial experience and has twice won the prestigious Public Justice Foundation's Trial Lawyer of the Year Award. BMPC has achieved remarkable success at trial in some of the largest and highest-profile class actions. On June 13, 2024, in *United States ex rel. Penelow v. Janssen Products, LP*, No. 12-cv-07758 (D.N.J.), BMPC secured a unanimous jury verdict against Johnson & Johnson subsidiary Janssen Products for illegal off-label promotion and marketing of HIV/AIDS-treatment drugs. Once finalized, the total judgment will likely exceed $1 billion, one of the largest False Claims Act jury verdicts in history. BMPC's extensive trial experience also includes its work in the *Exxon Valdez Oil Spill* litigation in Anchorage, Alaska (record $5 billion punitive damages award in 1994 against the Exxon defendants as a consequence of the Exxon Valdez Oil Spill, later reduced to $507.5 million pursuant to a U.S. Supreme Court ruling); *Cook v. Rockwell International Corporation* (arising out of a serious incident at the Rocky Flats nuclear weapons facility in Colorado, and resulting in a $926 million judgment following a four month trial, ultimately settling for $375 million); and *In re CVR Refining, LP Unitholder Litigation*, Consolidated C.A. No. 2019-0062-KSJM (Del. Ch.) ($78.5 million settlement following a four-day bench trial challenging call rights). Ex. A.

Along similar lines, BLB&G has extensive trial experience and has achieved several of the largest and most significant shareholder and investor trial victories in recent memory. In 2023, for example, the firm recovered $812 million for Fannie Mae and Freddie Mac investors in a unanimous trial verdict against the Federal Housing Finance Agency, *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*, No. 13-mc-1288 (D.D.C.)—a victory secured after two trials and 10 years of intense litigation. In another recent example, in January 2024, following a full bench trial on the merits, BLB&G achieved a historic victory in Delaware Chancery Court when the court rescinded Elon Musk's entire $55 billion compensation package, finding that Tesla's board of directors had breached their fiduciary duty in awarding it to him. Critically, the firm has also successfully prosecuted complex investor claims through trial in this District, including in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), where BLB&G obtained a $65 million settlement from former WorldCom auditor Arthur Anderson after four weeks of trial.

***Appellate resources***: A successful outcome in this case may require multiple appeals, whether at the class certification stage, post-trial, or on an interlocutory basis. This is another area where BMPC and BLB&G offer the proposed class invaluable resources. BMPC has successfully argued high stakes appeals throughout the country. The firm's Appeals & Complex Briefing practice advocates in federal and state courts of appeal and in the U.S. Supreme Court. BMPC enhanced its appellate practice recently with the addition of Washington, D.C.-based partner, Paul Bland, a nationally recognized leader in consumer and appellate litigation.

In 2024, led by shareholder Josh Davis, BMPC won a 9-0 victory at the U.S. Supreme Court on behalf of a terminated federal employee in *Harrow v. Department of Defense*, 601 U.S. 480 (2024). Davis was brought in to argue the case *pro bono* by the University of California

College of the Law San Francisco's litigation center. In 2023, Davis was retained for a Ninth Circuit antitrust appeal in *Innovative Health, LLC v. Biosense Webster, Inc.*, 2024 WL 62948 (9th Cir. Jan. 5, 2024), where Berger Montague successfully revived the case from a grant of summary judgment. Likewise, the firm obtained a favorable ruling in the First Circuit Court of Appeals in *Fraga v. Premium Retail Services*, 61 F.4th 228 (1st Cir. 2023), where the court adopted plaintiff's proposed standard for exempting certain workers from the Federal Arbitration Act.

For its part, BLB&G's attorneys are highly experienced appellate litigators, and the firm is responsible for some of the most important investor victories at the U.S. Supreme Court and other appellate courts over the last decade. For example, the firm achieved a Supreme Court victory in litigation against Merck concerning misrepresentations about the safety of its drug Vioxx in *Merck Co. v. Reynolds*, 559 U.S. 633 (2010). In that case, the firm obtained a groundbreaking, investor-friendly ruling on the statute of limitations for securities fraud claims, and subsequently achieved a landmark $1.06 billion recovery for investors. The firm has also been responsible for numerous other appellate rulings benefitting investors across the country and in this Circuit, including, for example, *Moab Partners, LP v. Macquarie Infrastructure Corp*., 2024 WL 4356386 (2d Cir. Oct. 1, 2024) (sustaining investor claims following remand from the U.S. Supreme Court), *In re Synchrony Sec. Litig*., 988 F.3d 157 (2d Cir. 2021) (sustaining securities fraud claims), and *Hevesi v. Citigroup, Inc.*, 366 F.3d 70 (2d Cir. 2004) (upholding class certification against Rule 23(f) challenge).

*Case management protocols*: Not only do BMPC and BLB&G have decades of experience successfully prosecuting significant complex class actions like this one, but they have also established specific protocols to ensure the cost-effective prosecution of this case. The firms have a proven ability to work together to achieve successful outcomes for the classes they represent.

For example, in addition to their prosecution of parallel claims of securities and commodities investors, respectively, in the *MF Global* matter before Judge Marrero, BMPC and BLB&G successfully resolved investors' claims for $78.5 million following a four-day bench trial in *In CVR Refining Unitholder Litigation*, Consolidated C.A. No. 2019-00062-KSJM (Del. Ch.)—a result the court described as an excellent settlement for the class.

Moreover, BMPC has established case management protocols to make sure their prosecution of this case will serve the best interests of the class. Specifically, BMPC's protocols—which will apply to BMPC and any other firms assisting in the prosecution of these claims in any way—will help to ensure that schedules are met and that unnecessary expenditures of time and funds are avoided. *See also* MANUAL FOR COMPLEX LITIGATION, §§14.212-14.213, 40.22 (4th ed. 2004). The measures implemented and steps taken by BMPC here provide the very kind of structure and organization approved by courts in appointing interim class counsel. *See Deangelis*, 286 F.R.D. at 225 (proposed counsel "have already begun to create the infrastructure necessary to effectively and efficiently conduct the Commodities Action by organizing a leadership structure to include other plaintiffs' counsel in decisionmaking and work assignments"). Among other things, the protocols seek to minimize duplication of effort, efficiently allocate case tasks, and ensure that all attorney time and expenses are contemporaneously recorded and regularly reviewed and monitored. Joint Decl. at ¶9. In addition, the fact that BMPC, BLB&G, and Sweeps Counsel supporting this motion are working together to prosecute similar cases around the country will reduce expenses, as it will lead to cost efficiencies and allow factual and strategic development to be leveraged across cases.

Indeed, in recognition of their ability to work together to prosecute similar claims and the advantages their collaboration will provide, BMPC, BLB&G, and Sweeps Counsel supporting this

motion were recently appointed as interim class counsel in another class action involving similar misconduct by Ameriprise Financial, Inc. *See Mehlman v. Ameriprise Financial, Inc.*, No. 24-cv-03018 (D. Minn.), ECF No. 50 (Ex. E).

In sum, by designating BMPC as Interim Class Counsel and BLB&G as Local Counsel, this Court can be assured that this action will be vigorously prosecuted in a cost-effective manner, and that the proposed class will receive the highest caliber of representation.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Bodea respectfully requests that the Court grant his Motion for Appointment of Interim Class Counsel and: (i) appoint BMPC as Interim Class Counsel; (ii) appoint BLB&G as Local Counsel; and (iii) grant such further relief as it deems appropriate.

DATED: October 15, 2024

Respectfully submitted,

*/s/ John Rizio-Hamilton*
Salvatore J. Graziano
John Rizio-Hamilton
Avi Josefson
Michael D. Blatchley
**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
johnr@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Plaintiff Dan Bodea and Proposed
Local Counsel*

Michael Dell'Angelo (*pro hac vice*)
Jacob M. Polakoff (*pro hac vice* forthcoming)
Alex B. Heller (*pro hac vice*)
Radha Nagamani Raghavan
**BERGER MONTAGUE PC**

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net
jpolakoff@bm.net
aheller@bm.net
rraghavan@bm.net

***Counsel for Plaintiff Dan Bodea and Proposed
Interim Counsel for the Class***