# EXHIBIT A

# EXHIBIT A: COMPARATIVE CHART OF CASES SUBJECT TO MOTION TO TRANSFER[1]

| **Formally Consolidated Before the Honorable John R. Tunheim in the USDC District of Minnesota**<br>*See* Order, *Mehlman et al. v. Ameriprise Financial, Inc., et al.*, No. 0:24-cv-03018, ECF 50 (Oct. 3, 2024 D. Minn.) (Ex. 1). | | | | | |
|---|---|---|---|---|---|
| **Case Count** | **Case Name** | **Named Defendants** | **Primary Location of Named Defendants** | **Name of Cash Sweep Program** | **Causes of Action** |
| 1 | Mehlman et al. v. Ameriprise Financial, Inc., et al., No. 0:24-cv-03018-JRT-SGE | Ameriprise Financial, Inc.;<br>Ameriprise Financial Servs., LLC;<br>Am. Enter. Investment Servs., Inc. | Minneapolis, MN | Ameriprise Insured Money Market Account;<br>Ameriprise Insured Sweep Account | Breach of fiduciary duty;<br>Unjust enrichment;<br>Breach of contract |
| | Bender v. Ameriprise Financial, Inc., et al., No. 0:24-03359-JRT-DLM | Ameriprise Financial, Inc.;<br>Ameriprise Financial Servs., LLC;<br>Am. Enter. Investment Servs., Inc. | Minneapolis, MN | Ameriprise Insured Money Market Account;<br>Ameriprise Insured Sweep Account | Breach of fiduciary duty;<br>Gross negligence;<br>Unjust enrichment;<br>Breach of contract;<br>Violation of Minn. Stat. § 325F.69;<br>Violation of Minn. Stat. § 325D.44 |

| **Formally Consolidated Before the Honorable Mónica Ramírez Almadini in the USDC Central District of California**<br>*See* Order, *Loughran et al. v. Charles Schwab Corp., et al.*, No. 2:24-cv-07344, ECF 32 (Oct. 22, 2024 C.D. Cal.) (Ex. 2). | | | | | |
|---|---|---|---|---|---|
| **Case Count** | **Case Name** | **Named Defendants** | **Primary Location of Named Defendants** | **Name of Cash Sweep Program** | **Causes of Action** |
| 2 | Loughran et al. v. Charles Schwab Corp., et al., No. 2:24-cv-07344-MRA-E | Charles Schwab Corp.;<br>Charles Schwab & Co., Inc. | Westlake, TX | Bank Sweep Program | Breach of fiduciary duty;<br>Gross negligence;<br>Unjust enrichment;<br>Violation of Calif. Unfair Competition Law |

[1] This Exhibit addresses the cases listed on Movants' Schedule of Actions (ECF 1-2), but omits *Frey v. Ameriprise Financial, Inc., et al.*, No. 0:24-cv-3360-SRN-LIP, D. Minn. and *Vu v. LPL Financial LLC*, No. 3:24-cv-01484-TWR-AHG, S.D. Cal., which were voluntarily dismissed before the filing of Plaintiffs' Motion. (*See* Ex. 3 and Ex. 4)

| | | | | | |
|---|---|---|---|---|---|
| | Saunders v. Charles Schwab Corp., et al., No. 2:24-cv-07638-MRA-E | Charles Schwab Corp.; Charles Schwab & Co., Inc. | Westlake, TX | Bank Sweep Program | Breach of fiduciary duty;<br>Unjust enrichment;<br>Breach of contract |
| | Davis et al. v. Charles Schwab Corp., et al., No. 2:24-cv-08410-MRA-E | Charles Schwab Corp.; Charles Schwab & Co., Inc. | Westlake, TX | Bank Sweep Program | Breach of fiduciary duty;<br>Unjust enrichment;<br>Breach of contract;<br>Breach of implied covenant of good faith & fair dealing;<br>Gross negligence |

| **Formally Consolidated Before the Honorable Todd W. Robinson in the USDC Southern District of California**<br>*See* Order, *Peters v. LPL Financial LLC*, No. 3:24-cv-01228, ECF 30 (Oct. 16, 2024 S.D. Cal.) (Ex. 5). | | | | | |
|---|---|---|---|---|---|
| **Case Count** | **Case Name** | **Named Defendants** | **Primary Location of Named Defendants** | **Name of Cash Sweep Program** | **Causes of Action** |
| 3 | Peters v. LPL Financial LLC, No. 3:24-cv-01228-TWR-AHG | LPL Financial LLC | San Diego, CA | Automatic Cash Sweep Program | Breach of fiduciary duty;<br>Unjust enrichment;<br>Violation of Calif. Unfair Competition Law;<br>Breach of contract |
| | Nevitt v. LPL Financial Holdings Inc. et al., No. 3:24-cv-01358-TWR-AHG | LPL Financial Holdings Inc.;<br>LPL Financial LLC | San Diego, CA | Automatic Cash Sweep Program | Breach of fiduciary duty;<br>Unjust enrichment |
| | White v. LPL Financial Holdings Inc. et al., No. 3:24-cv-01724-TWR-AHG | LPL Financial Holdings Inc.;<br>LPL Financial LLC | San Diego, CA | Automatic Cash Sweep Program | Breach of fiduciary duty;<br>Unjust enrichment;<br>Breach of contract;<br>Breach of implied covenant of good faith & fair dealing;<br>Gross negligence |

| Formally Consolidated Before the Honorable Kathryn Kimball Mizelle in the USDC Middle District of Florida<br>*See* Order, *Conran v. Raymon James Fin., Inc.*, No. 8:24-cv-2511, ECF 53 (Nov. 14, 2024 M.D. Fla.) (Ex. 6). | | | | | |
|---|---|---|---|---|---|
| **Case Count** | **Case Name** | **Named Defendants** | **Primary Location of Named Defendants** | **Name of Cash Sweep Program** | **Causes of Action** |
| 4 | Schmidlin v. Raymond James Financial, Inc. et al., No. 8:24-cv-02041-KKM-CPT | Raymond James Financial, Inc.; Raymond James & Assocs., Inc.; Raymond James Financial Servs. Advisors, Inc.; Raymond James Financial Servs., Inc. | St. Petersburg, FL | Raymond James Bank Deposit Program | Breach of fiduciary duty;<br>Gross negligence;<br>Unjust enrichment;<br>Breach of contract;<br>Violation of Fla. Deceptive and Unfair Trade Practices Act |
| | Conran v. Raymond James Financial, Inc. et al., No. 8:24-cv-02511-KKM-NHA | Raymond James Financial, Inc.; Raymond James Financial Servs. Advisors, Inc.; Raymond James Financial Servs., Inc. | St. Petersburg, FL | Raymond James Bank Deposit Program | Breach of fiduciary duty;<br>Unjust enrichment;<br>Breach of contract |

| Formally Consolidated Before the Honorable Gregory H. Woods in the USDC Southern District of New York<br>*See* Order, *Goldsmith v. UBS Financial Servs. Inc.*, No. 1:24-cv-06354, ECF 29 (Nov. 1, 2024 S.D.N.Y.) (Ex. 7). | | | | | |
|---|---|---|---|---|---|
| **Case Count** | **Case Name** | **Named Defendants** | **Primary Location of Named Defendants** | **Name of Cash Sweep Program** | **Causes of Action** |
| 5 | Goldsmith v. UBS Financial Servs. Inc., No. 1:24-cv-06354-GHW-GWG | UBS Financial Servs. Inc. | New York, NY | UBS Insured Sweep Program | Breach of fiduciary duty;<br>Unjust enrichment |
| | Davitt v. UBS Financial Servs. Inc., No. 1:24-cv-06692-GHW-GWG | UBS Financial Servs. Inc. | New York, NY | UBS Insured Sweep Program | Breach of fiduciary duty;<br>Gross negligence;<br>Unjust enrichment;<br>Violation of NY Gen. Bus. Law |

| **Formally Consolidated Before the Honorable Lorna G. Schofield in the USDC Southern District of New York**<br>*See* Order, *In re JP Morgan Chase Cash Sweep Program*, No. 1:24-cv-06404, ECF 22 (October 8, 2024 S.D.N.Y.) (Ex. 8). | | | | | |
|---|---|---|---|---|---|
| **Case Count** | **Case Name** | **Named Defendants** | **Primary Location of Named Defendants** | **Name of Cash Sweep Program** | **Causes of Action** |
| 6 | Bodea v. JPMorgan Chase & Co. et al., No. 1:24-cv-06404-LGS | JPMorgan Chase & Co.;<br>JPMorgan Securities LLC | New York, NY | Bank Deposit Sweep Program | Breach of fiduciary duty;<br>Gross negligence;<br>Unjust enrichment;<br>Breach of contract;<br>Violation of NY Gen. Bus. Law § 349 |
| | Lopez v. JPMorgan Chase & Co. et al., No. 1:24-cv-06489-LGS | JPMorgan Chase & Co.;<br>JPMorgan Securities LLC | New York, NY | Bank Deposit Sweep Program | Breach of fiduciary duty;<br>Gross negligence;<br>Unjust enrichment;<br>Breach of contract;<br>Violation of NY Gen. Bus. Law § 349 |
| **Consolidation Stipulated and Endorsed Pending Appointment of Leadership Counsel**<br>*See* Joint Letter, *Canales v. JPMorgan Chase & Co. et al.*, No. 1:24-cv-08377, ECF 39 (Nov. 15, 2024 S.D.N.Y.) (Ex. 9).<br>*See* Memo Endorsement, *Canales v. JPMorgan Chase & Co. et al.*, No. 1:24-cv-08377, ECF 40 (Nov. 18, 2024 S.D.N.Y.) (Ex. 10). | | | | | |
| 7 | Canales v. JPMorgan Chase & Co. et al., No. 1:24-cv-08377-LGS | JPMorgan Chase & Co.;<br>JPMorgan Securities LLC | New York, NY | Bank Deposit Sweep Program | Breach of fiduciary duty;<br>Breach of contract;<br>Violation of NY Gen. Bus. Law;<br>Violation of Calif. Unfair Competition Law |

| **Formally Consolidated Before the Honorable Vince Chhabria in the USDC Northern District of California**<br>*See* Order, *In re Wells Fargo Cash Sweep Litig.*, No. 3:24-cv-04616, ECF 31 (Sept. 23, 2024 N.D. Cal.) (Ex. 11).<br>*See* Order, *Cobb v. Wells Fargo & Co. et al.*, No. 3:24-cv-06696-VC, ECF 15 (Oct. 11, 2024 N.D. Cal.) (Ex. 12). | | | | | |
|---|---|---|---|---|---|
| **Case Count** | **Case Name** | **Named Defendants** | **Primary Location of Named Defendants** | **Name of Cash Sweep Program** | **Causes of Action** |
| 8 | In re Wells Fargo Cash Sweep Litig., No. 3:24-cv-04616-VC | Wells Fargo & Co.;<br>Wells Fargo Clearing Servs., LLC (d/b/a Wells Fargo Advisors) | San Francisco, CA | Standard Bank Deposit Sweep;<br>Expanded Bank Deposit Sweep | Breach of fiduciary duty;<br>Gross negligence;<br>Negligent misrepresentation;<br>Unjust enrichment;<br>Breach of contract;<br>Violation of NY Gen. Bus. Law |

| | | | | | |
|---|---|---|---|---|---|
| | Nadolny v. Wells Fargo & Co. et al., No. 3:24-cv-04633-VC | Wells Fargo & Co.;<br>Wells Fargo Clearing Servs., LLC (d/b/a Wells Fargo Advisors) | San Francisco, CA | Standard Bank Deposit Sweep;<br>Expanded Bank Deposit Sweep | Breach of fiduciary duty;<br>Unjust enrichment;<br>Breach of contract |
| | Varady et al. v. Wells Fargo & Co. et al., No. 3:24-cv-04917-VC | Wells Fargo & Co.;<br>Wells Fargo Clearing Servs., LLC (d/b/a Wells Fargo Advisors) | San Francisco, CA | Standard Bank Deposit Sweep;<br>Expanded Bank Deposit Sweep | Breach of fiduciary duty;<br>Gross negligence;<br>Breach of implied covenant of good faith & fair dealing;<br>Breach of contract;<br>Unjust enrichment |
| | Cobb v. Wells Fargo & Co. et al., No. 3:24-cv-06696-VC | Wells Fargo & Co.;<br>Wells Fargo Bank, N.A.;<br>Wells Fargo Clearing Servs., LLC (d/b/a Wells Fargo Advisors) | San Francisco, CA | Standard Bank Deposit Sweep;<br>Expanded Bank Deposit Sweep | Breach of fiduciary duty;<br>Unjust enrichment;<br>Breach of contract;<br>Breach of implied covenant of good faith & fair dealing;<br>Gross negligence |
| **Case with Pending Motion to Intervene in *In re Wells Fargo Cash Sweep Litig.*** *See* Mot., *Chakravarthy v. Wells Fargo & Co. et al.*, No. 2:24-cv-08831, ECF 19 (Nov. 12, 2024) (Ex. 13). | | | | | |
| 9 | Chakravarthy v. Wells Fargo & Co. et al., No. 2:24-cv-08831-FMO-BFM, C.D. Cal. | Wells Fargo & Co.;<br>Wells Fargo Bank, N.A.;<br>Wells Fargo Clearing Servs., LLC (d/b/a Wells Fargo Advisors) | San Francisco, CA | Standard Bank Deposit Sweep;<br>Expanded Bank Deposit Sweep | Breach of fiduciary duty;<br>Breach of contract;<br>Breach of the implied covenant of good faith & fair dealing;<br>Unjust enrichment;<br>Violation of Calif. Unfair Competition Law |

| **Cases Not Consolidated** | | | | | | |
|---|---|---|---|---|---|---|
| **Case Count** | **Case Name** | **Named Defendants** | **Primary Location of Named Defendants** | **Name of Cash Sweep Program** | **Causes of Action** | **Judge** |
| 10 | Brickman Investments Inc. v. Wells Fargo & Co. et al., No. 1:24-cv-07751-AS, S.D.N.Y. | Wells Fargo & Co.;<br>Wells Fargo Clearing Servs., LLC (d/b/a Wells Fargo Advisors) | San Francisco, CA | Standard Bank Deposit Sweep;<br>Expanded Bank Deposit Sweep | Breach of fiduciary duty;<br>Violation of the Investment Advisers Act;<br>Breach of implied covenant of good faith & fair dealing;<br>Violation of RICO Act;<br>Gross negligence;<br>Negligent misrepresentation; | Honorable Arun Subramanian |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Unjust enrichment;<br>Violation of NY Gen. Bus. Law | |
| 11 | Lourenco v. Ameriprise Financial, Inc., et al., No. 2:24-cv-08825-MRA-KS, C.D. Cal. | Ameriprise Financial, Inc.;<br>Ameriprise Financial Servs., LLC;<br>Am. Enter. Investment Servs., Inc. | Minneapolis, MN | Ameriprise Insured Money Market Account;<br>Ameriprise Insured Sweep Account | Breach of fiduciary duty;<br>Breach of contract;<br>Breach of implied covenant of good faith & fair dealing;<br>Unjust enrichment;<br>Violation of Calif. Unfair Competition Law | Honorable Mónica Ramírez Almadini |
| 12 | Safron Capital Corp. v. Bank of America Corp., et al., No. 1:24-cv-07743-MMG, S.D.N.Y. | Bank of America Corp.;<br>Merrill Lynch, Pierce, Fenner & Smith Inc. | BofA: Charlotte, NC;<br>Merrill: New York, NY | Merrill Lynch Cash Sweep Program | Breach of fiduciary duty;<br>Violation of the Investment Advisers Act;<br>Breach of implied covenant of good faith & fair dealing;<br>Violation of RICO Act;<br>Gross negligence;<br>Negligent misrepresentation;<br>Unjust enrichment;<br>Violation of NY Gen. Bus. Law | Honorable Margaret M. Garnett |
| 13 | Morris v. Charles Schwab Corp., et al., No. 2:24-cv-00985-SPC-NPM, M.D. Fla. | Charles Schwab Corp.;<br>Charles Schwab & Co., Inc. | Westlake, TX | Bank Sweep Program | Breach of fiduciary duty;<br>Breach of contract;<br>Breach of implied covenant of good faith & fair dealing;<br>Unjust enrichment;<br>Violation of Calif. Unfair Competition Law | Honorable Sheri Polster Chappell |
| 14 | Burmin et al. v. E*Trade Securities LLC et al., No. 2:24-cv-00603-ES-MAH, D.N.J. | E*Trade Securities LLC;<br>Morgan Stanley Smith Barney LLC | E*Trade: Jersey City, NJ;<br>MSSB: New York, NY | Bank Deposit Program; E*Trade Retirement Sweep Deposit Account | Breach of contract | Honorable Esther Salas |
| 15 | Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc., No. 1:19-cv-07998-VEC, S.D.N.Y. | Merrill Lynch, Pierce, Fenner & Smith Inc. | New York, NY | Retirement Asset Savings Program | Breach of contract;<br>Breach of Massachusetts' Consumer Protection Law | Honorable Valerie E. Caproni |

| | | | | | | |
|---|---|---|---|---|---|---|
| 16 | McCrary v. Merrill Lynch, Pierce, Fenner & Smith Inc., No. 1:23-cv-10768-VM-BCM, S.D.N.Y. | Merrill Lynch, Pierce, Fenner & Smith Inc. | New York, NY | Retirement Asset Savings Program | Breach of contract | Honorable Victor Marrero |
| 17 | Estate of Bernard Sherlip v. Morgan Stanley et al., No. 1:24-cv-04571-VEC, S.D.N.Y. | Morgan Stanley;<br>Morgan Stanley & Co. LLC;<br>Morgan Stanley Smith Barney LLC | New York, NY | Bank Deposit Program | Breach of contract;<br>Breach of fiduciary duty;<br>Unjust enrichment | Honorable Valerie E. Caproni |
| 18 | Safron Capital Corp. v. Morgan Stanley et al., No. 1:24-cv-07750-ALC, S.D.N.Y. | Morgan Stanley;<br>Morgan Stanley Smith Barney LLC | New York, NY | Bank Deposit Program | Breach of fiduciary duty;<br>Violation of the Investment Advisers Act;<br>Breach of implied covenant of good faith & fair dealing;<br>Violation of RICO Act;<br>Gross negligence;<br>Negligent misrepresentation;<br>Unjust enrichment;<br>Violation of NY Gen. Bus. Law | Honorable Valerie E. Caproni |
| 19 | Vallin v. PNC Investments, LLC et al., No. 2:24-cv-01295-KT, W.D. Penn. | PNC Investments, LLC;<br>PNC Financial Servs. Grp, Inc;<br>Nat'l Financial Servs. LLC | PNC: Pittsburgh, PA;<br>NFS: Boston, MA | PNC Investments, LLC Proprietary Bank Deposit Sweep Program | Breach of fiduciary duty;<br>Gross negligence;<br>Breach of implied covenant of good faith & fair dealing;<br>Breach of contract;<br>Unjust enrichment | Honorable Kezia O.L. Taylor |

**APPENDIX TO EXHIBIT A: COMPARATIVE CHART OF CASES SUBJECT TO MOTION TO TRANSFER**

| Exhibit | Document Description |
|---|---|
| 1 | Order, *Mehlman et al. v. Ameriprise Financial, Inc., et al.*, No. 0:24-cv-03018, ECF 50 (Oct. 3, 2024 D. Minn.) |
| 2 | Order, *Loughran et al. v. Charles Schwab Corp., et al.*, No. 2:24-cv-07344, ECF 32 (Oct. 22, 2024 C.D. Cal.) |
| 3 | Order, *Frey v. Ameriprise Financial, Inc., et al.*, No. 0:24-cv-3360-SRN-LIP, D. Minn. (Sep. 17, 2024 D. Minn) |
| 4 | Notice of Voluntary Dismissal, *Vu v. LPL Financial LLC*, No. 3:24-cv-01484-TWR-AHG (Oct. 9, 2024 S.D. Cal.) |
| 5 | Order, *Peters v. LPL Financial LLC*, No. 3:24-cv-01228, ECF 30 (Oct. 16, 2024 S.D. Cal.) |
| 6 | Order, *Conran v. Raymon James Fin., Inc.*, No. 8:24-cv-2511, ECF 53 (Nov. 14, 2024 M.D. Fla.) |
| 7 | Order, *Goldsmith v. UBS Financial Servs. Inc.*, No. 1:24-cv-06354, ECF 29 (Nov. 1, 2024 S.D.N.Y.) |
| 8 | Order, *In re JP Morgan Chase Cash Sweep Program*, No. 1:24-cv-06404, ECF 22 (October 8, 2024 S.D.N.Y.) |
| 9 | Joint Letter, *Canales v. JPMorgan Chase & Co. et al.*, No. 1:24-cv-08377, ECF 39 (Nov. 15, 2024 S.D.N.Y.) |
| 10 | Memo Endorsement, *Canales v. JPMorgan Chase & Co. et al*., No. 1:24-cv-08377, ECF 40 (Nov. 18, 2024 S.D.N.Y.) |
| 11 | Order, *In re Wells Fargo Cash Sweep Litig.*, No. 3:24-cv-04616, ECF 31 (Sept. 23, 2024 N.D. Cal) |
| 12 | Order, *Cobb v. Wells Fargo & Co. et al.*, No. 3:24-cv-06696-VC, ECF 15 (Oct. 11, 2024 N.D. Cal.) |
| 13 | Mot., *Chakravarthy v. Wells Fargo & Co. et al.*, No. 2:24-cv-08831, ECF 19 (Nov. 12, 2024 C.D. Cal) |

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Susanne Mehlman and Joy Hultman, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., American Enterprise Investment Services, Inc., and Ameriprise Financial Services, LLC.,

Defendants.

Mindy Bender, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Ameriprise Financial, Inc., Ameriprise Financial Services, LLC., and American Enterprise Investment Services, Inc.,

Defendants.

No. 24-cv-3018 (JRT/DLM)
No. 24-cv-3359 (JRT/DLM)

**ORDER**

Before the Court is Plaintiffs Susanne Mehlman, Joy Hultman, and Mindy Bender's unopposed Motion to Consolidate Cases and to Appoint Counsel (Docs. 36 (Plaintiffs' motion), 38 (Plaintiffs' memorandum), 45 (Defendants' response taking no position on the motion).) In their unopposed motion, Plaintiffs ask the Court to consolidate the above-captioned cases brought against Defendants Ameriprise Financial, Inc., Ameriprise

Financial Services LLC, Ameriprise Financial Services Inc., and Ameriprise Enterprise Investment Services, Inc., pursuant to Federal Rule of Civil Procedure 42(a). They also ask the Court to appoint Berger Montague PC, Bernstein Litowitz Berger & Grossmann LLP, Williams Dirks Dameron LLC, Rosca Scarlato LLC, and Simmons Hanly Conroy LLP, as Interim Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

Under Federal Rule of Civil Procedure 42, courts may consolidate pending actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). To decide if cases should be consolidated, courts must balance "the savings of time and effort resulting from consolidation against any inconvenience, delay or expense that it would cause." *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991). Consolidation is warranted here because these two cases involve the same questions of law and fact, and are brought on behalf of the same proposed class against the same defendants.

Under Federal Rule of Civil Procedure 23, a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointment of interim class counsel "specifically requires the court to consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-cv-2687 (JNE/JJK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014) (citing Fed. R. Civ. P. 23(g)(1)). Having reviewed this motion, the Court finds that the proposed interim co-lead counsel—Berger Montague PC, Bernstein Litowitz Berger & Grossmann LLP, Williams Dirks Dameron LLC, Rosca

Scarlato LLC, and Simmons Hanly Conroy LLP—have demonstrated that they satisfy these requirements.

**ORDER**

Accordingly, based on all of the files, records, and proceedings above, **IT IS ORDERED** that:

1. Plaintiffs Susanne Mehlman, Joy Hultman, and Mindy Bender's unopposed Motion to Consolidate Cases and to Appoint Counsel (Doc. 36) is **GRANTED**;
2. The above-captioned actions are hereby **CONSOLIDATED** as of the date of this Order pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;
3. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any subsequently filed, removed, or transferred actions that are related to and arise out of the subject matter of the above-captioned actions are **CONSOLIDATED** for all purposes;
4. A copy of this Order shall be filed in both cases, but the files in this consolidated action shall be maintained under the master file case number 24-cv-3018 (JRT/DLM), and as of this Order's date, all filings related to these consolidated cases shall be filed only in case number 24-cv-3018 (JRT/DLM);
5. The Clerk of Court is directed to close case number 24-cv-3359 (JRT/DLM), and to update the case caption in the master file case number 24-cv-3018 (JRT/DLM) according to this Order of consolidation; and
6. Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, counsel for Plaintiffs Mehlman, Hultman and Bender, Berger Montague PC, Bernstein

Case MDL No. 3138 Document 71-1 Filed 11/27/24 Page 14 of 98

Litowitz Berger & Grossmann LLP, Williams Dirks Dameron LLC, Rosca Scarlato LLC, and Simmons Hanly Conroy LLP, are **APPOINTED** Interim Co-Lead Counsel in the consolidated action.

DATED: October 2, 2024

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY LOUGHRAN, ROSEMARY ORLANDO, and EDWARD CARR, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE CHARLES SCHWAB CORPORATION and CHARLES SCHWAB & CO., INC.,<br><br>Defendants. | Case No. 2:24-cv-07344-MRA-E<br><br>**ORDER GRANTING THE PARTIES' STIPULATION FOR CONSOLIDATING ACTIONS** |
| DONALD SAUNDERS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>THE CHARLES SCHWAB CORPORATION and CHARLES SCHWAB & CO., INC.,<br>Defendants. | Case No. 2:24-cv-7638-MRA-E |
| MICHAEL DAVIS and TERRANCE "TJ" MCDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE CHARLES SCHWAB CORPORATION and CHARLES SCHWAB & CO., INC.,<br>Defendants. | Case No. 2:24-cv-8410-MRA-E |

On October 17, 2024, Plaintiffs Mary Loughran, Rosemary Orlando, Edward Carr, Donald Saunders, Michael Davis and Terrance McDonald (together, "Plaintiffs"), and Defendants The Charles Schwab Corporation and Charles Schwab & Co., Inc. (together, "Defendants," and Plaintiffs and Defendants, collectively, the "Parties") filed the Stipulation for Order Consolidating Actions.

Having considered the Stipulation for Order Consolidating Actions, and for good cause shown, **IT IS HEREBY ORDERED THAT**:

1. The Stipulation is **GRANTED**.

2. The above-captioned actions are hereby **CONSOLIDATED** pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (the "Consolidated Action").

3. Defendants are not required to file any response to the complaints already filed in the above-captioned actions, or any initial or amended complaint in any action hereafter consolidated with the Consolidated Action except as provided under paragraph 10 below.

4. Each document filed in the Consolidated Action shall bear the following caption:

| | |
|---|---|
| *In re Charles Schwab Cash Sweep Litigation* | Case No. 2:24-cv-07344-MRA-E |

5. The file in *Loughran, et al. v. The Charles Schwab Corporation, et al.*, Case No. 2:24-cv-07344 shall constitute a Master File for every action in the Consolidated Action. When a document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies only to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No. C-[low-number action] (Doe)").

6. The terms of this Order shall apply to proposed class actions later instituted in, removed to, or transferred to this Court that are related to this case, as described in L.R. 83-1.3.1, as provided below.

7. One or more of the Parties shall file a Notice of Related Cases pursuant to L.R. 83-1.3.1 whenever a case that one or more Parties believes should be consolidated into this action is filed in, or transferred to, this District (a "New Case"). A copy of such Notice of Related Cases shall be filed in, and served on the parties to, the New Case.

8. After any New Case is related to the Consolidated Action by the Court, the New Case shall be consolidated into the Consolidated Action for pre-trial purposes and become subject to this Order seven (7) days after the Court's order deeming the New Case related or seven (7) days after notice of this Order is given as set forth above, whichever is later, unless any party to the Consolidated Action or the New Case files before the expiration of such seven (7)-day period an objection to consolidation showing cause why consolidation should not occur (in which event, any party seeking consolidation of the New Case may proceed by noticed motion or joint motion).

9. This Order is without prejudice to any later application that may be made by any of the Parties with respect to consolidation, severance, or any other matter.

10. Within seven (7) days after the Court appoints Interim Lead Counsel, Defendants' counsel and Interim Lead Counsel shall confer and jointly submit to the Court a proposed schedule regarding: (i) the date by which Plaintiffs will file a consolidated complaint or designate a complaint as the operative complaint; and (ii) the date by which Defendants will respond to the consolidated or operative complaint.

///

///

11. The Clerk shall administratively close case numbers 2:24-cv-7638-MRA-E and 2:24-cv-8410-MRA-SK.

**IT IS SO ORDERED.**

DATED: October 22, 2024

Hon. Mónica Ramírez Almadani
United States District Judge

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MARK FREY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERIPRISE FINANCIAL, INC.; AMERIPRISE FINANCIAL SERVICES, LLC; AMERIPRISE FINANCIAL SERVICES, INC.; and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,

Defendants.

Civil Case No. 24-3360 (SRN/LIB)

**ORDER**

---

This matter is before the Court on Plaintiff's Notice of Voluntary Dismissal. (Docket No. 30) Plaintiff seeks dismissal without prejudice of claims under Rule 41(a)(1)(A)(i). See Fed. R. Civ. P. 41(a)(1)(A)(i) (dismissal before the opposing party serves either an answer or a motion for summary judgment). A voluntary dismissal is effective without Court order, but in this District an order is required to close the case.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's claims are **DISMISSED without prejudice**.

Dated: Tuesday, September 17, 2024

*s/ Susan Richard Nelson*
Susan Richard Nelson
United States District Judge

# EXHIBIT 4

Rosemary M. Rivas (SBN 209147)
Rosanne L. Mah (SBN 242628)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
rmr@classlawgroup.com
rlm@classlawgroup.com

*Attorneys for Plaintiff Hieu Vu*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIEU VU, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LPL FINANCIAL LLC,<br><br>Defendant. | Case No. 3:24-cv-01484-TWR-AHG<br><br>**NOTICES OF VOLUNTARY DISMISSAL** |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Hieu Vu and his counsel hereby give notice that the above-captioned action is voluntarily dismissed without prejudice, against Defendant LPL Financial LLC.

DATED: October 9, 2024

Respectfully submitted,

**GIBBS LAW GROUP LLP**

By: */s/ Rosemary M. Rivas*

Rosemary M. Rivas (SBN 209147)
Rosanne L. Mah (SBN 242628)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
rmr@classlawgroup.com
rlm@classlawgroup.com

*Attorneys for Plaintiff Hieu Vu*

# EXHIBIT 5

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LPL FINANCIAL CASH SWEEP LITIGATION | Lead Case No.: 24-CV-1228 TWR (AHG) |
| DANIEL PETERS, individually and on behalf of all those similarly situated,<br>Plaintiff,<br>v.<br>LPL FINANCIAL LLC,<br>Defendant. | **ORDER (1) CONSOLIDATING CASES, AND (2) SETTING INITIAL CASE MANAGEMENT SCHEDULE**<br><br>(ECF No. 29) |
| DOUGLAS K. NEVITT, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>LPL FINANCIAL HOLDINGS INC. and LPL FINANCIAL LLC,<br>Defendants. | Member Case No.: 24-CV-1358 TWR (AHG) |
| CAROL WHITE, Individually and on Behalf of All Others Similarly Situated,<br>Plaintiff,<br>v.<br>LPL FINANCIAL HOLDINGS INC. and LPL FINANCIAL LLC,<br>Defendants. | Member Case No.: 24-CV-1724 TWR (AHG) |

Presently before the Court is Plaintiffs Daniel Peters, Douglas K. Nevitt, and Carol White and Defendants LPL Financial LLC and LPL Financial Holdings Inc.'s Joint Motion and Stipulation for Order Consolidating Cases and Setting Initial Case Management Schedule ("Jt. Mot.," ECF No. 29). Based upon the stipulation of counsel, and all files, records, and proceedings herein, and good cause shown, the Court **GRANTS** the Joint Motion and **ORDERS**:

## I. CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS

1. Each of the above-captioned actions (the "Related Actions") satisfies the requirements of Fed. R. Civ. P. 42(a). In addition, the Defendants in the Related Actions are substantially the same. Accordingly, pursuant to Fed. R. Civ. P. 42(a), each of the Related Actions is **HEREBY CONSOLIDATED** into *Peters v. LPL Financial LLC*, Case No. 24-CV-1228 TWR (AHG) (referred to hereafter as the "Consolidated Action") for all pre-trial purposes.

2. Each document filed in the Consolidated Action **SHALL BEAR** the following caption:

| | |
|---|---|
| *In re LPL Financial Cash Sweep Litigation* | Case No. 24-CV-1228 TWR (AHG) |

3. The file in *Peters v. LPL Financial LLC,* Case No. 24-CV-1228, **SHALL CONSTITUTE** a Master File for every action in the Consolidated Action. When a document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Documents Relates To:". When a pleading applies only to some, but not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (*e.g.*, "No. 24-CV-[relevant action] (Doe))."

/ / /

/ / /

/ / /

4. The terms of this Order **SHALL APPLY** to actions filed as proposed class actions later instituted in, removed to, or transferred to this Court that are related to this case, as described in Civil Local Rule 40.1(e)–(i), as provided below.

5. The Parties **SHALL FILE** a Notice of Related Cases pursuant to Civil Local Rule 40.1(f), which shall attach a copy of this Order, whenever a case that one or more Parties believes should be consolidated into the Consolidated Action is filed in, or transferred to, this District (a "New Case"). A copy of such Notice shall be filed in, and served on the parties to, the New Case.

6. After any New Case is related to the Consolidated Action by the Court, the New Case **SHALL BE CONSOLIDATED** into the Consolidated Action for pre-trial purposes and become subject to this Order seven (7) days after the Court's order deeming the New Case related or seven (7) days after notice of this Order is given as set forth above, whichever is later, unless any party to the Consolidated Action or the New Case files before the expiration of such seven (7) day period an objection to consolidation showing cause why consolidation should not occur (in which event, any party seeking consolidation of the New Case may proceed by noticed motion or joint motion).

7. This Order is **WITHOUT PREJUDICE** to any later application that may be made by the Parties with respect to consolidation, severance, or any other matter.

## II. INITIAL CASE MANAGEMENT SCHEDULE

8. Plaintiffs **SHALL FILE** a motion for the appointment of Interim Lead Counsel.

9. A Consolidated Class Action Complaint **SHALL BE DUE** within thirty (30) days of the Order appointing Interim Lead Counsel. Defendants' response **SHALL BE DUE** thirty (30) days after the filing of the Consolidated Class Action Complaint. Defendants are not required to file any response to the Complaints already filed in the Related Actions, or any initial or amended complaint in any action hereafter consolidated with the Consolidated Action. The Joint Motion addresses the requirements of the last

/ / /

sentence of this Court's September 10, 2024 Order in *Peters* (*Peters*, ECF No. 27), and the foregoing pleading schedule shall control as to each of the Related Actions.

**IT IS SO ORDERED.**

Dated: October 16, 2024

Honorable Todd W. Robinson
United States District Judge

# EXHIBIT 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI CONRAN, Individually and
as Trustee of the Conran Family Trust,
on behalf of herself and all others
similarly situated,

Plaintiff,

v. Case No: 8:24-cv-2511-KKM-AAS

RAYMOND JAMES FINANCIAL, INC.,
RAYMOND JAMES FINANCIAL
SERVICES ADVISORS, INC., and
RAYMOND JAMES FINANCIAL
SERVICES, INC.,

Defendants.

---

## ORDER

The parties move under Federal Rule 42 and Local Rule 1.07(b) to consolidate this action with Case No. 8:24-cv-2041-KKM-CPT, *Schmidlin, et al. v. Raymond James Financial, Inc., et al.* Mot. to Consolidate (Doc. 50).

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." Similarly, Local Rule 1.07(b) allows for consolidation if separate actions "present the probability of inefficiency or inconsistency." "[T]he decision to invoke [Rule 42] is entirely within the discretion of the

district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).[1] The Eleventh Circuit has "encouraged trial judges to 'make good use of Rule 42(a) . . . in order to expedite . . . trial and eliminate unnecessary repetition and confusion.' " *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (first omission in the original) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)). In exercising my discretion under Rule 42, I consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alterations in the original) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Consolidation is warranted in the light of these factors. The two putative class actions raise similar issues about the lawfulness of Raymond James's "cash sweep" programs. *See, e.g.*, Schmidlin Compl. (Doc. 1 in 8:24-cv-2041-KKM-CPT) ¶¶ 1–6, 23–49; Conran Compl. (Doc. 1) ¶¶ 21–80. Although the actions are not entirely the same—the complaint in *Schmidlin* alleges two additional claims and the *Conran* action has one less defendant—any inefficiencies that would result will be remedied by a forthcoming

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

consolidated complaint "that will control both actions." Mot. to Consolidate at 4. Further, counsel for the plaintiffs in *Conran* and *Schmidlin* have "conferred and agree to work cooperatively to litigate the claims against Defendants on behalf of the purported class." *Id.* at 2–3. Therefore, the parties are correct that "efficiency and consistency are best served" by consolidation. *Id.* at 2.

Accordingly, the following is **ORDERED:**

1. The Unopposed Joint Motion to Consolidate (Doc. 50) Case No. 8:24-cv-2511-KKM-AAS and Case No. 8:24-cv-2041-KKM-CPT is **GRANTED**. The clerk is directed to **CONSOLIDATE** Case No. 8:24-cv-2511-KKM-AAS and Case No. 8:24-cv-2041-KKM-CPT for all further proceedings.
2. This action shall proceed under the lead case No. 8:24-cv-2041-KKM-CPT and all future pleadings shall be filed in that case. Case No. 8:24-cv-2511-KKM-AAS is **ADMINISTRATIVELY CLOSED.**
3. The parties shall identify this action in every paper filed by the case number **8:24-cv-2041-KKM-CPT (Consolidated).**
4. The clerk shall promptly docket in No. 8:24-cv-2041-KKM-CPT a notice of the entry of this order.

5. No later than **November 21, 2024**, counsel for the plaintiffs in this action and No. 8:24-cv-2041-KKM-CPT must file a motion requesting the Court to designate interim lead counsel. *See* FED. R. CIV. P. 23(g)(3).

6. No later than **thirty (30)** days after the Court's order appointing interim lead counsel, the plaintiffs may file a consolidated complaint.

7. No later than **forty-five (45) days** after the plaintiffs file a consolidated complaint, the defendants may file a motion to dismiss. The motion may not exceed a total of **forty (40) pages** in length (including all parts).

8. No later than **forty-five (45) days** after the defendants file a motion to dismiss, the plaintiffs may file a response not exceeding **forty (40) pages** in length (including all parts).

**ORDERED** in Tampa, Florida, on November 14, 2024.

Kathryn Kimball Mizelle

Kathryn Kimball Mizelle
United States District Judge

# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KELLY GOLDSMITH, Plaintiff, -v.- UBS FINANCIAL SERVICES INC. Defendant. | : | ORDER<br>24 Civ. 6354 (GHW) (GWG) |
| ANDREW DAVITT, Plaintiff, -v.- UBS FINANCIAL SERVICES INC. Defendant. | : | 24 Civ. 6692 (GHW) (GWG) |

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Before the Court is plaintiffs' motion for consolidation of the above-referenced cases and appointment of interim class counsel. See Notice of Plaintiffs' Motion for Consolidation and Appointment of Interim Class Counsel, filed October 8, 2024 (Docket # 20); Memorandum in Support of Plaintiffs' Motion for Consolidation and Appointment of Interim Class Counsel, filed October 8, 2024 (Docket # 21) ("Mem."); Joint Declaration of John Rizio-Hamilton, Michael Dell'Angelo, and Matthew L. Dameron in Support of Plaintiffs' Motion for Consolidation and Appointment of Interim Class Counsel, filed October 8, 2024 (Docket # 22) ("Joint Decl."). Defendant has opposed the application in part by letter. See Letter, filed October 22, 2024 (Docket # 24) ("Opp."). Plaintiffs have filed a letter in reply. See Letter, filed October 24, 2024 (Docket #25) ("Response").

Consolidation

Because the above-referenced actions plainly involve common questions of law and fact and because there is no objection from any party, the actions are hereby consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Appointment of Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). While Rule 23(g)(3) does not give criteria for selecting interim counsel, "[c]andidates for interim class counsel are evaluated under the same rubric as potential counsel for certified classes." Deangelis v. Corzine, 286 F.R.D. 220, 223 (S.D.N.Y. 2012).

Under Rule 23(g)(1)(A), the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Rule 23(g)(2) provides that where more than one applicant meets these criteria, "the court must appoint the applicant best able to represent the interests of the class." It appears that the reference to "the applicant" has not been read to exclude the appointment of multiple firms to act as co-counsel. See, e.g., Deangelis, 286 F.R.D. at 224 (appointing two firms as "co-lead counsel"). Here, plaintiffs propose the appointment of three law firms: Bernstein Litowitz Berger & Grossmann LLP, Berger Montague PC, and Williams Dirks Dameron LLC. See Mem. at 1.

For its part, defendant does not object to the appointment of class counsel or to the qualifications of any of the proposed law firms. Instead, it objects to the appointment of three law firms instead of a single firm. See Opp. at 1-2.

While the Court certainly has concerns that the appointment of three firms could raise costs, the firms have represented that they have put procedures in place to ensure that any duplication of effort is minimized. See Joint Decl. at ¶ 9. They persuasively argue that the pooling of expertise will in fact achieve efficiencies. See Response at 2. Furthermore, in a case of this magnitude, it is fair that the risk of loss be spread among more than one firm. Obviously, the Court will carefully scrutinize any future fee application and will be able to ensure that no fees are awarded for unreasonable attorney hours.

As for the criteria listed in Rule 23(g)(1)(A), the firms have already done extensive work on this case, have vast experience in class actions involving financial matters, are obviously well-versed in the applicable law, and have the resources necessary to prosecute this action.

<u>Conclusion</u>

Accordingly, the plaintiffs' motion (Docket # 20 in 24 Civ. 6354) is granted. The two above-captioned cases are consolidated. From today forward, all filings shall be made exclusively in 24 Civ. 6354. The firms of Bernstein Litowitz Berger & Grossmann LLP, Berger Montague PC, and Williams Dirks Dameron LLC are hereby appointed Interim Class Counsel in the consolidated action.

Finally, on or before November 12, 2024, the parties shall file an agreed proposal or separate proposals for the deadlines for (1) the filing of a consolidated amended complaint and (2) the filing of either an answer or a letter to Judge Woods seeking permission to file a motion to dismiss in accordance with paragraph 2.E of Judge Woods' Individual Practices.

SO ORDERED.

Dated: November 1, 2024
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAN BODEA, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO. and J.P. MORGAN SECURITIES LLC,<br><br>Defendants. | Case No. 1:24-cv-06404<br><br>**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER TO CONSOLIDATE CLAIMS AND SET TIME FOR APPLICATION FOR INTERIM CLASS COUNSEL** |
| KENNETH LOPEZ, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO. and J.P. MORGAN SECURITIES LLC,<br><br>Defendants. | Case No. 1:24-cv-06489<br><br>The Clerk of Court is respectfully directed to close the motion at docket number 21 in 24cv6489 and the motion at docket number 26 in 24cv6404. The Clerk of Court is further respectfully directed to close Case No. 24cv6489.<br><br>Dated: October 8, 2024<br>New York, New York<br><br>LORNA G. SCHOFIELD<br>UNITED STATES DISTRICT JUDGE |

WHEREAS Dan Bodea and Kenneth Lopez ("Plaintiffs") filed the following actions:

a. *Bodea v. JPMorgan Chase & Co. et al.*, 1:24-cv-06404-LGS, filed on August 23, 2024; and

b. *Lopez v. JPMorgan Chase & Co. et al.*, 1:24-cv-06489-LGS, filed on August 28, 2024 (collectively, the "Actions");

WHEREAS Plaintiffs and Defendants JPMorgan Chase & Co. and J.P. Morgan Securities LLC ("Defendants") (together the "Parties") agree that the Actions arise out of similar operative facts and assert similar legal claims against Defendants, including, among other things, that

Defendants breached their fiduciary duties and contractual obligations to Plaintiffs and proposed Class members with respect to their cash sweep program;

WHEREAS the Parties agree that consolidation of the Actions meets the requirements of Rule 42(a) of the Federal Rules of Civil Procedure and that the interests of fair and efficient administration of the Actions and the avoidance of unnecessary duplicative efforts warrant the consolidation of the Actions;

WHEREAS while Defendants agree that the requirements of Rule 42(a) are met, Defendants expressly reserve all rights to challenge whether the Actions state legally cognizable claims or may be properly brought as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS the Parties also agree that the establishment of a time for the filing of applications for appointment of Interim Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure is warranted for the fair and efficient management of the Actions;

WHEREAS the Parties believe that any actions later instituted in, removed to, or transferred to this Court that involve substantially similar issues of law and fact should be consolidated with the Actions;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, [AND ORDERED]:

1. The above-captioned actions shall be consolidated into *Bodea v. JPMorgan Chase & Co., et al.*, 1:24-cv-06404-LGS.

2. The caption of the consolidated action shall be "*In re JP Morgan Chase Cash Sweep Program*, Case No. 1:24-cv-06404-LGS."

3. All future documents in the Actions shall be filed on Docket No. 1:24-cv-06404-LGS.

4. Any actions later instituted in, removed to, or transferred to this Court that involve the same or substantially similar issues of law and fact shall, subject to applicable rules, be consolidated into *In re JP Morgan Chase Cash Sweep Program*, Case No. 1:24-cv-06404-LGS.

5. Counsel for the Parties shall advise the Court of the filing or transfer of any action that might properly be consolidated with the consolidated action within seven (7) days of learning of such action.

6. Any motions or stipulations for the appointment of Interim Class Counsel must be filed seven (7) days after an Order granting this Stipulation, by no later than 8:00 p.m. ET. If the due date falls on a weekend or holiday, the due date shall be extended to the next business day.

Dated: October 4, 2024

Respectfully submitted,

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo (pro hac vice)
Radha Nagamani Raghavan
Alex B. Heller (pro hac vice)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Email: mdellangelo@bm.net
rraghavan@bm.net
aheller@bm.net

Alan L. Rosca, Esq. (PHV pending)
Jonathan A. Korte, Esq. (PHV forthcoming)
ROSCA SCARLATO LLC
2000 Auburn Dr. Suite 200
Beachwood, OH 44122
Telephone: (216) 946-7070
Email: arosca@rscounsel.law
jkorte@rscounsel.law
-and-
Paul J. Scarlato, Esq. (PHV pending)
161 Washington Street, Suite 1025
Conshohocken, PA 19428
Telephone: (216) 946-7070
Email: pscarlato@rscounsel.law

*Counsel for Plaintiff Bodea and the Proposed Class*

*/s/ Jayant W. Tambe*
Jayant W. Tambe
Laura W. Sawyer
Meredith Christian
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306
Email: jtambe@jonesday.com
lwsawyer@jonesday.com
mchristian@jonesday.com

*Counsel for Defendants JPMorgan Chase & Co. and J.P. Morgan Securities LLC*

*/s/ Linda P. Nussbaum*

Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
Telephone: (917) 438-9189
Email: lnussbaum@nussbaumpc.com

Michele Carino
GREENWICH LEGAL ASSOCIATES, LLC
881 Lake Avenue, Greenwich CT 06831
Telephone: (203) 629-4900
Email: mcarino@grwlegal.com

*Counsel for Plaintiff Lopez and the Proposed Class*

**SO ORDERED.**

Dated: October 7, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# EXHIBIT 9

November 15, 2024

<u>VIA ELECTRONIC COURT FILING</u>

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: 1. <u>*Jamie Canales v. JP Morgan Chase and Co. et al*, Docket No. 1:24-cv-08377</u>
2. <u>*In re JP Morgan Chase Cash Sweep Program*, Docket No. 1:24-cv-06404</u>

Dear Judge Schofield,

The parties submit this joint letter in response to this Court's Order, following the transfer of *Jamie Canales v. JP Morgan Chase and Co. et al*, Docket No. 1:24-cv-08377 ("*Canales*") to this Court, that the parties file either a stipulation of consolidation or a joint letter stating the parties' respective positions concerning consolidation with *In re JP Morgan Chase Cash Sweep Program*, Docket No. 1:24-cv-06404 (the "Consolidated Action"). *See Canales* at ECF No. 38.

**A. Plaintiff Canales' Position**

While Plaintiff Canales agrees that his case should be consolidated with the Consolidated Action, he respectfully requests that his Counsel be permitted to file an application for leadership before Plaintiffs proceed with a consolidated amended complaint or any other form of consolidated action.

The reason for Plaintiff Canales' request is that there are important differences between his complaint and the complaints filed by Plaintiffs Bodea and Lopez. Plaintiffs Bodea and Lopez seek to certify a class of "all persons who held cash positions in accounts custodied by Defendants, and whose cash was subject to Defendants' Bank Deposit Sweep Program." *Bodea* ECF No. 1 ¶ 53. By contrast, Plaintiff Canales seeks certification of a narrower class composed only of "all persons who held cash positions in *retirement accounts* custodied by Defendants and whose cash was subject to Defendants' Bank Deposit Sweep Program." *Canales* ECF No. 1 ¶ 74 (emphasis added). Additionally, Plaintiff Canales seeks to certify a California Sub-Class for violation of the California Unfair Competition Law. *Id.* ¶¶ 114–125. Plaintiff Canales pleads a narrower class because, as alleged in his complaint, Defendants owe unique contractual and legal duties to retirement accountholders which make their claims stronger and more likely to be certified than those of brokerage accountholders. Should these cases be consolidated, Plaintiff Canales' Counsel seek to apply for a leadership position alongside Plaintiff Bodea's Counsel so that they may protect this very different sub-class and assure that their unique rights and interests are properly litigated.

Based on the foregoing, Plaintiff Canales respectfully suggests that the cases should be consolidated on condition that the deadline to file any motions or stipulations for the

appointment of Interim Class Counsel be extended to within seven days of an order granting consolidation.

**B. Plaintiff Bodea's Position (supported by Plaintiff Lopez)**

Plaintiff Canales agrees that his case should be consolidated with the Consolidated Action, yet refused to join a proper consolidation stipulation prepared by Defendants in accordance with the Court's Order. *See Canales*, ECF No. 38.

As to leadership, we note that Plaintiff Canales elected not to follow the leadership process established by this Court's October 8 Order, which provided that leadership applications were to be filed on October 15. Consolidated Action, ECF No. 29. *Canales* was filed on September 19. His counsel could have participated in the established leadership application process as set forth in this Court's October 8 Order. Instead, at around the time leadership papers were due, counsel for Canales was indicating they would oppose transfer to this Court. *See* Consolidated Action, ECF No. 31. Pursuant to this Court's schedule, Plaintiff Bodea properly filed his leadership application on October 15. Consolidated Action, ECF Nos. 38, 39. Plaintiff Canales elected not to do so.

If the Court allows Plaintiff Canales to file a belated competing leadership motion, Plaintiff Bodea intends to oppose such motion and/or amend his own motion. Plaintiff Bodea will explain that the *Bodea* action fully subsumes the narrow *Canales* action. Plaintiff Bodea will further explain how the interests of all potential class members are fully protected by the *Bodea* action. Further, Plaintiff Bodea will explain that that there is a wider effort by counsel for plaintiff Canales to file copycat complaints throughout the country against other financial institutions already being sued by the same counsel representing Bodea, attempting to bypass already established leadership processes in those cases. Finally, Plaintiff Bodea will explain how the conduct by Canales' counsel has made it untenable to work alongside each other and Plaintiff Bodea would oppose any such arrangement.

**D. Defendants' Position**

The requirements for consolidation are readily satisfied. Rule 42(a) permits consolidation when there are "common question[s] of law or fact." Both actions allege wrongdoing by the same defendants, rest on the same central factual allegations, and assert many of the same claims on behalf of overlapping classes of investors. Indeed, substantial portions of the factual allegations of the *Canales* complaint are copied directly from the complaints in the Consolidated Action. Given these commonalities, consolidation is warranted to "eliminate unnecessary repetition and confusion" that would flow from litigating essentially identical cases separately. *Devlin v. Transportation Commc'ns Int'l Union*, 175 F. 3d 121, 130 (2d Cir. 1999) (quotation omitted).

All parties agree that these cases should be consolidated. Indeed, earlier this week, Canales' counsel represented by e-mail that he believes the cases should be consolidated. Based on that representation, Defendants prepared a stipulation, consistent with the Court's order. *See* Case No. 1:24-cv-0377, Dkt. 38. The next day, however, Canales' counsel reversed course and said he would consent to consolidation only if the parties agreed that his firm would have an

opportunity to seek a leadership role in the case. While Defendants take no position on the appointment of interim class counsel, there is no reason for consolidation to be delayed by Plaintiff Canales' gamesmanship. Accordingly, Defendants respectfully submit that the Court should exercise its authority to consolidate the above-captioned actions without further delay. *See Devlin*, 175 F. 3d at130 ("A district court can consolidate related cases . . . sua sponte.").

Respectfully submitted,

*/s/ Andrew Shamis*
Andrew Shamis
SHAMIS & GENTILE P.A.
14 N.E. 1st Ave, Suite 705
Miami, FL 33132
(305) 479-2299
Fax: (786) 623-0915
ashamis@shamisgentile.com

Scott Edelsberg (*pro hac vice* forthcoming)
Adam Schwartzbaum (*pro hac vice* forthcoming)
EDELSBERG LAW PA
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
(305) 975-3320
scott@edelsberglaw.com
adam@edelsberglaw.com

*Counsel for Plaintiff Canales and the Proposed Class*

*/s/ Laura W. Sawyer*
Jayant W. Tambe
Laura W. Sawyer
Meredith Christian
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939
Fax: (212) 755-7306
jtambe@jonesday.com
lwsawyer@jonesday.com
mchristian@jonesday.com

*Counsel for Defendants JPMorgan Chase & Co. and J.P. Morgan Securities LLC*

<u>*/s/ Michael Dell'Angelo*</u>
Michael Dell'Angelo (*pro hac vice*)
Alex B. Heller (*pro hac vice*)
Radha Nagamani Raghavan
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Email: mdellangelo@bm.net
aheller@bm.net
rraghavan@bm.net

Salvatore J. Graziano
John Rizio-Hamilton
Avi Josefson
Michael D. Blatchley
BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1493
Fax: (212) 554-1444
sgraziano@blbglaw.com
johnr@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

Alan L. Rosca, Esq. (*pro hac vice*)
Jonathan A. Korte, Esq. (*pro hac vice*)
ROSCA SCARLATO LLC
2000 Auburn Dr., Suite 200
Beachwood, OH 44122
Telephone: (216) 946-7070
Email: arosca@rscounsel.law
jkorte@rscounsel.law

Paul J. Scarlato, Esq. (*pro hac vice*)
ROSCA SCARLATO LLC
161 Washington Street, Suite 1025
Conshohocken, PA 19428
Telephone: (216) 946-7070
Email: pscarlato@rscounsel.law

Thomas I. Sheridan, III
Sona Ramesh Shah
SIMMONS HANLY CONROY LLC

112 Madison Ave., 7th Floor
New York, NY 10016
(212) 784-6283
tsheridan@simmonsfirm.com
sshah@simmonsfirm.com

Matthew L. Dameron
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 945-7135
Fax: (816) 945-7118
matt@williamsdirks.com

*Counsel for Plaintiff Bodea and the Proposed Class*

*/s/ Linda P. Nussbaum*
Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
Telephone: (917) 438-9189
Email: lnussbaum@nussbaumpc.com

Michele Carino
GREENWICH LEGAL ASSOCIATES, LLC
881 Lake Avenue
Greenwich CT 06831
Telephone: (203) 629-4900
Email: mcarino@grwlegal.com

*Counsel for Plaintiff Lopez and the Proposed Class*

# EXHIBIT 10

Plaintiff Canales' request to move for leadership is **GRANTED**. Plaintiff Canales shall file his motion for leadership by **November 26, 2024**. Plaintiffs Bodea and Lopez shall file any opposition and/or amended motion for leadership by **December 10, 2024**. A conference will be held for an oral ruling on the motion on **December 20, 2024, at 11 A.M.** The conference will be telephonic and will be held on the following conference line: 1 (855) 244-8681, access code: 2311 193 8649. No oral argument will take place at the conference.

Dated: November 18, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

November 15, 2024

VIA ELECTRONIC COURT FILING

Re: 1. *Jamie Canales v. JP Morgan Chase and Co. et al*, Docket No. 1:24-cv-08377
2. *In re JP Morgan Chase Cash Sweep Program*, Docket No. 1:24-cv-06404

Dear Judge Schofield,

The parties submit this joint letter in response to this Court's Order, following the transfer of *Jamie Canales v. JP Morgan Chase and Co. et al*, Docket No. 1:24-cv-08377 ("*Canales*") to this Court, that the parties file either a stipulation of consolidation or a joint letter stating the parties' respective positions concerning consolidation with *In re JP Morgan Chase Cash Sweep Program*, Docket No. 1:24-cv-06404 (the "Consolidated Action"). *See Canales* at ECF No. 38.

**A. Plaintiff Canales' Position**

While Plaintiff Canales agrees that his case should be consolidated with the Consolidated Action, he respectfully requests that his Counsel be permitted to file an application for leadership before Plaintiffs proceed with a consolidated amended complaint or any other form of consolidated action.

The reason for Plaintiff Canales' request is that there are important differences between his complaint and the complaints filed by Plaintiffs Bodea and Lopez. Plaintiffs Bodea and Lopez seek to certify a class of "all persons who held cash positions in accounts custodied by Defendants, and whose cash was subject to Defendants' Bank Deposit Sweep Program." *Bodea* ECF No. 1 ¶ 53. By contrast, Plaintiff Canales seeks certification of a narrower class composed only of "all persons who held cash positions in *retirement accounts* custodied by Defendants and whose cash was subject to Defendants' Bank Deposit Sweep Program." *Canales* ECF No. 1 ¶ 74 (emphasis added). Additionally, Plaintiff Canales seeks to certify a California Sub-Class for violation of the California Unfair Competition Law. *Id.* ¶¶ 114–125. Plaintiff Canales pleads a narrower class because, as alleged in his complaint, Defendants owe unique contractual and legal duties to retirement accountholders which make their claims stronger and more likely to be certified than those of brokerage accountholders. Should these cases be consolidated, Plaintiff Canales' Counsel seek to apply for a leadership position alongside Plaintiff Bodea's Counsel so that they may protect this very different sub-class and assure that their unique rights and interests are properly litigated.

Based on the foregoing, Plaintiff Canales respectfully suggests that the cases should be consolidated on condition that the deadline to file any motions or stipulations for the

# EXHIBIT 11

Rosemary M. Rivas (SBN 209147)
Rosanne L. Mah (SBN 242628)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
rmr@classlawgroup.com
rlm@classlawgroup.com

*Attorneys for Plaintiff Daniel Varady*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH BUJOLD, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO CLEARING SERVICES, LLC, d/b/a WELLS FARGO ADVISORS,<br><br>Defendants. | Case No. 3:24-cv-04616-VC<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER TO CONSOLIDATE CASES PURSUANT TO FED. R. CIV. P. 42(a)**<br><br>Judge: Hon. Vince Chhabria<br><br>Action Filed: July 30, 2024 |
| EDWARD NADOLNY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY; and WELLS FARGO CLEARING SERVICES, LLC, d/b/a WELLS FARGO ADVISORS.<br><br>Defendants. | Case No. 3:24-cv-04633-VC<br><br>Action Filed: July 31, 2024 |

DANIEL VARADY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WELLS FARGO & COMPANY and WELLS FARGO CLEARING SERVICES, LLC, d/b/a WELLS FARGO ADVISORS,

Defendants.

Case No. 3:24-cv-04917-VC

Action Filed: August 8, 2024

**IT IS HEREBY STIPULATED** as follows:

WHEREAS, the three above-captioned proposed consumer class actions are pending before the United States District Court for the Northern District of California, entitled: *Bujold v. Wells Fargo & Company, et al.*, Case No. 3:24-cv-04616-VC, filed on July 30, 2024 ("*Bujold*"); *Nadolny v. Wells Fargo & Company, et al.*, Case No. 4:24-cv-04633-AMO, filed on July 31, 2024 ("*Nadolny*"); and *Varady v. Wells Fargo & Company, et al.*, Case No. 3:24-cv-04917-TSH, filed on August 8, 2024 ("*Varady*") (together the "Actions" and collectively all plaintiffs are referred to herein as "Plaintiffs"); and

WHEREAS, counsel for the Plaintiffs in each of the Actions and Defendants have met and conferred and each have concluded that it is in the best interests of the respective parties and absent proposed class members that the above-captioned actions be consolidated for pre-trial purposes and proceed as contemplated herein; and

WHEREAS, Plaintiffs assert the Actions arise out of the same set of operative facts and assert similar legal claims against Defendants Wells Fargo & Company and Wells Fargo Clearing Services, LLC, dba Wells Fargo Advisors (hereinafter, collectively as "Wells Fargo" or "Defendants"), alleging that Wells Fargo breached its duties, including fiduciary duties, and contractual and other obligations to Plaintiffs and Class members in the operation of the Wells Fargo cash sweep program.

WHEREAS, Plaintiffs assert that each Action seeks, among other things, monetary and equitable relief for breach of fiduciary duty, breach of contract, gross negligence, and unjust enrichment, and Plaintiff Varady alleges an additional claim for breach of the implied covenant of good faith and fair dealing; and

WHEREAS, Wells Fargo disputes all of these claims and requests for relief; and

WHEREAS, Plaintiffs in each Action and Defendants agree that consolidation of the Actions meet the requirements of Rule 42(a) of the Federal Rules of Civil Procedure, the interests of fair and efficient administration of the Actions and the avoidance of unnecessary duplicative efforts, warrants the consolidation of the Actions, and the establishment of a deadline to file applications for interim class counsel; and

WHEREAS, all served parties, through their respective counsel have stipulated to the terms provided herein.

**IT IS HEREBY AGREED AS FOLLOWS:**

**I. CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS**

1. Each of the Actions satisfies the requirements of Fed. R. Civ. P. 42(a). In addition, the parties in the Actions are substantially the same. Accordingly, for pre-trial purposes, each of the Actions is hereby consolidated into *Bujold v. Wells Fargo & Company, et al.*, Case No. 3:24-cv-04616-VC, and is referred to herein as the Consolidated Action. Each document filed by a party to this litigation shall bear the following caption:

| | |
|---|---|
| *In Re Wells Fargo Cash Sweep Litigation* | Case No. 3:24-cv-04616-VC |

2. The terms of this Order shall apply to actions later instituted in, removed to, or transferred to this Court that involved the same or substantially similar issues of law and fact, subject to applicable rules.

3. Counsel shall call to the attention of the Court and the Clerk the filing or transfer of any case which might properly be consolidated with the Consolidated Action.

**II. APPLICATIONS FOR INTERIM CLASS COUNSEL**

4. Any applications or motions for the appointment of Interim Class Counsel must be filed seven (7) days after an order granting consolidation, no later than 5:00 p.m. PT. If the due date falls on a weekend or holiday, the due date shall be extended to the next business day.

**III. CONSOLIDATED CLASS ACTION COMPLAINT**

5. A Consolidated Class Action Complaint is due within twenty-eight (28) days of the order appointing Interim Class Counsel. Any response is due forty (40) days after the filing of the Consolidated Class Action Complaint. The Defendants are not required to file any response to the complaints already filed in the *Bujold, Nadolny,* and *Varady* actions.

6. If Defendants move to dismiss the Consolidated Class action Complaint, then Plaintiffs shall have forty (40) days to respond to Defendants' motion, and Defendants shall have twenty-one (21) days to reply.

7. All civil motions, except for motions for preliminary or final approval of class action settlements or motions for default judgment, must be noticed for in-person hearing on Thursdays at 10:00 a.m.

**IT IS SO STIPULATED.**

DATED: September 23, 2024

Respectfully submitted,

**GIBBS LAW GROUP LLP**

By: */s/ Rosemary M. Rivas*
Rosemary M. Rivas (SBN 209147)
Rosanne L. Mah (SBN 242628)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
rmr@classlawgroup.com
rlm@classlawgroup.com

*Attorneys for Plaintiff Daniel Varady*

*/s/ Joshua P. Davis*
Joshua P. Davis (SBN 193254)
Kyla J. Gibboney (SBN 301441)
Julie A. Pollock (SBN 346081)
**BERGER MONTAGUE PC**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Tel: (800) 424-6690
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Attorneys for Plaintiff Keith Bujold*

*/s/ Deborah Rosenthal*
Deborah Rosenthal (SBN 184241)
**Simmons Hanly Conroy LLP**
455 Market St., Ste. 1270
San Francisco, CA 94105
Telephone: 415-536-3986

Case 3:24-cv-04616-VC Document 7-1 Filed 09/23/24 Page 6 of 8

drosenthal@simmonsfirm.com

*Attorneys for Plaintiff Edward Nadolny*

*/s/ Bryan A. Merryman*
Bryan A. Merryman (SBN 134357)
bmerryman@whitecase.com
**WHITE & CASE LLP**
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

David G. Hille (*pro hac vice* forthcoming)
dhille@whitecase.com
Gregory M. Starner (*pro hac vice* forthcoming)
gstarner@whitecase.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE AND FILER'S ATTESTATION**

I hereby certify that on September 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories

/s/ *Rosemary M. Rivas*
Rosemary M. Rivas

**~~[PROPOSED]~~ ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

**I. CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS**

1. Each of the Actions satisfies the requirements of Fed. R. Civ. P. 42(a). In addition, the parties in the Actions are substantially the same. Accordingly, for pre-trial purposes, each of the Actions is hereby consolidated into *Bujold v. Wells Fargo & Company*, *et al.*, Case No. 3:24-cv-04616-VC, and is referred to herein as the Consolidated Action. Each document filed by a party to this litigation shall bear the following caption:

| | |
|---|---|
| *In Re Wells Fargo Cash Sweep Litigation* | Case No. 3:24-cv-04616-VC |

2. The terms of this Order shall apply to actions later instituted in, removed to, or transferred to this Court that involved the same or substantially similar issues of law and fact, subject to applicable rules.

3. Counsel shall call to the attention of the Court and the Clerk the filing or transfer of any case which might properly be consolidated with the Consolidated Action.

**II. APPLICATIONS FOR INTERIM CLASS COUNSEL**

4. Any applications or motions for the appointment of Interim Class Counsel must be filed seven (7) days after an order granting consolidation, no later than 5:00 p.m. PT. If the due date falls on a weekend or holiday, the due date shall be extended to the next business day.

**III. CONSOLIDATED CLASS ACTION COMPLAINT**

5. A Consolidated Class Action Complaint is due within twenty-eight (28) days of the order appointing Interim Class Counsel. Any response is due forty (40) days after the filing of the Consolidated Class Action Complaint. The Defendants are not required to file any response to the complaints already filed in the *Bujold*, *Nadolny*, and *Varady* actions.

6. If Defendants move to dismiss the Consolidated Class action Complaint, then Plaintiffs shall have forty (40) days to respond to Defendants' motion, and Defendants shall have twenty-one (21) days to reply.

7. All civil motions, except for motions for preliminary or final approval of class action settlements or motions for default judgment, must be noticed for in-person hearing on Thursdays at 10:00 a.m.

8. Because Case No. 24-4616 is now the lead case, the Clerk's Office is directed to close Case Nos. 24-4633 and 24-4917.

DATED: September 23, 2024

UNITED STATES DISTRICT COURT
HONORABLE VINCE CHABBRIA

# EXHIBIT 12

| | | |
|---|---|---|
| 10/11/2024 | 15 | **Order by Judge Vince Chhabria denying (57) Stipulation in case 3:24-cv-04616-VC. Order. The Cobb case, 24-6696, is consolidated with In re Wells Fargo Cash Sweep Litigation, 24-4616. The motions to appoint interim class counsel will be discussed at the CMC on Nov. 1. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* Associated Cases: 3:24-cv-04616-VC, 3:24-cv-04633-VC, 3:24-cv-04917-VC, 3:24-cv-06696-VC(vclc3, COURT STAFF) (Filed on 10/11/2024) (Entered: 10/11/2024)** |

# EXHIBIT 13

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOPAL CHAKRAVARTHY, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO CLEARING SERVICES, LLC d/b/a WELLS FARGO ADVISORS,<br><br>Defendants. | Case No. 2:24-cv-08831-FMO-BFM<br><br>**PLAINTIFFS AND PROPOSED-INTERVENORS BUJOLD, NADOLNY, AND COBB'S NOTICE OF MOTION AND MOTION TO INTERVENE AND TO TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: December 12, 2024<br>Time: 10 a.m.<br>Courtroom: 6D<br>Judge: Fernando M. Olguin |

**NOTICE OF MOTION AND MOTION TO INTERVENE AND TO TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2024 at 10 a.m., or on a date or at a time set by the Court, before the Honorable Fernando M. Olguin, at the United States District Court for the Central District of California, 350 W. First Street, Courtroom 6D, Los Angeles, California 90012, Proposed Intervenors Keith Bujold, Edward Nadolny, and Darren Cobb ("Plaintiff-Intervenors"), by and through their undersigned counsel, will hereby move this Court for an Order: (i) allowing Plaintiffs to intervene in the above-captioned action (the "Action") pursuant to Rule 24 of the Federal Rules of Civil Procedure; and (ii) transferring this Action to the United States District Court for the Northern District of California. This Motion is based upon this Notice of Motion, the accompanying Memorandum of Law in Support, the Declaration of Salvatore J. Graziano in support and exhibits thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

Between November 5 and November 11, 2024, counsel for Plaintiff-Intervenors conferred with counsel for Defendants Wells Fargo & Company and Wells Fargo Clearing Services, d/b/a Wells Fargo Advisors ("Defendants") concerning the relief sought by this Motion. In those discussions, counsel for Defendants stated that Defendants expect to join Plaintiff-Intervenors' motion to intervene and to transfer this Action to the Northern District of California. On November 5, counsel for Plaintiff-Intervenors conferred with counsel for Plaintiff Gopal Chakravarthy, who indicated that, although he might have otherwise consented to transfer, Chakravarthy would instead seek a stay in deference to a recently-filed application in front of the Judicial Panel on Multidistrict Litigation. On November 12, or four days after conferring with Defendants, Chakravarthy filed that motion requesting a stay. ECF No. 16.

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 4

A. The Wells Litigation ........ 4

1. Factual Background ........ 4

2. Procedural Background ........ 5

B. Chakravarthy's Bid to Circumvent the Wells Litigation's Leadership Process by Belatedly Filing an Identical Case in this District and Signing onto Brickman's Motion to Stay the Wells Litigation ........ 7

III. ARGUMENT ........ 13

A. Wells Plaintiffs Meet the Standards for Intervention ........ 13

1. Wells Plaintiffs Are Entitled to Intervene as of Right ........ 14

2. Wells Plaintiffs Are Entitled to Permissive Intervention ........ 15

B. The Court Should Transfer *Chakravarthy* to Join the Wells Litigation in the Northern District of California under the First-to-File Rule ........ 16

C. In the Alternative, the Court Should Transfer *Chakravarthy* to Join the Wells Litigation in the Northern District of California under § 1404(a) ........ 18

D. Transfer Is Further Supported By Brickman's Dubious Motion Seeking Centralization Before the JPML and the Improper Request for a Stay ........ 20

IV. CONCLUSION ........ 25

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Am. Residential Equities XXVII, LLC v. Redwood Recovery Servs., LLC*, 2013 WL 12120514 (C.D. Cal. May 7, 2013) .......... 19

*Arthur v. Sallie Mae, Inc.*, 2011 WL 13127651 (W.D. Wash. June 6, 2011) .......... 13

*In re Baby Food Mktg., Sales Pracs. & Prod. Liab. Litig.*, 544 F. Supp. 3d 1375 (J.P.M.L. 2021) .......... 9, 10, 25

*Baglama v. MWV Consumer & Off. Prod.*, 2013 WL 12200647 (C.D. Cal. Aug. 19, 2013) .......... 20

*In re Bank of Am. Fraudulent Account Litig.*, 707 F. Supp. 3d 1415 (J.P.M.L. 2023) .......... 10

*Bartolucci v. 1-800 Contacts, Inv.*, 245 F. Supp. 3d 38 (D.D.C. 2017) .......... 21

*Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir.1992) .......... 14

*In re Belviq (Lorcaserin HCI) Prod. Liab. Litig.*, 555 F. Supp. 3d 1369 (J.P.M.L. 2021) .......... 25

*Bennett v. Bed Bath & Beyond, Inc.*, 2011 WL 3022126 (N.D. Cal. July 22, 2011) .......... 22

*In re Benzoyl Peroxide Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2024 WL 3629067 (J.P.M.L. Aug. 1, 2024) .......... 10, 24

*In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376 (J.P.M.L. 2011) .......... 4, 10, 11, 21

*Calderon v. Cargill, Inc.*, 2013 WL 12205633 (C.D. Cal. Dec. 10, 2013) .......... 11, 13, 21, 22

*Capaci v. Sports Rsch. Corp.*, 2022 WL 22870075 (C.D. Cal. May 9, 2022) .......... 12

*Cooper v. Siddighi*,
2013 WL 12140988 (C.D. Cal. May 8, 2013) ....22

*In re COVID-19 Bus. Interruption Prot. Ins. Litig.*,
482 F. Supp. 3d 1360 (J.P.M.L. 2020) ....9

*In re CVS Caremark Corp. Wage & Hour Emp. Pracs. Litig.*,
684 F. Supp. 2d 1377 (J.P.M.L. 2010) ....3

*Dickstein v. Able Telcom Holding Corp.*,
192 F.R.D. 331 (N.D. Ga. 2000) ....13

*Dish Network, LLC v. Jadoo TV, Inc.*,
2020 WL 6536659 (C.D. Cal. Mar. 16, 2020)....20

*EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*,
2017 WL 5635022 (C.D. Cal. June 8, 2017)....16

*Four Jays Music Co. v. Apple, Inc.*,
2020 WL 7862123 (C.D. Cal. Dec. 1, 2020)....18

*In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*,
899 F. Supp. 2d 1378 (J.P.M.L. 2012) ....11, 21

*Gnanaraj v. Lilium N.V.*,
2023 WL 11904069 (C.D. Cal. Feb. 10, 2023) ....20

*Gray v. Gerber Prod. Co.*,
2012 WL 4051186 (N.D. Cal. Sept. 12, 2012)....22

*Guardado v. Highshaw*,
2013 WL 12137105 (C.D. Cal. May 6, 2013)....21

*Hatch v. Reliance Ins. Co.*,
758 F.2d 409 (9th Cir. 1985) ....18

*In re Honey Prod. Mktg. & Sales Pracs. Litig.*,
883 F. Supp. 2d 1333 (J.P.M.L. 2012) ....10, 24

*Jones v. Sanofi US Servs. Inc.*,
2018 WL 6842605 (C.D. Cal. Nov. 19, 2018) ....22

*In re Kronos Customer Data Sec. Breach Litig.*,
619 F. Supp. 3d 1354 (J.P.M.L. 2022) ....10

*Manier v. L'Oreal USA, Inc*,
2017 WL 59066 (C.D. Cal. Jan. 4, 2017) .................................................16, 17

*Mehr v. Capital One Bank USA N.A.*,
2019 WL 2428768 (C.D. Cal. Jan. 4, 2019) .................................................17

*New York Life Ins. & Annuity Corp. v. Ma*,
2016 WL 7650571 (C.D. Cal. Feb. 5, 2016) .................................................14, 16

*In re New York Tax Foreclosure Surplus Litig.*,
2024 WL 3629066 (J.P.M.L. Aug. 2, 2024) .................................................10

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) .................................................16, 17

*Portnoy v. Zenith Labs.*,
1987 WL 10236 (D.D.C. 1987) .................................................22

*Prawoto v. PrimeLending*,
720 F. Supp. 2d 1149 (C.D. Cal. 2010) .................................................25

*Priddy v. Lane Bryant, Inc.*,
2008 WL 11410109 (C.D. Cal. Nov. 24, 2008) .................................................17

*Prime Steakhouse v. Mowi ASA*,
2020 WL 1443759 (D. Me. Mar. 25, 2020) .................................................11

*Qualls v. Ford Motor Co.*,
2023 WL 5723248 (C.D. Cal. July 19, 2023) .................................................22

*Quinn v. JPMorgan Chase Bank, N.A.*,
2020 WL 3472448 (S.D.N.Y. June 24, 2020) .................................................11, 21

*Red v. Unilever United States, Inc.*,
2010 WL 11515197 (C.D. Cal. Jan. 25, 2010) .................................................17

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) .................................................22

*In re Secondary Ticket Mktg. Refund Litig.*,
481 F. Supp. 3d 1345 (J.P.M.L. 2020) .................................................9, 25

*Segovia v. Bristol-Myers Squibb Co.*,
2016 WL 7007482 (D. Haw. Nov. 30, 2016) .................................................22

*Smith v. Los Angeles Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016) .......... 14

*Smithson v. Jackson Nat'l Life Ins. Co.*,
2018 WL 5099510 (C.D. Cal. May 29, 2018) .......... 19

*Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*,
2020 WL 13093866 (C.D. Cal. Feb. 25, 2020) .......... 16

*Steakhouse v. Mowi ASA*,
2020 WL 403542 (D. Me. Jan. 23, 2020) .......... 11

*Subbaiah v. GEICO Gen. Ins. Co.*,
2019 WL 9904278 (C.D. Cal. Dec. 11, 2019) .......... 14, 18

*In re Supplemental Nutrition Assistance Program Litig.*,
619 F. Supp. 3d 1348 (J.P.M.L. 2022) .......... 24

*Willems v. Johnson & Johnson*,
2020 WL 6140301 (C.D. Cal. Apr. 29, 2020) .......... 22

*Zimmer v. Dometic Corp.*,
2018 WL 1135634 (C.D. Cal. Feb. 22, 2018) .......... 18

**Statutes**

28 U.S.C. § 1404 .......... *passim*

28 U.S.C. § 1407 .......... *passim*

**Other Authorities**

Wright, Miller & Kane, 7B Fed. Prac. & Proc. Civ. § 1799 (3d ed.) .......... 13

Federal Rules of Civil Procedure
Rule 23 .......... 13
Rule 24 .......... 13, 14

Rules of Procedures of the Judicial Panel on Multidistrict Litgiation
Rule 2.1(d) .......... 20

Multidistrict Litig. Manual, § 5:4 (May 2024) .......... 24

**MEMORANDUM OF POINTS AND AUTHORITIES**

Proposed intervenors Keith Bujold, Edward Nadolny, and Darren Cobb ("Wells Plaintiffs") are plaintiffs in *In re Wells Fargo Cash Sweep Litigation*, No. 24-cv-04616 (N.D. Cal.) (the "Wells Litigation"), a consolidated proposed class action against Wells Fargo concerning their underpayment to customers who participated in Wells Fargo's cash sweep programs, which has been pending in the Northern District of California since July 2024. Wells Plaintiffs respectfully seek to intervene for the limited purpose of requesting transfer of this action to the Northern District of California pursuant to the first-to-file rule or, in the alternative, 28 U.S.C. § 1404, for consolidation with the Wells Litigation.[1]

## I. INTRODUCTION

This class action is already pending before Judge Vince Chhabria in the Northern District of California and should be transferred to that court. Months ago, Wells Plaintiffs began filing proposed class actions in the Northern District of California against San Francisco-based Wells Fargo & Co. and its affiliates, alleging misconduct related to their cash sweep programs. As soon as the actions were filed, they were widely covered by the national news media, with sources like *Bloomberg Law* and *Barron's* reporting that nationwide class actions filed in federal court in California alleged that Wells Fargo had generated "enormous fees for itself at the expense of its customers."[2]

Recognizing that the class's interests would be best served if those cases were

---

[1] Wells Fargo refers to Defendants Wells Fargo & Company, Wells Fargo Clearing Services, LLC, d/b/a Wells Fargo Advisors, and Wells Fargo Bank N.A. (collectively, "Wells Fargo"). Unless otherwise indicated, (i) references to "Graziano Decl." are to the Declaration of Salvatore J. Graziano, filed herewith; (ii) references to "Ex. ___" are to the exhibits to Graziano Decl.; and (iii) all internal citations and internal quotations are omitted and all emphasis is added.

[2] *See* Andrew Welsh, *Wells Fargo Sued Over Rates on Cash: "Enormous Fees" for Bank, "Minimal Return" for Customers*, BARRON'S (Aug. 1, 2024) (Ex. A).

consolidated and prosecuted by interim class counsel prior to class certification, Judge Chhabria, who was presiding over the first-filed action, entered an order consolidating the related Wells Fargo actions and setting a schedule for appointing interim lead counsel in order to promote "the interests of fair and efficient administration" of the case and "the avoidance of unnecessary duplicative efforts." Wells Litigation, ECF No. 31 at 1. Consistent with that order and schedule in the consolidated action, Wells Plaintiffs moved to appoint interim class counsel on the September 30 deadline. Bujold, Nadolny, and Cobb, who filed the first, second, and fourth actions against Wells Fargo, agreed to work together pursuant to a Joint Prosecution Agreement, and timely proposed their counsel as interim class counsel. The parties to the Wells Litigation have already held a Rule 26(f) conference and Wells Plaintiffs have served discovery. *See* Wells Litigation, ECF No. 63-1 at ¶10.

Gopal Chakravarthy and his counsel, Edelsberg Law, P.A. ("Edelsberg"), chose a different path. More than two weeks after motions for appointment of interim class counsel were due in the Wells Litigation, on October 14, Chakravarthy filed a ***sixth*** nationwide class action complaint—not where any Wells Fargo entity is headquartered, but in this District. On October 31, Chakravarthy and Edelsberg filed a notice in the Wells Litigation that confirmed their filing of this class action in this District was a transparent attempt to circumvent Judge Chhabria's interim counsel appointment deadline. In those papers, Chakravarthy requested that Judge Chhabria stay the leadership process in the Wells Litigation while the Judicial Panel on Multidistrict Litigation ("JPML") ruled on the motion filed the day before by a different plaintiff—Brickman Investments Inc. ("Brickman"), who is prosecuting another late-filed and remote case that was filed against Wells Fargo in the Southern District of New York on October 11—to transfer dozens of unrelated cash sweep cases pending against 11 different and unrelated financial institutions to the Southern

District of New York under 28 U.S.C. § 1407.[3]

Chakravarthy and Edelsberg further requested that they be permitted to file a late application for leadership in the Wells Litigation in the event the JPML denied consolidation. Their request was made despite the fact that they filed their complaint on October 11, after the application deadline established by Judge Chhabria, which they missed. Chakravarthy and Edelsberg's filing of the instant case is part of a larger pattern of interference by counsel: Edelsberg has filed multiple complaints in the Central District of California and other Districts—where clearly overlapping and related actions had long since been pending—after Court-ordered deadlines for leadership applications have passed in related cases (including where interim class counsel was already appointed).[4]

Chakravarthy and Edelsberg's efforts to delay customers' prosecution of their claims and bypass the leadership process established by Judge Chhabria are improper and have already harmed the class. On November 1, Judge Chhabria stayed the Wells Litigation until the JPML decides Brickman's Section 1407 motion—a motion that, as described below, is meritless and "appears intended to further the interests of particular counsel more than those of the statute." *In re CVS Caremark Corp. Wage & Hour Emp. Pracs. Litig.*, 684 F. Supp. 2d 1377, 1379-80 (J.P.M.L. 2010). Chakravarthy has now moved to stay this action on the same basis. ECF No. 16.

But staying this action would be prejudicial to Wells Plaintiffs and the proposed class. Courts across the country, including in this District, routinely deny

---

[3] *Brickman Investments Inc. v. Wells Fargo & Co.*, No. 24-cv-7751 (S.D.N.Y.) (Subramanian, J.). *Brickman* was filed by Robbins Geller Rudman & Dowd ("RGRD") and Abraham Fruchter & Twersky LLP.

[4] *Mehlman v. Ameriprise Financial, Inc.*, No. 24-cv-03018 (D. Minn.) (Tunheim, J.) (ECF No. 50) (appointing interim co-lead counsel); *see also, e.g., In re JPMorgan Chase Cash Sweep Program*, No. 24-cv-06404 (S.D.N.Y.) (Schofield, J.); *In re Charles Schwab Cash Sweep Litigation*, No. 24-cv-7344 (C.D. Cal.) (Almadani, J.).

requests for stays and grant motions to transfer under similar circumstances. Rather, transfer under Section 1404 is the appropriate mechanism for coordinating the various actions against Wells Fargo. As the JPML has repeatedly held, seeking the relief of centralization under Section 1407 is a ***last resort*** "after considered review of all other options" including Section 1404 transfer. *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig*., 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). That is the precise remedy that Wells Plaintiffs' present motion now seeks.

For the reasons set forth below, Wells Plaintiffs respectfully request that the Court permit them to intervene for the limited purpose of seeking transfer of this case to the Northern District of California for consolidation with the Wells Litigation, where it unquestionably belongs.

## II. BACKGROUND

### A. The Wells Litigation

#### 1. Factual Background

Like this case, the Wells Litigation stems from Wells Fargo's cash sweep programs (the "Programs"), whereby Wells Fargo, while purportedly acting as its customers' agent, "sweeps" uninvested cash balances in their accounts into interest-bearing accounts that Wells Fargo selects—ostensibly to offer its customers an FDIC-insured vehicle to hold cash and generate returns. Wells Litigation, ECF No. 1 at ¶¶1-6, 14-26; *Nadolny*, ECF No. 1 at ¶¶21-25; *Cobb*, ECF No. 1 at ¶¶19-26. Wells Fargo controls and has discretion over virtually all aspects of the Programs, including establishing and maintaining the Programs, determining customers' eligibility to participate in the Programs, choosing the banks at which swept funds are deposited, and setting the interest rates secured for or paid to customers. *See, e.g.*, *Cobb*, ECF No. 1 at ¶¶23-26.

Upon opening an account with Wells Fargo, customers were automatically enrolled in the Programs, and Wells Fargo contractually agreed to establish, maintain, and operate the Programs as its customers' "agent." Wells Fargo owed

fiduciary duties to its customers in establishing and maintaining the Programs, by virtue of serving as their agent as to those activities, and it also owed them fiduciary duties in connection with the operation of the Programs by virtue of the control and discretion it exercised over them. Wells Litigation, ECF No. 1 at ¶¶4-5; *Nadolny*, ECF No. 1 at ¶¶21-26; *Cobb*, ECF No. 1 at ¶¶30-32. But rather than acting in its customers' best interests, as required of an agent or fiduciary, Wells Fargo used the Programs to generate enormous fees for itself at the expense of its customers. Specifically, Wells Fargo secured for or paid to customers *de minimis* returns, while using customers' cash to generate massive returns for itself as interest rates spiked and keeping, for itself, the vast majority of compensation non-affiliate banks paid to use that cash. For example, during 2023, Wells Fargo paid certain cash sweep account customers interest of only 0.15%—less than 3% of the short-term Treasury Bill rate at the time. Today, Wells Fargo pays such accountholders only 0.02% interest—less than one-half of one percent of the Treasury Bill yield. *See, e.g.*, *Cobb*, ECF No. 1 at ¶¶6, 48, 53-66.

In November 2023, Wells Fargo disclosed it was the subject of an SEC investigation concerning the Programs. Then, in July 2024, Wells Fargo announced that it would change the Programs to pay customers a higher rate of interest, and that the change would cost it $350 million in net interest income over the remainder of the year—underscoring the enormous proceeds it derived from the practices at issue here. *See, e.g.*, Wells Litigation, ECF No. 1 at ¶6; *Nadolny*, ECF No. 1 at ¶¶85-86; *Cobb*, ECF No. 1 at ¶¶27-29.

**2. Procedural Background**

On July 30, 2024, Bujold filed the first class action against Wells Fargo relating to its Programs in the Northern District of California, which is where Wells Fargo's headquarters are located. Over the next week, Nadolny and another plaintiff filed similar suits in the same court, asserting several of the same claims. Immediately after they were filed, national news media outlets like *Bloomberg Law*

and *Barron's* reported that Bujold's case had been filed on July 30 "in a federal court in San Francisco" and alleged that Wells Fargo had improperly generated "enormous fees for itself at the expense of its customers."[5] Other news outlets published articles linking to the complaints filed in the Wells Litigation and identifying the docket numbers and the fact that the cases had been assigned to Judge Chhabria.[6]

On September 23, 2024, the parties in the Wells Litigation stipulated to consolidate the related Wells Fargo actions, rename the consolidated action *In re Wells Fargo Cash Sweep Litigation*, and set a schedule for subsequent events in the case. Wells Litigation, ECF No. 30. The same day, Judge Chhabria, who presided over *Bujold*, so-ordered the stipulation. Wells Litigation, ECF No. 31. Importantly, Judge Chhabria's order set a deadline of September 30 for motions seeking appointment of interim class counsel in the consolidated action against Wells Fargo, noting that doing so would promote "the interests of fair and efficient administration" of the case and "the avoidance of unnecessary duplicative efforts." Wells Litigation, ECF No. 31 at 1.

In recognition of that impending deadline, on September 24, Cobb filed his class action complaint against Wells Fargo in the Northern District of California. *Cobb*, ECF No. 1. All parties sought to consolidate *Cobb* with the Wells Litigation. The same day *Cobb* was filed, counsel for Bujold noticed *Cobb* as related to the Wells Litigation and, on October 3, Cobb moved, with all parties' consent, for an order formally relating *Cobb* to the previously-filed cases. Wells Litigation, ECF Nos. 32, 44. That motion was granted on October 8, and on October 11, *Cobb* was

---

[5] Andrew Welsh, *Wells Fargo Sued Over Rates on Cash: "Enormous Fees" for Bank, "Minimal Return" for Customers*, BARRON'S (Aug. 1, 2024) (Ex. A); Bernie Pazanowski, *Wells Fargo Sued Over Alleged $4 Billion Cash Sweep Profits*, BLOOMBERG LAW (Aug. 1, 2024) (Ex. B); Dan Shaw, *Wells Fargo Latest to Be Hit with "Sweeps" Lawsuit*, Financial Planning (July 31, 2024) (Ex. C).

[6] *See* Bernie Pazanowski, *Wells Fargo Sued Over Alleged $4 Billion Cash Sweep Profits*, BLOOMBERG LAW (Aug. 1, 2024) (Ex. B); Sydney Price, *Wells Fargo Hit With Suit Over Cash Sweep Program*, LAW360 (July 31, 2024) (Ex. D).

consolidated with the Wells Litigation. Wells Litigation, ECF Nos. 47, 60.

Meanwhile, Wells Plaintiffs proceeded with the orderly process authorized by Judge Chhabria for appointment of interim class counsel. On September 30, 2024, Wells Plaintiffs and a competing group each timely filed motions seeking appointment of their counsel as interim class counsel. Wells Litigation, ECF Nos. 38-39. On October 11, 2024, Judge Chhabria ordered that "motions to appoint interim class counsel [would] be discussed" at a November 1 conference, and the motions were fully briefed as of October 22, 2024. Wells Litigation, ECF Nos. 60, 65-66. A Rule 26(f) conference was held on October 15, and Wells Plaintiffs served discovery that same day. *See* Wells Litigation, ECF No. 63-1 at ¶10.

### B. Chakravarthy's Bid to Circumvent the Wells Litigation's Leadership Process by Belatedly Filing an Identical Case in this District and Signing onto Brickman's Motion to Stay the Wells Litigation

On October 14, 2024—two-and-a-half months after Plaintiff Bujold filed the first cash sweep complaint against Wells Fargo, three weeks after Judge Chhabria entered an order scheduling the submission of motions seeking appointment of interim class counsel in the Wells Litigation, and two weeks after such motions were due—Chakravarthy and Edelsberg filed the instant action, which arises from the same claims and events that give rise to the existing Wells Litigation. For example, the *Chakravarthy* action and the Wells Litigation share:

- ***The Same Defendants:*** The Wells Litigation names both Wells Fargo entities that have been named here, as well as Wells Fargo Bank N.A., an entity that was critical to the operation of the Programs during the relevant period. *See* Wells Litigation, ECF No. 1 at ¶¶12-13; *Cobb*, ECF No. 1 at ¶16; *Chakravarthy*, ECF No. 1 at ¶¶13-14.

- ***The Same Underlying Facts:*** The Wells Litigation and the instant action allege that Wells Fargo entities violated their obligations to customers by paying improperly low rates on funds that were subject to the Programs. *See* Wells Litigation, ECF No. 1 at ¶31; *Chakravarthy*, ECF No. 1 at ¶41. Both also: source those obligations from Wells Fargo's undertaking of an agency relationship with its customers and from the same other provisions of the relevant contractual arrangements (*see* Wells Litigation, ECF No. 1 at ¶¶21, 23; *Chakravarthy*, ECF No. 1 at ¶¶16-17); reference the same provisions of the same Program disclosures (*see* Wells Litigation,

ECF No. 1 at ¶¶23, 33; *Chakravarthy*, ECF No. 1 at ¶¶16, 32); and benchmark Wells Fargo's Program rates against substantially the same comparators. *See Cobb*, ECF No. 1 at ¶¶54, 58-61; *Chakravarthy*, ECF No. 1 at ¶¶26, 70-73.

- ***Overlapping Claims:*** The Wells Litigation and this action bring claims for breach of contract, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *See* Wells Litigation, ECF No. 1 at ¶¶67-76, 91-102; *Cobb*, ECF No. 1 at ¶¶83-105; *Chakravarthy*, ECF No. 1 at ¶¶90-119.

Chakravarthy and Edelsberg have admitted that "[l]ike both the [Wells Litigation] and the *Brickman* action, Chakravarthy seeks to hold Wells Fargo liable for its unfair operation of its cash sweep program." *See* Wells Litigation, ECF No. 77 at 1. Given the near-total congruence of this action with the Wells Litigation, it is manifest that the interests of justice, efficiency, and convenience favor litigation of the claims asserted here together with those in the Wells Litigation.

Notably, as explained below, Chakravarthy and Edelsberg's attempt to bypass the leadership process in the Wells Litigation is part of a wider effort by counsel to end-run already established leadership processes in similar parallel but unrelated sweeps cases against other financial institutions.

Evidently recognizing that this case was duplicative of the Wells Litigation and that they had missed the Wells Litigation's leadership deadline, on October 31, after Brickman moved to intervene in the Wells Litigation seeking an order staying the leadership process there pending the outcome of a Section 1407 motion they had just filed with the JPML, Chakravarthy and Edelsberg filed a notice in the Wells Litigation requesting Judge Chhabria stay the leadership process in the Wells Litigation and this instant action. Wells Litigation, ECF No. 77. Chakravarthy and Edelsberg further requested permission to "also file an application for leadership in the [Wells Litigation]"—notwithstanding the missed deadline—if the JPML denies transfer. *Id*. During a November 5, 2024 meet and confer with Wells Plaintiffs' counsel, Edelsberg again reiterated their intention to file motions to stay in this action and all other actions they have brought pending the outcome of Brickman's

Section 1407 motion. Graziano Decl. ¶5. Moreover, Edelsberg conveyed to Wells Plaintiffs' counsel that they would have agreed to transfer this action prior to the filing of the Section 1407 motion. *Id*.

That Section 1407 motion seeks centralization in the Southern District of New York of ***31*** separate cash sweep-related class actions currently pending against ***11 separate financial institutions***. *See* Wells Litigation, ECF No. 75-2.[7] But that application is meritless, as the JPML routinely denies centralization where, as here, there are no common defendants, no common discovery, centralization will complicate the proceedings, and the parties themselves are seeking transfer of related litigation. *See, e.g.*, *In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 1362 (J.P.M.L. 2020) (denying centralization where "[t]here is no common defendant in these actions—indeed, there are no true multi-defendant cases," there was "little potential for common discovery," and each case involved different contracts); *In re Baby Food Mktg., Sales Pracs. & Prod. Liab. Litig.*, 544 F. Supp. 3d 1375, 1377-78 (J.P.M.L. 2021) (declining centralization, even though there were over a dozen "multi-defendant actions," because of the "minimal number of common factual questions" and "the potential for a multi-defendant MDL to introduce added complexity"); *In re Secondary Ticket Mktg. Refund Litig.*, 481 F. Supp. 3d 1345, 1346 (J.P.M.L. 2020) (observing the JPML is "typically skeptical of requests to centralize claims filed against multiple defendants who are competitors in a single MDL because it often will not promote judicial efficiency" and denying consolidation because "defendants are separate businesses that employed different [agreements]," there were "no allegations of a conspiracy and no defendant is named in an action alongside another" and "an industry-wide MDL for all three defendants

[7] The Section 1407 motion wrongly includes two cases that were dismissed by plaintiffs in those cases. *Frey v. Ameriprise Financial, Inc.*, No. 24-cv-3360 (D. Minn. Sept. 17, 2024), ECF No. 31; *Vu v. LPL Financial LLC,* No. 24-cv-1484 (S.D. Cal. Oct. 9, 2024), ECF No. 14.

would seem to complicate pretrial proceedings more than it would streamline them").

In fact, the JPML has repeatedly and forcefully rejected proposed "industry-wide" MDLs like the one Brickman requests, and has found them appropriate only when they involve conspiracies or indivisible harm from industry-wide products or conduct—none of which are present here. *See In re Benzoyl Peroxide Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2024 WL 3629067, at *2 (J.P.M.L. Aug. 1, 2024) (denying Section 1407 centralization and noting the JPML has been "cautious" of an "industry-wide MDL" where plaintiffs did "not allege an industry-wide conspiracy or an indivisible injury caused by multiple defendants' products or conduct"); *In re Honey Prod. Mktg. & Sales Pracs. Litig.*, 883 F. Supp. 2d 1333, 1333 (J.P.M.L. 2012) ("Plaintiffs have not alleged any conspiracy, collaboration, or other industry-wide conduct by the defendants that would justify centralizing actions naming different honey retailers and producers as defendants.").

Further, the JPML has repeatedly stressed that "transfer under Section 1404 or the first-to-file doctrine is preferable to Section 1407 centralization," *Baby Food*, 544 F. Supp. 3d at 1378, and centralization pursuant to the MDL procedures under Section 1407—as Brickman and RGRD request—is to be used only as a "***last solution*** after considered review of all other options." *Best Buy*, 804 F. Supp. 2d at 1378; *In re New York Tax Foreclosure Surplus Litig.*, 2024 WL 3629066, at *2 (J.P.M.L. Aug. 2, 2024) (same); *In re Bank of Am. Fraudulent Account Litig.*, 707 F. Supp. 3d 1415, 1416 (J.P.M.L. 2023) (same); *In re Kronos Customer Data Sec. Breach Litig.*, 619 F. Supp. 3d 1354, 1355 (J.P.M.L. 2022) (same). As the JPML has explained, transfer under Section 1404 is almost always preferable to Section 1407 centralization because "Section 1404(a) transfer is ***for all purposes, including trial***" and can therefore "result in a more streamlined action" and "produces significant advantages," as consolidating actions for trial "avoids the increased costs associated with multiple trials." *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899

F. Supp. 2d 1378, 1380 (J.P.M.L. 2012). By contrast, Section 1407 permits transfer for pre-trial purposes ***only***, and transferred cases ***must*** be remanded to their originating courts absent waiver—a wasteful outcome given judges need "time to re-familiarize themselves with the actions" for trial following remand. *Id.*

For these reasons, as district courts and the JPML have repeatedly held, it is manifestly proper and expressly encouraged for courts to decide Section 1404 motions while a Section 1407 application is pending. Not only are courts duty-bound to rule on motions before them, but district courts have also ruled on motions to transfer during the pendency of MDL applications because they recognize doing so aids the JPML. *See, e.g.*, *Calderon v. Cargill, Inc.*, 2013 WL 12205633, at *2 (C.D. Cal. Dec. 10, 2013) ("Defendant's argument that we should stay this case pending a decision by the JPML is equally meritless [and that] Defendant might prefer an MDL over consolidation in the District of Hawaii does not defeat the merits of transferring this action pursuant to the first-to-file rule."); *Quinn v. JPMorgan Chase Bank, N.A.*, 2020 WL 3472448, at *1-2 (S.D.N.Y. June 24, 2020) (denying request for a stay pending an MDL application, noting "many reasons" a stay would be harmful, including the possibility the JPML will deny the motion); *Steakhouse v. Mowi ASA*, 2020 WL 403542, at *1, 8 (D. Me. Jan. 23, 2020), *report and recommendation adopted sub nom. Prime Steakhouse v. Mowi ASA*, 2020 WL 1443759 (D. Me. Mar. 25, 2020) (noting MDL transfer is a "last resort" and ordering Section 1404 transfer because the fact that "plaintiff prefers an MDL approach does not diminish the strength of the . . . argument that transfer is appropriate pursuant to Section 1404(a)"); *Gerber*, 899 F. Supp. 2d at 1380 ("Section 1404 rulings also can aid the Panel in its decision whether and where to centralize a given litigation."); *Best Buy*, 804 F. Supp. 2d at 1378 (same, and approving district court's decision to rule on Section 1404 motion while Section 1407 motion was pending).

In fact, in Brickman's MDL application concerning this very case, the JPML specifically instructed that the parties "address what steps they have taken to pursue

alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and ***seeking Section 1404 transfer of one or more of the subject cases***).” *In re Cash Sweep Programs Contract Litigation*, MDL No. 3136 (J.P.M.L.), ECF No. 5.

This Court should follow the JPML’s direction. When the JPML considers Brickman’s transfer motion, it should have the benefit of this Court’s determination of whether this case should be transferred under Section 1404, or the first-to-file rule, to the Northern District of California.

The Court’s consideration of Section 1404 transfer would also promote judicial efficiency. During the November 5, 2024 meet and confer, Edelsberg represented to Wells Plaintiffs’ counsel that Chakravarthy originally intended to agree to transfer of the instant action to the Northern District of California, but had reversed course and now planned to seek to stay this action in light of Brickman’s Section 1407 motion. Graziano Decl. ¶5. Chakravarthy filed that motion seeking a stay on November 12—apparently to preempt Wells Plaintiffs’ request for Section 1404 transfer.[8]

By contrast, Defendants have stated they expect to join in this present motion to transfer *Chakravarthy* to the Northern District of California. *Id.* ¶6. Given the meritless nature of Brickman’s Section 1407 motion, this Court will inevitably be required to decide a motion under Section 1404 when Brickman’s application is denied—and there is no reason to impose that eventual further delay upon the class,

---

[8] Specifically, Chakravarthy’s motion to stay was filed just four days after conferring with Defendants (ECF No. 16) and seven days after Wells Plaintiffs conferred with Chakravarthy about their Section 1404 transfer motion. Chakravarthy’s failure to comply with the Local Rules alone warrants denial of his application for a stay, and further undermines the merits of his stay request. *Capaci v. Sports Rsch. Corp.*, 2022 WL 22870075, at *1 (C.D. Cal. May 9, 2022) (Olguin, J.) (“the court will deny defendant’s Motion for failure to comply with Local Rule 7-3, which requires that the parties engage in a meet-and-confer conference ‘at least seven (7) days prior to the filing of [a] motion’”).

or ignore the guidance the JPML provided in this case.[9]

## III. ARGUMENT

### A. Wells Plaintiffs Meet the Standards for Intervention

Wells Plaintiffs easily satisfy the standards for intervention. Federal Rule of Civil Procedure 24(a) provides that, upon timely motion, a party may intervene as of right if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). And under Rule 24(b), the court may allow anyone who timely moves to intervene in an action so long as they "[have] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts allow intervention in class actions liberally because of the policy expressed by Rule 23, which provides that the "court may issue orders . . . to protect class members and fairly conduct the action." Fed. R. Civ. P. 23(d)(1).[10]

---

[9] Wells Plaintiffs were not afforded an opportunity to brief Chakravarthy's stay request before Judge Chhabria, and so they were not able to explain the deficiencies in the Section 1407 application that was filed the day before. As set forth herein, there is overwhelming authority rejecting the notion that this Court should avoid deciding a Section 1404 motion that will inform the JPML's consideration of Brickman's MDL request. *See Calderon*, 2013 WL 12205633, at *2.

[10] *See Dickstein v. Able Telcom Holding Corp.*, 192 F.R.D. 331, 334 (N.D. Ga. 2000) ("What is at stake here is control over the right to prosecute the class action. Therefore, the motion to intervene should be granted."); *Arthur v. Sallie Mae, Inc.*, 2011 WL 13127651, at *1 (W.D. Wash. June 6, 2011) ("Intervention is allowed liberally in class actions[.]"); Wright, Miller & Kane, 7B Fed. Prac. & Proc. Civ. § 1799 (3d ed.) ("[i]ntervention in a Rule 23 action . . . is directly related to the importance of assuring that the class is adequately represented" and "should be liberally allowed"). Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Wells Plaintiffs adopt as their pleading the complaint in *Cobb*,

### 1. Wells Plaintiffs Are Entitled to Intervene as of Right

When determining whether to grant mandatory intervention, courts in this Circuit evaluate whether (1) the application was timely; (2) the proposed intervenor has a "significantly protectable" interest relating to the subject of the action; (3) the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) such interest is "inadequately represented by the parties to the action." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016). Rule 24(a)(2) is "broadly construed in favor of intervention." *New York Life Ins. & Annuity Corp. v. Ma*, 2016 WL 7650571, at *1 (C.D. Cal. Feb. 5, 2016) (Olguin, J.).

To start, Wells Plaintiffs' motion is timely. Wells Plaintiffs are seeking intervention within weeks of the filing of this action—well before the initial pretrial conference, and before Defendants have answered the complaint or discovery has occurred—and the timing of their motion does not prejudice any party. *Subbaiah v. GEICO Gen. Ins. Co.*, 2019 WL 9904278, at *3 (C.D. Cal. Dec. 11, 2019) (finding motion to intervene was timely where proposed intervenors filed their motion "just over two months after Plaintiff filed this action in state court," "Defendant has yet to answer, and no substantive proceedings have taken place"). Moreover, Wells Plaintiffs clearly have a "significantly protectable" interest in this action that may be impaired by its disposition, because the class in the Wells Litigation encompasses the proposed class in this case and Wells Plaintiffs are prosecuting numerous identical claims, arising out of the same alleged misconduct and facts, as this case.

Further, Wells Plaintiffs' interests in this action are not adequately represented here. Wells Plaintiffs filed the Wells Litigation earlier, in a more appropriate district,

---

which was filed in the Northern District of California on September 24, 2024. Ex. E. Courts in the Ninth Circuit "have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *See, e.g.*, *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir.1992).

and Judge Chhabria issued a case management order setting out a process for the appointment of interim class counsel to ensure that the claims are properly managed on behalf of the class prior to class certification. Wells Plaintiffs are seeking to represent a nationwide class of all Wells Fargo clients that participated in the Programs, while *Chakravarthy* is substantially narrower because the proposed class there is limited to Wells Fargo clients with retirement accounts. *See* Wells Litigation, ECF No. 1 at ¶56; *Cobb*, ECF No. 1 at ¶¶71-73; *Chakravarthy*, ECF No. 1 at ¶80. Moreover, the parties to the Wells Litigation have already held a Rule 26(f) conference and served discovery. *See* Wells Litigation, ECF No. 63-1 at ¶10.

Rather than joining in the effort to prosecute the earlier-filed and more appropriately venued Wells Litigation, Chakravarthy and Edelsberg belatedly filed the present action in this district and then joined in Brickman's motion to stay the Wells Litigation. Wells Litigation, ECF No. 77 at 2. Further, Chakravarthy and Edelsberg have now sought to stay this case based on the pending MDL request—even though they stated they would have agreed to Section 1404 transfer prior to the MDL application. But allowing this later-filed case to proceed on a separate track only undermines the rationale of Judge Chhabria's order, further delays the effective prosecution of the Wells Litigation, and sows confusion within the class as to who is able to speak for them—underscoring that Chakravarthy and Edelsberg's interests are adverse to those of Wells Plaintiffs and the Class and the propriety of intervention here.

**2. Wells Plaintiffs Are Entitled to Permissive Intervention**

In the alternative, Wells Plaintiffs are entitled to permissive intervention under Rule 24(b). When determining whether to grant permissive intervention, courts in this Circuit consider whether "(1) the applicant shows independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action share a common question of law of fact." *New York Life Ins. & Annuity Corp.*, 2016 WL 7650571, at *2.

Wells Plaintiffs easily satisfy these factors. The court has original jurisdiction under 28 U.S.C. §1332(d)(2) over these claims. Wells Plaintiffs' motion is timely, having been brought within weeks of the filing of this action. *See supra* at 14. Wells Plaintiffs share a common question of law or fact with this action. Both the Wells Litigation and *Chakravarthy* allege that Wells Fargo entities violated their obligations to customers by paying improperly low rates on funds that were subject to the Programs, and both actions bring claims for breach of contract, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *See supra* at 7-8.

**B. The Court Should Transfer *Chakravarthy* to Join the Wells Litigation in the Northern District of California under the First-to-File Rule**

"The Ninth Circuit recognizes a doctrine of federal comity allowing a district court to decline jurisdiction over an action where a parallel action involving the same parties and issues has already been filed in another district." *Manier v. L'Oreal USA, Inc*, 2017 WL 59066, at *2 (C.D. Cal. Jan. 4, 2017) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)). "Under the first-to-file rule, 'the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.'" *Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, 2020 WL 13093866, at *3 (C.D. Cal. Feb. 25, 2020) (Olguin, J.) (quoting *In re Bozic*, 888 F.3d 1048, 1051-52 (9th Cir. 2018)).

Courts analyze three factors in determining whether to apply the first-to-file rule: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*, 2017 WL 5635022, at *2 (C.D. Cal. June 8, 2017). Exceptions to the first-to-file rule are recognized for "instances of bad faith, anticipatory suits, and forum shopping." *Manier*, 2017 WL 59066, at *2. A motion to transfer pursuant to this rule "does not depend on the presence or absence of the [28 U.S.C.] § 1404(a) considerations." *Priddy v. Lane Bryant, Inc.*, 2008 WL 11410109, at *9 n.52 (C.D.

Cal. Nov. 24, 2008).

It is beyond dispute that the "first-to-file" rule applies here. First, the Wells Litigation was the first-filed litigation. *Bujold*, which was later consolidated into the Wells Litigation, was filed on July 30, 2024, two and half months before *Chakravarthy* was filed on October 14. Second, the parties to the Wells Litigation and *Chakravarthy* are substantially similar. The Wells Litigation brings claims against both *Chakravarthy* Defendants, as well as Wells Fargo Bank, N.A. *See Manier*, 2017 WL 59066, at *3 ("Where the proposed classes in both actions overlap, courts have held that the parties are substantially similar."); *see also Mehr v. Capital One Bank USA N.A.*, 2019 WL 2428768, at *3 (C.D. Cal. Jan. 4, 2019) ("[T]he similar parties requirement is satisfied even if the second-filed suit is narrower than the first-filed suit."). Third, the "central questions" raised by the complaints concerning Defendants' cash sweep misconduct are substantially similar. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *see also Red v. Unilever United States, Inc.*, 2010 WL 11515197, at *5 (C.D. Cal. Jan. 25, 2010) ("it is not necessary that exactly parallel causes of action be alleged"). As Chakravarthy concedes, "[l]ike [] the [Wells Litigation], Chakravarthy seeks to hold Wells Fargo liable for its unfair operation of its cash sweep program," and the proposed class in the Wells Litigation subsumes the proposed class in *Chakravarthy*. Wells Litigation, ECF No. 77 at 1.

Moreover, application of the first-to-file rule and the transfer of *Chakravarthy* to the Northern District of California would serve the interests of efficiency and judicial economy. In the Wells Litigation, the parties and Judge Chhabria agreed that "the interests of fair and efficient administration" of the pending Wells Fargo cash sweep cases and "the avoidance of unnecessary duplicative efforts" warranted the consolidation of all of the Wells Fargo cash sweep cases pending in the Northern District of California, together with any other such cases that were subsequently filed, removed, or transferred there, and the establishment of a deadline to file

applications seeking appointment of interim class counsel. Wells Litigation, ECF No. 31 at 1-2. The same reasons support transfer of *Chakravarthy* to the Northern District of California. *Zimmer v. Dometic Corp.*, 2018 WL 1135634, at *4 (C.D. Cal. Feb. 22, 2018) ("[T]here is no question that judicial resources will be best preserved by transfer . . . It will place the case before a judge already familiar with, and presiding over, similar claims.").

By contrast, allowing *Chakravarthy* to proceed separately in the Central District would undermine the very leadership process and schedule Judge Chhabria endorsed, as well as risk conflicting rulings on issues relevant to both this action and the Wells Litigation. *See Subbaiah*, 2019 WL 9904278, at *6 (allowing this action to proceed could result in significant conflicting orders and judgments). Finally, there is no evidence that any of the exceptions to the first-to-file rule (bad faith, anticipatory suits, or forum shopping) apply here. Indeed, in recognition of these facts, Chakravarthy's counsel told Wells Plaintiffs' counsel during the November 5, 2024 meet and confer that they would have agreed to transfer prior to the filing of Brickman's Section 1407 motion for centralization. Graziano Decl. ¶5.

### C. In the Alternative, the Court Should Transfer *Chakravarthy* to Join the Wells Litigation in the Northern District of California under § 1404(a)

Alternatively, the Court should transfer *Chakravarthy* to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Transfer is appropriate under 28 U.S.C. § 1404(a) if the action could "have been brought" in the other district, and the transfer would be "in the interest of justice" and promote the goals of convenience and efficiency. *See, e.g.*, *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). "This provision gives a district court broad discretion to transfer a case to another district where venue is also proper." *Four Jays Music Co. v. Apple, Inc.*, 2020 WL 7862123, at *1 (C.D. Cal. Dec. 1, 2020) (Olguin, J.). "The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."

*Am. Residential Equities XXVII, LLC v. Redwood Recovery Servs., LLC*, 2013 WL 12120514, at *4 (C.D. Cal. May 7, 2013) (Olguin, J.).

As an initial matter, it is beyond dispute that *Chakravarthy* could have been brought in the Northern District of California—indeed, the Wells Litigation was brought there and involves virtually identical claims and a class that encompasses the one in *Chakravarthy*. Further, all Defendants are subject to jurisdiction in the Northern District of California; Wells Fargo's headquarters is located there; Wells Fargo maintains substantial operations there; and each Defendant regularly litigates there. *See* Exs. F, G.[11]

Transfer further supports the convenience of the parties and the witnesses and promotes the interests of justice. Courts typically weigh the following factors to determine whether transfer is proper: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation of other claims; (7) any local interest in the controversy; (8) the relative court congestion and time of trial in each forum; and (9) the availability of compulsory process." *Smithson v. Jackson Nat'l Life Ins. Co.*, 2018 WL 5099510, at *1 (C.D. Cal. May 29, 2018) (Olguin, J.). Taken together, the convenience factors favor transfer.

Chakravarthy's choice of forum should receive little deference because Chakravarthy seeks to represent a nationwide class of Wells Fargo retirement accounts. *See Gnanaraj v. Lilium N.V.*, 2023 WL 11904069, at *2 (C.D. Cal. Feb.

---

[11] *See, e.g.*, *Freeman v. Wells Fargo & Co.*, No. 23-cv-00476 (N.D. Cal.) (Wells Fargo & Co. and Wells Fargo Bank); *Sotoodeh v. Wells Fargo Bank, N.A.*, No. 22-cv-00950 (N.D. Cal.); *Thompson v. Wells Fargo & Co.*, No. 18-cv-07085 (N.D. Cal.) (Wells Fargo & Co., Wells Fargo Bank, Wells Fargo Clearing Services, and Wells Fargo Advisors); *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-cv-02552 (N.D. Cal.); *Balkema v. Wachovia Securities, LLC*, No. 11-cv-00412 (N.D. Cal.) (Wells Fargo Advisors).

10, 2023) ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."). In addition, Defendant Wells Fargo & Co. is headquartered in San Francisco, no defendant is located in the Central District, and thus many material fact witnesses are likely to be located in the Northern District of California. "To the extent the court gives weight to the location of documentary evidence, this favors the Northern District," because that is where Wells Fargo & Co. is headquartered. *Dish Network, LLC v. Jadoo TV, Inc.*, 2020 WL 6536659, at *12 (C.D. Cal. Mar. 16, 2020) (Olguin, J.). Importantly, this Court has found that "the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Baglama v. MWV Consumer & Off. Prod.*, 2013 WL 12200647, at *4 (C.D. Cal. Aug. 19, 2013) (Olguin, J.). This factor plainly weighs in favor of transfer, as consolidation with the Wells Litigation would "facilitate[] efficient, economical and expeditious pre-trial proceedings and discovery and avoid[] duplic[ative] litigation and inconsistent results." *Id.* Because the remaining convenience factors are neutral, consideration of the Section 1404(a) factors favors transfer.

### D. Transfer Is Further Supported By Brickman's Dubious Motion Seeking Centralization Before the JPML and the Improper Request for a Stay

That Section 1404 transfer is appropriate here is only further supported by Brickman's meritless motion for centralization before the JPML and Chakravarthy's motion to stay this case on that basis.

To start, Brickman's MDL application does not disturb this Court's jurisdiction over *Chakravarthy* or the propriety of ruling on a transfer request. *See* J.P.M.L. Rule 2.1(d) (a Section 1407 motion "does not affect or suspend . . . pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). As a general rule, transferor courts should not "automatically postpone rulings on pending motions, or in any way generally

suspend proceedings, merely on the grounds that an MDL transfer motion has been filed." *Guardado v. Highshaw*, 2013 WL 12137105, at *2 (C.D. Cal. May 6, 2013).

To the contrary, ruling on motions to transfer while an MDL is pending ***promotes*** judicial efficiency and has been repeatedly encouraged by the JPML itself. In Brickman's MDL application concerning this very case, the JPML instructed the parties to "address what steps they have taken to pursue alternatives to centralization," including "***seeking Section 1404 transfer of one or more of the subject cases***." *In re Cash Sweep Programs Contract Litigation*, MDL No. 3136 (J.P.M.L.), ECF No. 5.

The JPML's guidance in this case is consistent with the overwhelming case law holding courts should rule on transfer motions while an MDL application is pending. *See Calderon*, 2013 WL 12205633, at *2 ("Defendant's argument that we should stay this case pending a decision by the JPML is equally meritless. . . . That Defendant might prefer an MDL over consolidation in the District of Hawaii does not defeat the merits of transferring this action pursuant to the first-to-file rule."); *Quinn*, 2020 WL 3472448, at *1-2 (denying stay pending MDL application, noting the "many reasons" a stay is harmful, including because the JPML more often than not denies centralization and because ruling on initial motions "helps to move the cases forward" and "ultimately saves the parties time and expense"); *Bartolucci v. 1-800 Contacts, Inv.*, 245 F. Supp. 3d 38, 51 (D.D.C. 2017) (granting transfer, noting the "JPML frequently cites the availability of a section 1404(a) transfer when denying a motion for consolidation," and describing benefits of such transfer over Section 1407); *Best Buy*, 804 F. Supp. 2d at 1378-79 (agreeing with district court's decision to order transfer under Section 1404 because its ruling would "aid the Panel in its decision on whether to treat [proposed MDL] as an MDL"); *Gerber*, 899 F. Supp. 2d at 1380 ("Section 1404 rulings also can aid the Panel in its decision whether and where to centralize a given litigation."); *Bennett v. Bed Bath & Beyond, Inc.*, 2011 WL 3022126, at *2 (N.D. Cal. July 22, 2011) (granting motion to transfer

because "it will aid the Panel in its decision on whether to treat the . . . actions as an MDL"). Not surprisingly, ***none*** of Chakravarthy's cited cases in their motion to stay (ECF No. 16) involve requests for transfer under Section 1404 under these circumstances, and are thus entirely inapposite. Rather, courts in this District and across the country routinely rule on Section 1404 requests while an MDL request is pending because doing so promotes judicial economy. *See supra* at 21-22.[12]

Deciding the Section 1404 transfer request is particularly warranted in this case, where the merits of the proposed MDL are strikingly dubious given that Brickman seeks to centralize cases against separate sets of defendants that do not share common facts (indeed, each have independent and unrelated cash sweep programs) or discovery and are at disparate procedural postures. Rather, each of the sets of cases against particular defendants have already largely self-organized, and most are well underway, have leadership appointed or pending, have initiated discovery, and are otherwise proceeding without needing to expend resources through litigation in the JPML:

- ***Ameriprise:*** Two related sweeps cases are consolidated before Judge Tunheim and Magistrate Judge Micko in the District of Minnesota, where Ameriprise is headquartered. The Court-appointed Interim Class Counsel have filed a consolidated complaint and will be seeking Section 1404 transfer of the sole action filed by Edelsberg outside of Minnesota.

- ***UBS:*** Two related sweeps cases are consolidated before Judge Woods and Magistrate Judge Gorenstein in the Southern District of New York, where UBS is headquartered. The Court-appointed Interim Class Counsel is filing a consolidated complaint in the next

[12] *Cf. Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) (no Section 1404 motion); *Segovia v. Bristol-Myers Squibb Co.*, 2016 WL 7007482 (D. Haw. Nov. 30, 2016) (same); *Portnoy v. Zenith Labs.*, 1987 WL 10236 (D.D.C. 1987) (same); *Qualls v. Ford Motor Co.*, 2023 WL 5723248 (C.D. Cal. July 19, 2023) (same); *Cooper v. Siddighi*, 2013 WL 12140988 (C.D. Cal. May 8, 2013) (same); *Willems v. Johnson & Johnson*, 2020 WL 6140301 (C.D. Cal. Apr. 29, 2020) (same); *Jones v. Sanofi US Servs. Inc.*, 2018 WL 6842605 (C.D. Cal. Nov. 19, 2018) (same); *Gray v. Gerber Prod. Co.*, 2012 WL 4051186, at *1-2 (N.D. Cal. Sept. 12, 2012) (granting stay where hearing on Section 1407 motion was "scheduled to take place in one week" and thus any "potential damage" was "minimal").

few weeks, and there are no other pending sweeps actions against UBS.

- ***JPMorgan:*** Two related sweeps cases have been consolidated before Judge Schofield in the Southern District of New York, where JPMorgan is headquartered, and where a leadership application has been pending since October 15. A third JPMorgan sweeps action filed in this District by Edelsberg has been transferred on consent to the Southern District of New York.

- ***Morgan Stanley:*** A sweeps case against Morgan Stanley is pending before Judge Caproni in the Southern District of New York, where Morgan Stanley is headquartered, and where the plaintiffs filed an amended complaint on October 9. A second Morgan Stanley sweeps action filed in the Southern District of New York on October 11 is awaiting acceptance by Judge Caproni as a "related action."

- ***LPL:*** Three related sweeps cases have been consolidated before Judge Robinson in the Southern District of California, where LPL is headquartered, and Interim Co-Lead Counsel has been appointed.

- ***Charles Schwab:*** Three related sweeps cases have been consolidated before Judge Almadani in the Central District of California, and a leadership motion seeking appointment of interim class counsel is pending. A fourth Charles Schwab sweeps action was filed in the Middle District of Florida by Edelsberg, and proposed interim class counsel in Charles Schwab will be seeking transfer of that action to the Central District of California.

- ***Raymond James:*** Two related sweeps cases have been filed, one of which was transferred to Defendants' home jurisdiction in the Middle District of Florida on October 25.

- ***Merrill Lynch:*** Two related sweeps cases have been filed in the Southern District of New York before Judge Caproni and Judge Marrero. Both actions have progressed significantly, with Judge Caproni issuing a decision on the parties' *Daubert* motions on October 11, 2024. A third Merrill Lynch sweeps action was filed by RGRD that same day before Judge Garnett.

These actions are already pending in jurisdictions where their respective defendants are headquartered or in jurisdictions defendants appear to agree are convenient. In each of these sets of cases, the claims turn on the defendants' specific contractual language and customer relationships, and, in some of them, significant merits-related rulings have already been made. Moreover, because of the foregoing, the cases against different sets of defendants do not share overlapping discovery. The only conceivable overlap among these cases are their similar legal claims—but as the text of Section 1407 provides and the JPML has repeatedly held, Section 1407

involves the centralization of cases based on "common questions of ***fact***," 28 U.S.C. § 1407(a), and "transfer is inappropriate in cases involving common legal questions and disparate factual issues." Multidistrict Litig. Manual, § 5:4 (May 2024) (where common issues are "primarily legal in nature . . . the Panel is nearly certain to conclude that transfer is not appropriate" and citing cases); *In re Supplemental Nutrition Assistance Program Litig.*, 619 F. Supp. 3d 1348, 1348-49 (J.P.M.L. 2022) (denying centralization where the principal common questions were "legal rather than factual" and where factual questions were "largely [case]-specific").

Moreover, the JPML has repeatedly viewed applications for "industry-wide" centralization, like the one Brickman requests, with skepticism. *See, e.g., Benzoyl Peroxide*, 2024 WL 3629067, at *2; *Honey Prod.*, 883 F. Supp. 2d at 1333.

The JPML would rightfully view Brickman's Section 1407 motion with such skepticism here, especially because Edelsberg's filing of new sweeps cases, including this one, appears to be part of a pattern of interference by counsel to bypass established leadership processes in ongoing proceedings. Specifically:

- ***Mehlman v. Ameriprise Financial, Inc.*, No. 24-cv-03018 (D. Minn.) (Tunheim, J.)**: On September 20, 2024, following consolidation of two related sweeps cases, counsel for plaintiffs in those cases moved for appointment as interim class counsel and were appointed on October 3. Eleven days after appointment, Edelsberg filed a separate sweeps case bringing overlapping claims against Ameriprise in this District. *Lourenco v. Ameriprise Financial, Inc.*, No. 24-cv-08825 (C.D. Cal.) (Almadani, J.). Interim co-lead counsel have since filed a Consolidated Class Action Complaint in *Mehlman* in accordance with the court-ordered schedule, and will seek transfer of the case before Judge Almadani.

- ***In re JPMorgan Chase Cash Sweep Program*, No. 24-cv-06404 (S.D.N.Y.) (Schofield, J.)**: On September 19, 2024, Edelsberg filed a separate sweeps case bringing overlapping claims in this District against the same JPMorgan defendants that were previously named in a case in the Southern District of New York. *Canales v. JP Morgan Chase & Co.*, No. 24-cv-02018 (C.D. Cal.) (Walter, J.). On October 8, 2024, Judge Schofield consolidated the two related cases before her and set an October 15 deadline for "[a]ny motions or stipulations for the appointment of Interim Class Counsel." Counsel for plaintiffs in the first-filed action moved for appointment as interim class counsel on the deadline. At the same time, counsel for plaintiffs in the first-filed action and Edelsberg held multiple discussions regarding consolidation and transfer of *Canales*, during which Edelsberg rejected plaintiff's proposal that *Canales* consent

to consolidation and declined to agree to transfer. On October 21, defendants moved to transfer *Canales* to the Southern District of New York, which Edelsberg subsequently consented to on October 25. Judge John F. Walter granted defendants' motion to transfer *Canales* to the Southern District of New York on November 1.

- ***In re Charles Schwab Cash Sweep Litigation*, No. 24-cv-7344 (C.D. Cal.) (Almadani, J.)**: Three related sweeps cases were consolidated before Judge Almadani in this District. On October 17, 2024, counsel for plaintiffs in the three earlier-filed lawsuits moved for interim leadership. A week later, Edelsberg filed a separate case bringing overlapping claims against the same Charles Schwab defendants in the Middle District of Florida. *Morris v. Charles Schwab*, No. 24-cv-985 (M.D. Fla.) (Chappell, J.). The proposed counsel in the cases before Judge Almadani will seek transfer of the case in Florida to the Central District of California.

Edelsberg's track record casts further doubt on the merits of the MDL motion—and demonstrates the cases filed in satellite jurisdictions are already in the process of being transferred to the first-filed case courts. Rather than obtain any "efficiencies," centralization of these cases will only serve to complicate separate parallel litigation that is already proceeding in an organized and coordinated fashion. *In re Belviq (Lorcaserin HCI) Prod. Liab. Litig.*, 555 F. Supp. 3d 1369, 1370 (J.P.M.L. 2021) (denying centralization where parties were already coordinating); *Baby Food*, 544 F. Supp. 3d at 1377-78; *Secondary Ticket*, 481 F. Supp. 3d at 1346.

Considering the MDL application's deficiencies on the merits, Wells Plaintiffs respectfully submit that this Court should grant transfer to the Northern District of California, and deny Chakravarthy's request to stay this case based on the pendency of a meritless MDL application. This Court can help ameliorate the prejudice engendered by Edelsberg's filings by transferring this case to Judge Chhabria.[13]

## IV. <u>CONCLUSION</u>

For these reasons, Wells Plaintiffs respectfully request that the Court grant their motion.

---

[13] In the event the Court denies Wells Plaintiffs' motion for intervention, it may nonetheless transfer this case on its own motion. *See Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149, 1159 (C.D. Cal. 2010).

Dated: November 12, 2024

Respectfully submitted,

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

Salvatore J. Graziano*
John Rizio-Hamilton*
Avi Josefson*
Michael D. Blatchley*
Adam H. Wierzbowski*
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
johnr@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com
adam@blbglaw.com

Michael Dell'Angelo*
Alex B. Heller*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
mdellangelo@bm.net
aheller@bm.net

Thomas I. Sheridan, III*
Sona R. Shah*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6404
Facsimile: (212) 257-8482
tsheridan@simmonsfirm.com

sshah@simmonsfirm.com

*Counsel for Proposed Intervenors Keith Bujold, Edward Nadolny, and Darren Cobb*

**pro hac vice* forthcoming