# EXHIBIT H

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI CONRAN, Individually and as Trustee of the Conran Family Trust, on behalf of herself and all others similarly situated,

Plaintiff,

v. Case No: 8:24-cv-2511-KKM-AAS

RAYMOND JAMES FINANCIAL, INC., RAYMOND JAMES FINANCIAL SERVICES ADVISORS, INC., and RAYMOND JAMES FINANCIAL SERVICES, INC.,

Defendants.

---

## ORDER

The parties move under Federal Rule 42 and Local Rule 1.07(b) to consolidate this action with Case No. 8:24-cv-2041-KKM-CPT, *Schmidlin, et al. v. Raymond James Financial, Inc., et al.* Mot. to Consolidate (Doc. 50).

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." Similarly, Local Rule 1.07(b) allows for consolidation if separate actions "present the probability of inefficiency or inconsistency." "[T]he decision to invoke [Rule 42] is entirely within the discretion of the

district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).[1] The Eleventh Circuit has "encouraged trial judges to 'make good use of Rule 42(a) . . . in order to expedite . . . trial and eliminate unnecessary repetition and confusion.' " *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (first omission in the original) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)). In exercising my discretion under Rule 42, I consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alterations in the original) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Consolidation is warranted in the light of these factors. The two putative class actions raise similar issues about the lawfulness of Raymond James's "cash sweep" programs. *See, e.g.*, Schmidlin Compl. (Doc. 1 in 8:24-cv-2041-KKM-CPT) ¶¶ 1–6, 23–49; Conran Compl. (Doc. 1) ¶¶ 21–80. Although the actions are not entirely the same—the complaint in *Schmidlin* alleges two additional claims and the *Conran* action has one less defendant—any inefficiencies that would result will be remedied by a forthcoming

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Case 8:24-cv-02041-KKM-CPT Document 53 Filed 11/14/24 Page 4 of 5 PageID

consolidated complaint "that will control both actions." Mot. to Consolidate at 4. Further, counsel for the plaintiffs in *Conran* and *Schmidlin* have "conferred and agree to work cooperatively to litigate the claims against Defendants on behalf of the purported class." *Id.* at 2–3. Therefore, the parties are correct that "efficiency and consistency are best served" by consolidation. *Id.* at 2.

Accordingly, the following is **ORDERED:**

1. The Unopposed Joint Motion to Consolidate (Doc. 50) Case No. 8:24-cv-2511-KKM-AAS and Case No. 8:24-cv-2041-KKM-CPT is **GRANTED**. The clerk is directed to **CONSOLIDATE** Case No. 8:24-cv-2511-KKM-AAS and Case No. 8:24-cv-2041-KKM-CPT for all further proceedings.
2. This action shall proceed under the lead case No. 8:24-cv-2041-KKM-CPT and all future pleadings shall be filed in that case. Case No. 8:24-cv-2511-KKM-AAS is **ADMINISTRATIVELY CLOSED.**
3. The parties shall identify this action in every paper filed by the case number **8:24-cv-2041-KKM-CPT (Consolidated).**
4. The clerk shall promptly docket in No. 8:24-cv-2041-KKM-CPT a notice of the entry of this order.

5. No later than **November 21, 2024**, counsel for the plaintiffs in this action and No. 8:24-cv-2041-KKM-CPT must file a motion requesting the Court to designate interim lead counsel. *See* FED. R. CIV. P. 23(g)(3).

6. No later than **thirty (30)** days after the Court's order appointing interim lead counsel, the plaintiffs may file a consolidated complaint.

7. No later than **forty-five (45) days** after the plaintiffs file a consolidated complaint, the defendants may file a motion to dismiss. The motion may not exceed a total of **forty (40) pages** in length (including all parts).

8. No later than **forty-five (45) days** after the defendants file a motion to dismiss, the plaintiffs may file a response not exceeding **forty (40) pages** in length (including all parts).

**ORDERED** in Tampa, Florida, on November 14, 2024.

Kathryn Kimball Mizelle
United States District Judge