# Exhibit F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-07344-MRA-E | Date | November 22, 2024 |
| Title | Mary Loughran, et al. v. The Charles Schwab Corporation, et al. | | |

| | |
|---|---|
| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL [ECF 30]**

Before the Court is Plaintiffs' Motion for Appointment of Interim Class Counsel (the "Motion"). ECF 30. Defendants take no position on the Motion.[1] ECF 42. The Court read and considered the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The December 5, 2024, hearing is vacated and removed from the Court's calendar. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiffs Mary Loughran, Rosemary Orlando, and Edward Carr ("Plaintiffs") filed this putative class action against Defendants The Charles Schwab Corporation and Charles Schwab & Co, Inc. ("Defendants" or "Charles Schwab") on August 28, 2024. ECF 1. On October 22, 2024, the Court granted the parties' stipulation to consolidate this matter with two related actions, *Saunders v. The Charles Schwab Corporation, et al.*, No. 2:24-cv-7638-MRA-E, and *Davis, et al. v. The Charles Schwab Corporation, et al.*, No. 2:24-cv-8410-MRA-E. ECF 32. The Court administratively closed *Saunders* and *Davis* and ordered that the file in this case (*Loughran*) shall serve as the Master File for the consolidated action. *Id.* ¶¶ 5, 11.

[1] The Court notes Defendants' objection to Plaintiffs' use of the term "interim *class* counsel," as opposed to "interim *lead* counsel," in part because a class has yet to be certified in the case. ECF 42 at 3 (emphasis added). The Court agrees with Plaintiffs that there is no meaningful legal distinction between these terms. *See* ECF 42 at 3. Plaintiffs seek appointment of interim counsel pursuant to Federal Rule of Civil Procedure 23(g)(3), which contemplates designation of interim counsel "to act on behalf of a putative class before determining whether to certify the class as a class action." That there is a putative, not certified, class is implicit in the term "interim class counsel."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-07344-MRA-E | Date | November 22, 2024 |
|---|---|---|---|
| Title | Mary Loughran, et al. v. The Charles Schwab Corporation, et al. | | |

On October 17, 2024, after the parties in the three related actions entered into a stipulation to consolidate but prior to the Court's ruling on the stipulation, Plaintiffs filed the instant Motion, requesting the appointment of Bernstein Litowitz Berger & Grossman LLP ("BLB&G"), Simmons Hanly Conroy LLP ("SHC"), and Rosca Scarlato LLC ("RS") (collectively, "Proposed Interim Class Counsel") as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). ECF 30. Each firm representing Plaintiffs in the then-related, now-consolidated actions supports the motion and the appointment of Proposed Interim Class Counsel. ECF 30-1 (Rizio-Hamilton, Shah, Rosca Decl.) ¶ 11. Plaintiffs in this action and Plaintiffs Donald Saunders, Michael Davis, and Terrance "TJ" McDonald in the consolidated cases filed a Notice of Non-Opposition on November 19, 2024. ECF 43.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 23(g) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). This rule is designed "to protect the interests of the putative class." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (quoting Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes on 2003 amends.). Appointment of interim class counsel is typically appropriate in cases where "overlapping, duplicative, or competing class suits are pending before a court." *Id.* (citing *Manual of Complex Litigation* § 21.11 (4th ed. 2004)).

In appointing interim class counsel, courts commonly consider the same factors that they consider in appointing class counsel following class certification under Rule 23(g). *See Parkinson v. Hyundai Motor Am.*, No. CV06-2553AHS(MLGX), 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply, however."). These factors include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

The Court has reviewed Plaintiffs' proposal and concludes that Proposed Interim Class Counsel would "fairly and adequately represent the interests of the [putative] class." Fed. R. Civ. P. 23(g)(1)(B). Proposed Interim Class Counsel have undertaken an extensive investigation into Defendants' alleged misconduct, including, *inter alia*, acquiring and reviewing relevant data, consulting with experts, and reviewing client documents. *See* ECF 30-1 ¶ 7. Each member firm of the Proposed Interim Class Counsel has extensive experience litigating class actions and the types of claims asserted, and each has familiarity with the applicable law. BLB&G has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-07344-MRA-E | Date | November 22, 2024 |
| Title | Mary Loughran, et al. v. The Charles Schwab Corporation, et al. | | |

successfully brought numerous class actions against financial institutions on behalf of investors. *See* ECF 30-1 ¶ 12, Ex. A (ECF 30-2). SHC has also handled complex, consumer-protection litigation. *See id.* ¶ 12, Ex. B (ECF 30-3). Although RS was formed in only 2021, its two founding members were previously partners at Goldman, Scarlato & Penny, P.C. ("GSP"). ECF 30 at 18. RS's lawyers have substantial experience litigating class actions and individual cases against stockbrokerage firms and banks. *See* ECF 30-1 ¶ 12, Ex. C (ECF 30-4). Proposed Interim Class Counsel also have the resources required to adequately represent the class on an interim basis. They note that, together, their offices have "truly broad geographic reach." ECF 30 at 21. They can also cumulatively commit substantial trial and appellate resources. *Id.* at 21-22. The member firms have also developed case management protocols to ensure clear divisions of labor. *See* ECF 30-1 ¶ 10.

The Court finds that appointment of Proposed Interim Class Counsel may be necessary to protect the interests of the putative class. The parties advise that this action is now subject to a pending "industry-wide" Multi-District Litigation ("MDL") application filed by a different group of plaintiffs represented by different counsel before the Judicial Panel on Multidistrict Litigation ("JPMDL"). ECF 42 at 2 (citing *In re Cash Sweep Programs Contract Litig.*, MDL No. 3136 (J.P.M.L. Oct. 30, 2024)); ECF 43 at 2-3 (same). Although both parties maintain that the MDL application is meritless, the Court agrees with Plaintiffs that it underscores the propriety of appointing interim class counsel to represent putative class members who specifically hold Charles Schwab accounts. *See* ECF 42 at 2; ECF 43 at 3. Indeed, the MDL application raises the prospect of "overlapping, duplicative, or competing" litigation, *White*, 239 F.R.D. at 683, in which "a number of lawyers may compete for class counsel appointment," *Manual of Complex Litigation* § 21.11 (4th ed. 2004).

## III. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The Court **ORDERS** that counsel for Plaintiffs, Bernstein Litowitz Berger & Grossmann LLP, Simmons Hanly Conroy LLP, and Rosca Scarlato LLC, are appointed Interim Class Counsel in this consolidated action. The parties shall comply with the deadlines in the Court's October 22, 2024, Order. *See* ECF 32 ¶ 10.

**IT IS SO ORDERED.**

\- : -

Initials of Deputy Clerk gga