UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CASH SWEEP PROGRAMS
CONTRACT LITIGATION                                             MDL No. 3136


ORDER DENYING TRANSFER


**Before the Panel**:*  Plaintiffs Safron Capital Corp. and Brickman Investments Inc. move under 28 U.S.C. § 1407 to centralize this litigation regarding the reasonableness of interested earned on deposits to "cash sweep" accounts in the Southern District of New York.  This litigation consists of 27 actions pending in eight districts, as listed on Schedule A.[1]  The parties have notified the Panel of fifteen related actions pending in six districts.

Plaintiffs in four actions on the motion and eleven related actions support centralization in the Southern District of New York.  Plaintiffs in the other 21 actions on the motion, as well as plaintiffs in two related actions, oppose centralization.  Plaintiffs in two of these actions alternatively suggest the Northern District of California as the transferee district.  All responding defendants oppose centralization.[2]

---

* Certain Panel members have interests that normally would disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter.  Accordingly, the Panel invoked the Rule of Necessity, and all Panel members present participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407.  *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353, 1354 n.* (J.P.M.L. 2003); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357–58 (J.P.M.L. 2001).  Judge Matthew F. Kennelly did not participate in the decision of this matter.

[1] There were initially 31 actions listed on the motion.  Two actions were voluntarily dismissed by plaintiffs.  Two more were closed following consolidation for all purposes with another action on the motion and the filing of a consolidated complaint.  Additionally, two actions listed on the motion have been transferred to different districts: *Lourenco* was transferred from the Central District of California to the District of Minnesota; and *Morris* was transferred from the Middle District of Florida to the Central District of California.

[2] The responding defendants include: Ameriprise Financial, Inc.; Ameriprise Enterprise Investment Services Inc., Ameriprise Financial Services, Inc.; Ameriprise Financial Services, LLC; Bank of America Corporation; E*TRADE Securities, LLC; J.P. Morgan Securities LLC; JPMorgan Chase & Co.; LPL Financial LLC; LPL Financial Holdings Inc.; Merrill Lynch, Pierce,

(Continued . . .)

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Defendants in these actions—competing brokerages and other financial services companies—offer "cash sweep" programs to their clients, whereby they automatically transfer free credit balances in a securities account to either a money market mutual fund product or an interest-bearing bank account. *See* 17 C.F.R. § 240.15c3-3(a)(17) (2024). Plaintiffs in each action allege defendants unlawfully enriched themselves by failing to pay or secure "reasonable" cash sweep interest rates on their customers' cash balances. Thus, at a very general level, these actions can be viewed as sharing some common factual questions relating to what constitutes a "reasonable" rate of interest, and the actions generally assert similar causes of action for breach of contract, breach of fiduciary duty, and unjust enrichment.

This superficial commonality breaks down upon closer inspection. Each action is directed to a particular brokerage firm and affiliated firms or banks. There are no multi-defendant actions, and no allegations of collusion among the defendants.[3] Movants argue that what constitutes a "reasonable rate of interest" will be a common factual issue, but this common factual question likely will have defendant-specific answers. These actions involve different cash sweep programs, subject to different contractual terms, different interest rates and fees, different types of financial instruments, different types of customers (*e.g.*, retail investors versus retirement accounts), and different disclosures to those customers.[4]

The minimal factual commonality presented here is not sufficient to justify centralization of an "industry-wide" litigation. "We are typically skeptical of requests to centralize claims filed against multiple defendants who are competitors in a single MDL because it often will not promote judicial efficiency or serve the convenience of the parties and witnesses." *In re Secondary Ticket Mkt. Refund Litig.*, 481 F. Supp. 3d 1345, 1346 (J.P.M.L. 2020). *See also In re Paycheck Prot.*

---

Fenner & Smith Incorporated; Morgan Stanley; Morgan Stanley Smith Barney, LLC; PNC Investments, LLC; The PNC Financial Services Group, Inc.; Raymond James Financial, Inc.; Raymond James Financial Services Advisors, Inc.; Raymond James Financial Services, Inc.; Raymond James & Associates, Inc.; UBS Financial Services Inc.; Wells Fargo & Company; Wells Fargo Bank, N.A.; and Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors, LLC.

[3] One of the related actions (the Southern District of New York *Bertonis* action) involves claims against Morgan Stanley, Merrill Lynch, and Charles Schwab. Notably, however, plaintiff in this action does not allege collusion among these defendants, and he asserts separate claims against each defendant on behalf of separate defendant-specific classes.

[4] Many of the other "common" factual issues identified by movants—such as whether defendants made material misstatements regarding their cash sweep programs—likewise are ultimately defendant-specific questions. Other "common" issues are mostly legal in nature. *Cf. In re Supplemental Nutrition Assistance Program Litig.*, 619 F. Supp. 3d 1348, 1348–49 (J.P.M.L. 2022) (denying centralization where common questions were "legal rather than factual").

*Program (PPP) Agent Fees Litig.*, 481 F. Supp. 3d 1335, 1377 (J.P.M.L. 2020) (denying centralization because the "policies and practices for paying agent fees were unique to each lender which differ significantly across the actions").[5] Here, centralization of claims against competing financial institutions—and the concomitant need to protect against disclosure of confidential information and trade secrets—is likely to complicate pretrial proceedings. In any event, there is little risk of conflicting pretrial rulings in these actions. For instance, the putative classes asserted by plaintiffs are defendant-specific, such that any certification ruling as to one defendant is unlikely to impact certification as to a different defendant class. And because discovery is likely to be defendant-specific, differing pretrial schedules should not be unduly burdensome to the parties and witnesses.

Additionally, "where a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (discussing advantages of Section 1404 transfer over Section 1407 centralization). Here, the actions already are largely organized by defendant in different districts. For example, the actions against the Ameriprise defendants are all pending in the District of Minnesota, the actions against the J.P. Morgan defendants are all in the Southern District of New York, and the actions against Raymond James are all in the Middle District of Florida. Many of the actions within each district have been consolidated, and where actions against a defendant are spread across multiple districts, motions to transfer have been filed. At least two actions already have been transferred. *See supra* n.1. Given the minimal overlapping facts, as well as the potential for an industry-wide MDL to create unnecessary complications that outweigh any potential benefits of centralization, the ongoing self-organization of this litigation on a

---

[5] Movants rely heavily on *In re Checking Account Overdraft Litigation*, 626 F. Supp. 2d 1333 (J.P.M.L. 2009), in which we centralized claims against various national and regional banks that allegedly assessed overdraft fees using a transaction posting process contrary to promises made to accountholders. We do not find *Checking Account Overdraft* a persuasive precedent here. The banks in that litigation allegedly were employing a substantially identical, industry-wide posting practice. *Id.* at 1335. Further:

> [N]o party [to *Checking Account Overdraft*] raised serious concerns regarding the potential scope of the MDL or the logistical and other difficulties that might arise if the litigation expanded, as it did, to include numerous other unrelated financial institutions. And, although the MDL has proceeded successfully under the able supervision of the Honorable James Lawrence King, we note that the Panel, after consulting with Judge King, ceased transferring tag-alongs to it in September 2011. In doing so, the Panel concluded that the continued inflow of new actions "threaten[ed] to significantly hinder the resolution of the already-centralized actions."

*In re Credit Union Checking Acct. Overdraft Litig.*, 158 F. Supp. 3d 1363, 1365 (J.P.M.L. 2016) (quoting *In re Checking Acct. Overdraft Litig.*, 818 F. Supp. 2d 1373, 1374 (J.P.M.L. 2011)).

- 4 -

defendant-specific basis further weighs against centralization.  *Cf.  In re Baby Food Mktg., Sales Pracs. & Prods. Liab. Litig.*, 544 F. Supp. 3d 1375, 1377–78 (J.P.M.L. 2021) ("We believe it is better to allow the parties' attempts to self-organize play out before centralizing any part of this litigation.").

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

                        PANEL ON MULTIDISTRICT LITIGATION

                        Karen K. Caldwell
                        Chair

| | |
|---|---|
| Nathaniel M. Gorton | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

IN RE: CASH SWEEP PROGRAMS
CONTRACT LITIGATION                                              MDL No. 3136

# SCHEDULE A

### Central District of California

LOUGHRAN, ET AL. v. THE CHARLES SCHWAB CORPORATION, ET AL.,
    C.A. No. 2:24−07344
SAUNDERS v. CHARLES SCHWAB & CO., INC., ET AL., C.A. No. 2:24−07638
DAVIS, ET AL. v. THE CHARLES SCHWAB CORPORATION, ET AL.,
    C.A. No. 2:24−08410
CHAKRAVARTHY v. WELLS FARGO & COMPANY, ET AL., C.A. No. 2:24−08831
MORRIS v. THE CHARLES SCHWAB CORPORATIONS, ET AL.,
    C.A. No. 2:24−11010

### Northern District of California

IN RE WELLS FARGO CASH SWEEP LITIGATION, C.A. No. 3:24−04616
NADOLNY v. WELLS FARGO & COMPANY, ET AL., C.A. No. 3:24−04633
VARADY v. WELLS FARGO & COMPANY, ET AL., C.A. No. 3:24−04917
COBB v. WELLS FARGO & COMPANY, ET AL., C.A. No. 3:24−06696

### Southern District of California

PETERS v. LPL FINANCIAL LLC, C.A. No. 3:24−01228
NEVITT v. LPL FINANCIAL HOLDINGS, INC., ET AL., C.A. No. 3:24−01358
WHITE v. LPL FINANCIAL HOLDINGS, INC., ET AL., C.A. No. 3:24−01724

### Middle District of Florida

SCHMIDLIN, ET AL. v. RAYMOND JAMES FINANCIAL, INC., ET AL.,
    C.A. No. 8:24−02041
CONRAN v. RAYMOND JAMES FINANCIAL, INC., ET AL., C.A. No. 8:24−02511

### District of Minnesota

MEHLMAN, ET AL. v. AMERIPRISE FINANCIAL, INC., ET AL.,
    C.A. No. 0:24−03018
LOURENCO v. AMERIPRISE FINANCIAL, INC., ET AL., C.A. No. 0:25−00244

### District of New Jersey

BURMIN, ET AL. v. E*TRADE SECURITIES LLC, ET AL., C.A. No. 2:24−00603

- A2 -

**Southern District of New York**

VALELLY v. MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, C.A. No. 1:19−07998
MCCRARY v. MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, C.A. No. 1:23−10768
ESTATE OF BERNARD J. SHERLIP v. MORGAN STANLEY, ET AL., C.A. No. 1:24−04571
GOLDSMITH v. UBS FINANCIAL SERVICES INC., C.A. No. 1:24−06354
BODEA v. JPMORGAN CHASE & CO., ET AL., C.A. No. 1:24−06404
DAVITT v. UBS FINANCIAL SERVICES INC., C.A. No. 1:24−06692
SAFRON CAPITAL CORP. v. BANK OF AMERICA CORPORATION, ET AL., C.A. No. 1:24−07743
BRICKMAN INVESTMENTS INC. v. WELLS FARGO & COMPANY, ET AL., C.A. No. 1:24−07751
CANALES v. JP MORGAN CHASE AND CO., ET AL., C.A. No. 1:24−08377

**Western District of Pennsylvania**

VALLIN v. PNC INVESTMENTS, LLC, ET AL., C.A. No. 2:24−01295